

SUTTON SACHS MEYER PLLC
14 Penn Plaza, Suite 1315, New York, NY 10122
tel: (212) 480-4350 | fax: (212) 480-4351 | www.ssm.law

*Via* ECF

Hon. John G. Koeltl
United States Courthouse
500 Pearl Street, Room 14A
New York, NY 10007

   Re: Response to Rule II(B) Pre-Motion Conference Letter
     Espire Ads LLC, *et. al.* v. TAPP Influencers Corp., *et. al.*
     Civil Action No. 21-cv-10623 (JGK)

Your Honor:

  We hope this finds you well. Please be advised that this firm represents all plaintiffs in the above-captioned matter. We write in opposition to defendants' Rule II(B) pre-motion conference letter dated January 16th, 2022 [ECF Dkt. 21] seeking leave to file a dispositive motion, which plaintiffs summarily oppose as meritless upon the grounds set forth below.

  Preliminarily, defendants' potential capacity argument is entirely preempted by, *inter alia*, Fed. R. Civ. P. 17(b)(3)(A), and further, New York's "door closing statute" does not apply in Courts of the United States where, as here, exercising federal question jurisdiction, or where, as here, where plaintiffs' business activities are not "systematic and regular", but rather, "incidental to interstate commerce".[1]

  With respect to defendants' potential failure to state a claim argument – aside from the fact that each of the thirty-nine (39) claims are well-plead – defendants have failed to articulate which, if any, of such claims are purportedly deficient.

  Likewise, with respect to defendants' potential "bunching" argument – aside from the fact that the claims against individual defendants are carefully separated out from the purportedly "bunched" claims – such allegations against multiple persons and/or entities are proper for the concerted actions of such defendants; such "bunching" is even more proper with respect to the RICO and anti-trust claims, which *per se* require such "bunching".

  With respect to defendants' potential documentary evidence argument, in full compliance with Fed. R. Civ. P. 11, plaintiffs are in possession of documents and other information directly contrary to the contentions advanced by defendants which likewise substantiate plaintiffs' claims,

---

[1] Even if, *arguendo*, defendants met their burden of proving plaintiff ESPIRE ADS LLC is doing business "systematically and regularly", the appropriate response to a BCL § 1312 violation is a conditional dismissal or stay until registration. *See e.g. S&K Sales Co. v. Nike, Inc.*, 816 F.2d 843 (2d Cir. 1987) (citing *Tri-Terminal Corp. v. CITC Indus., Inc.*, 78 AD2d 609 (1st Dep't 1980).

Case 1:21-cv-10623-JGK   Document 22   Filed 01/17/22   Page 2 of 2
Response to Rule II(B) Pre-Motion Conference Letter
Espire Ads LLC, *et. al.* v. TAPP Influencers, Inc., *et. al.*
Civil Action No. 21-cv-10623 (JGK)

as the subject agreement was effectuated, and whereas the agreement in force was never rescinded. Moreover, it is entirely implausible that defendants will be able to demonstrate dismissal in a hyper-fact-sensitive matter requiring expert technical analysis concerning software coding.

Finally, with respect to defendants' potential personal jurisdiction argument over persons and entities beyond the State of New York, defendants have accepted service of process and waived any arguments concerning service of process through a Stipulation accepting service of process on behalf of all defendants [ECF Dkt. 20, at ¶ 1], and further, each of the out-of-state individual co-defendants were joined as a result of, *inter alia*, their contributions to corporate defendant TAPP INFLUENCERS CORP., a corporation organized under the laws of the State of New York with a principal office located therein. Moreover, the restrictive covenants insofar as protecting plaintiffs' intellectual property are entirely enforceable against former agents.

For the foregoing reasons, plaintiffs respectfully oppose defendants' Rule II(B) pre-motion conference request.

Dated:     New York, New York
           January 17th, 2022

                                        Best regards,
                                        **SUTTON SACHS MEYER PLLC**
                                        *Attorneys for Plaintiffs*

                                        Zachary G. Meyer, Esq.
                                        Zachary G. Meyer, Esq.
                                        14 Penn Plaza, Suite 1315
                                        New York, NY 10122
                                        t. (212) 480-4357
                                        e. Zachary@ssm.law