# RICHARD HERZFELD, P.C.
## 112 MADISON AVENUE, 8TH FLOOR
## NEW YORK, N.Y.  10016

212-818-9019 telephone          rherzfeld@herzfeldlaw.com          Of Counsel
212-391-9025 facsimile                                              Einbinder & Dunn, LLP

January 18, 2022

Hon. John G. Koetl
United States District Court Judge
U. S. District Court
500 Pearl Street
New York, NY 10007 - 1312

    Re:  Espire Ads, LLC et al v. TAPP Influencers Corp. et. al., 21-cv-10623-JGK

Dear Judge Koetl:

    We represent defendants in this action and this letter is in response to plaintiffs' objections to a conference to discuss defendants' anticipated motion to dismiss and/or summary judgment based upon documentary evidence.

    Plaintiffs complain that there is insufficient detail to merit a conference. To the contrary, the request is quite specific as to defendants' intentions.  Given the number of causes of actions and the issues which will be raised, to go into the detail plaintiffs' demand would require a brief to secure permission to file the motion and we doubt that is what the court requires.  As indicated in our request, if the court requires additional detail, we are more than happy to provide it.

    In the interim, to expand upon the issues, we intend to move to dismiss for lack of personal jurisdiction over Emert and Kastner. This is not a motion with respect to service, we have accepted service. This concerns that lack of contact of defendants with New York and a forum selection clause in at least one of the agreements which Espire sues on.

    We will move to dismiss based on a lack of capacity where Espire originally operated in New York but failed to register or pay taxes.

    We intend to move to dismiss all causes of action founded on the purported agreement between Navarro and Forkosh where the agreement was never effectuated, Navarro misrepresented her ability to fulfill her commitments and the parties agreed to its rescission.

**RICHARD L. HERZFELD, P.C.**

Hon. John G. Koetl
January 18, 2022
Page 2

    We intend to move to dismiss the trade secret causes of action based upon, inter alia, a lack of factual detail as to the alleged secrets, steps taken to maintain the secrecy of any alleged secrets and documentary proof that whatever secrets Espire does claim as its own were actually originated with defendants and were converted by Navarro, a former employee of Blu Market, when Navarro left Blu Market.

    Similarly, we will move to dismiss the tortious interference claims based on the inadequacy of the factual recitation, including the failure to set forth exactly what was done, by whom and what relationships had been interfered with.

    The antitrust, RICO, CFAA, DTSA and copyright causes of action also lack adequate factual foundation and fail to make out the requisite elements of the statutory causes of action. Several of the state common law causes of action must be dismissed as either lacking sufficient factual allegations and/or duplicative of other claims.

    We reserve the right to exapnd upon the foregoing after further investigation and research. If the court requires legal analysis in advance, it certainly can be provided.

                                Respectfully,

                                *Richard L. Herzfeld*
                                RICHARD L. HERZFELD

cc via ECF: Zachary Meyer, Esq.