**UNITED STATES DISTRICT COURT:**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESPIRE ADS LLC, THE BLU MARKET, INC., *ex rel.* LISA NAVARRO, THE BLU MARKET LLC, *ex rel.* LISA NAVARRO, and LISA NAVARRO individually, | Civil Action No.:  21-cv-10623 (JKG)<br>Hon. John G. Koeltl<br>ECF Case |
| *Plaintiffs*, | |
| v. | **FIRST AMENDED VERIFIED COMPLAINT** |
| TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, and JUSTIN EMERT, | **TRIAL BY JURY DEMANDED** |
| *Defendants.* | |

Plaintiffs ESPIRE ADS LLC, THE BLU MARKET, INC., *ex rel.* LISA NAVARRO, THE BLU MARKET LLC, *ex rel.* LISA NAVARRO, and LISA NAVARRO individually (jointly, "Plaintiffs"), by and through their attorneys, SUTTON SACHS MEYER PLLC, as and for their Verified Complaint against defendants TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, and JUSTIN EMERT (jointly, "Defendants"), hereby alleges the following upon information and belief.

## PRELIMINARY STATEMENT

1.      Primarily, plaintiff ESPIRE ADS LLC ("Espire") brings this action seeking damages and injunctive relief to prevent continuing inflicted irreparable harm as a result of, *inter alia*, violations of: (A) the "Defend Trade Secrets Act" of 2016 [18 U.S.C. §§ 1831, *et seq.*] ("DTSA"), comprising trade secret misappropriation, tortious interference with Espire's business, unfair competition, and myriad intentional and willful breaches of contract; (B) the "Racketeer Influenced & Corrupt Organizations Act" of 1970 [18 U.S.C. §§ 1962, *et seq.*] ("RICO"), in

engineering a "mafia-style" protection racket to influencer users of Espire's platform, wherein protection was sold for a fee to users of Espire's platform from malicious software and/or other deliberate, continuous, and systematic conduct resulting in demonstrably false content violation reports on third-party social media platforms targeted at Espire's influencer users, which harms Espire's business, revenues, and goodwill by coercively diverting users away from Espire's platform and undermines the efficacy of Espire's marketing campaigns; (C) the "Computer Fraud & Abuse Act" of 1986 [18 U.S.C. §§ 1030, *et seq.*] ("CFAA") in accessing Espire's protected computers in the absence of authorization and/or in excess of authorized access, inflicting damages thereon; (D) the "Sherman Anti-Trust Act" of 1890 [15 U.S.C. §§ 1, *et seq.*] and New York's "Donnelly Act" of 1899 [New York General Business Law ("GBL") §§ 340-47] for said anti-competitive conduct; and (E) the "Copyright Act of 1976" [17 U.S.C. §§ 101, *et seq.*] for direct and contributory infringement of Espire's mobile and web application source code.

2.      Supplementally, plaintiff LISA NAVARRO individually brings this action against defendants TAPP INFLUENCERS CORP., THE BLU MARKET, INC., THE BLUE MARKET LLC, and STEVEN FORKOSH arising out of a "Joint Venture Agreement" dated August 28th, 2020 ("JV Agreement") whereunder plaintiff LISA NAVARRO acquired a fifty-percent (50%) interest in defendants THE BLU MARKET, INC., and THE BLUE MARKET LLC (jointly, "Blu"), whereafter, defendant STEVEN FORKOSH fraudulently conveyed, assigned, or transferred Blu's business assets to defendant TAPP INFLUENCERS CORP. in an intentional effort as to deprive plaintiff LISA NAVARRO of the benefits of the JV Agreement, wherefore plaintiff LISA NAVARRO is entitled to, *inter alia*, damages, equitable relief, and judicial declarations summarily adjudicating her a fifty-percent interest holder in defendant TAPP INFLUENCERS CORP. pursuant to New York's Debtor & Creditor Law ("DCL") §§ 270, *et seq.*, or in the alternative, voiding the transfer of Blu's assets.

3.      Likewise, in the alternative, piercing the corporate veil of defendant TAPP INFLUENCERS CORP. to reach the assets of its' alter ego – defendant TAPP MARKET INFLUENCERS LLC – as upon information and belief, defendant TAPP MARKET INFLUENCERS LLC was organized to continue perpetuating the fraud inflicted upon plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO, and to insulate from the consequences of such tortious conduct.

4.      Relatedly, plaintiff LISA NAVARRO brings this action both individually and *ex rel*. Blu against Blu and defendant STEVEN FORKOSH – Blu's respective chief officer and managing-member – for abdicating his fiduciary obligations to Blu in utilizing defendant TAPP INFLUENCERS CORP. to usurp Blu's corporate opportunities, for breaching the JV Agreement, and for undertaking corporate actions on behalf of Blu without a majority vote.

## JURSIDICTION & VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claims brought under the "Defend Trade Secrets Act" under 18 U.S.C. § 1336(c), the "Racketeer Influenced & Corrupt Organizations Act" under 18 U.S.C. § 1965, the "Computer Fraud & Abuse Act" under 18 U.S.C. § 1030(g), the "Copyright Act" under 28 U.S.C. § 1338, the "Sherman Anti-Trust Act" under 15 U.S.C. § 4, and over Plaintiffs' remaining state substantive claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue properly lies within the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§1391(b)-(c), since the Southern District of New York is the judicial district in which Defendants may be found, resides, transact business, and/or subject to *in personam* jurisdiction, as well as the judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## THE PARTIES

7.      Plaintiff ESPIRE ADS LLC is a Delaware limited liability company organized on May 11th, 2015, with a principal place of business located at 3610 Central Avenue, Riverside CA 92506 and an appointed registered agent address of 221 N. Broad St., Ste. 3A, New Castle, DE 19709.

8.      Plaintiff LISA NAVARRO is a natural person and domiciliary of the State of California residing in the County of Riverside, as well as the managing-member of plaintiff ESPIRE ADS LLC.

9.      Defendant TAPP INFLUENCERS CORP. is a New York corporation, incorporated on September 25th, 2020, with a principal place of business located at 400 Broome Street, 11th Floor, New York, NY 10013.

10.     Defendant TAPP MARKET INFLUENCERS LLC is a New York limited liability company organized on June 28th, 2021, with a principal place of business located at 400 Broome Street, 11th Floor, New York, NY 10013.

11.     Defendant THE BLU MARKET, INC. is a New York corporation with a principal place of business located at 400 Broome Street, 11th Floor, New York, NY 10013.

12.     Defendant THE BLU MARKET LLC is a Delaware limited liability company listing a registered agent service address of c/o Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.

13.     Defendant STEVEN FORKOSH is a natural person and domiciliary of the State of New York, with a residential address of 117 East 57th Street, Apt. 31H, New York, NY 10022, and a business address of 400 Broome Street, 11th Floor, New York, NY 10013.

14.     Defendant BRENNAN KASTNER is a natural person with a last-known business address of 400 Broome Street, 11th Floor, New York, NY 10013.

15.     Defendant JUSTIN EMERT is a natural person with a last-known business address of 400 Broome Street, 11th Floor, New York, NY 10013.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Plaintiff ESIPRE ADS LLC.**

16.     Plaintiff ESIPRE ADS LLC is an influencer social network and management company with proprietary mobile and web applications, which monetizes influencers to generate revenue by connecting influencers with consumer brands seeking influencer social media marketing and promotion over platforms to affect purchasing decisions of others through conduct creating product awareness including, *inter alia*, product promotion, contests, giveaways, and other such marketing activities broadcasted to an influencer's social media followers, whereas plaintiff ESPIRE ADS LLC's clients consist of, *inter alia*, marketing companies, direct consumer brands, and other such media-buyer companies..

17.     Prior to the events described herein, plaintiff ESPIRE ADS LLC's annual revenues exceeded three million USD ($3,000,000.00), with a conservative market valuation of USD ($15,000,000.00) based upon a four million five hundred thousand USD ($4,500,000.00) equity purchase offer for thirty percent (30%).

18.     Prior to the events described herein, plaintiff ESPIRE ADS LLC's platform was utilized by many prominent influencers, including, *inter alia*, non-parties JASON SAMDENI, ANILISE ARIAS, MICHAEL SISTO, MAX NICOLS, TANVIR RAHMIN, MIGUEL MAYA, BLENDI COLETI, CONNER WILSON, JOSE BANUELOS, JEREMY RIVERA, MICHAEL RANTISI, MENICE CATUK, CHRIS MURRAY, NATHAN ASHFIELD, FAISAL SHAFIQ, @HAUNTINGS, and @PHOTOSHOP.PRANKED.

19.     Plaintiff ESPIRE ADS LLC's ability to obtain business and revenue from existing and new clients is dependent upon the exclusive uses by its employees and agents of proprietary

and confidential information pertaining to, *inter alia*, source code, marketing plans, client compilations, influencer compilations, programs, software applications, software platforms as well as serving client needs through specified methods, techniques, processes, and procedures, and other such information not generally known to the public from which plaintiff ESPIRE ADS LLC derives independent economic value, constituting plaintiff ESPIRE ADS LLC's trade secrets as defined by 18 U.S.C. § 1839(3).

20.     Plaintiff ESPIRE ADS LLC has made every effort to maintain the confidentiality of its trade secrets by, *inter alia*, utilizing myriad confidentiality agreements and non-disclosure agreements to, *inter alia*, partners, employees, and contractors as an express condition precedent to revealing such trade secrets, as well as, *inter alia*, storing all pertinent code in a secure cloud-based server, utilization of computer and software passwords, and working in an office that has visitor control systems, locked door access, and overnight security personnel.

21.     By way of a July 26th, 2017 amended and restated operating agreement, plaintiff LISA NAVARRO and defendant JUSTIN EMERT held membership interests in plaintiff ESPIRE ADS LLC, which bound each to restrictive covenants, including, *inter alia*, non-competition, non-solicitation, confidentiality, and indemnification, wherein plaintiff LISA NAVARRO was denominated the chief executive officer, and wherein defendant JUSTIN EMERT was denominated the chief marketing officer, later ascending to the role of chief operating officer, overseeing plaintiff ESPIRE ADS LLC's day-to-day operations.

22.     Accordingly, defendant JUSTIN EMERT had unfettered access to, *inter alia*, plaintiff ESPIRE ADS LLC's trade secrets and other such confidential and proprietary information, including, *inter alia*, proprietary source code, software, algorithms, server data, and other such intellectual property, pricing and cost information, customer lists, influencer lists, business relationships, as well as proprietary systems and methods of generating revenue.

23.     Thus, defendant JUSTIN EMERT owed plaintiff ESPIRE ADS LLC common law and fiduciary duties of undivided loyalty and good faith.

24.     Plaintiff ESPIRE ADS LLC took reasonable measures to protect its confidential information from defendant JUSTIN EMERT's intentional dissemination thereof through, *inter alia*, restrictive covenants concerning disclosure, solicitation, and circumvention.

25.     By way of "Independent Contractor Agreement" dated May 18th, 2020 ("Developer Agreement"), plaintiff ESPIRE ADS LLC retained defendant BRENNAN KASTNER on a "work-made-for-hire" basis to perform professional information technology services including, *inter alia*, creating proprietary source code for web development, app development, management, and maintenance of plaintiff ESPIRE ADS LLC's technological assets, which similarly bound defendant BRENNAN KASTNER to restrictive covenants, including, *inter alia*, non-competition, non-solicitation, confidentiality, non-disclosure, and indemnification.

26.     Accordingly, defendant BRENNAN KASTNER had unfettered access to, *inter alia*, plaintiff ESPIRE ADS LLC's trade secrets and other such confidential and proprietary information, including, *inter alia*, proprietary source code, software, algorithms, server data, and other such intellectual property, pricing and cost information, customer lists, influencer lists, business relationships, as well as proprietary systems and methods of generating revenue.

27.     Likewise, Plaintiff ESPIRE ADS LLC took reasonable measures to protect its confidential information and trade secrets from defendant BRENNAN KASTNER's intentional dissemination through, *inter alia*, restrictive covenants concerning disclosure, solicitation, and circumvention.

**B.     Defendant THE BLU MARKET, INC. & Defendant THE BLU MARKET LLC.**

28.     Defendants THE BLU MARKET, INC. and THE BLU MARKET LLC are influencer social network and management companies and alter egos of one another, monetizing

influencers by connecting them with consumer brands seeking influencer marketing and promotion.

29.     Defendant STEVEN FORKOSH is an officer, director, member, and/or majority equity holder of each of defendants THE BLU MARKET, INC. and THE BLU MARKET LLC.

30.     By virtue of the JV Agreement, each of defendant THE BLU MARKET, INC. and defendant THE BLU MARKET LLC have largely been inactive since August of 2020.

**C.     The Joint Venture Agreement.**

31.     Upon information and belief, throughout the period of 2018 through early 2020, defendant STEVEN FORKOSH became interested in plaintiff ESPIRE ADS LLC's business after ascertaining plaintiff ESPIRE ADS LLC's relative exponential growth and market dominance.

32.     As such, upon information and belief, in early 2020, defendant STEVEN FORKOSH began professionally courting plaintiff LISA NAVARRO, seeking an equity interest in plaintiff ESPIRE ADS LLC and/or joint venture between plaintiff ESPIRE ADS LLC and Blu, whereupon defendant STEVEN FORKOSH drafted and presented the JV Agreement to plaintiff LISA NAVARRO.

33.     As such, on August 29th, 2020, the JV Agreement was consummated, whereunder plaintiff LISA NAVARRO acquired a fifty-percent (50%) interest in the Blu defendants, and whereunder defendant STEVEN FOSKOSH acquired a fifty-percent (50%) interest in plaintiff ESPIRE ADS LLC.

34.     By virtue of the JV Agreement, defendant STEVEN FORKOSH owed plaintiff ESPIRE ADS LLC common law and fiduciary duties of undivided loyalty and good faith.

35.     Under the access granted to defendant STEVEN FORKOSH *via* the JV Agreement, defendant STEVEN FORKOSH had unfettered access to, *inter alia*, plaintiff ESPIRE ADS LLC's trade secrets and other such confidential and proprietary information, including, *inter alia*,

proprietary source code, software, algorithms, server data, and other such intellectual property, pricing and cost information, customer lists, influencer lists, business relationships, and employee relationships, as well as proprietary systems and methods of generating revenue.

36.     Thus, under the JV Agreement, each of plaintiff LISA NAVARRO and defendant STEVEN FORKOSH mutually entered into restrictive covenants for a period of no less than one (1) year barring: direct or indirect business solicitation, direct or indirect ownership of competing businesses, informational disclosure, employee and vendor employment solicitation, and transfer restrictions which expressly survive termination of the JV Agreement.

37.     Moreover, plaintiff ESPIRE ADS LLC took reasonable measures to protect its confidential information from defendant STEVEN FORKOSH's intentional dissemination thereof through, *inter alia*, restrictive covenants concerning disclosure, solicitation, and circumvention.

38.     Furthermore, under the JV Agreement, defendant STEVEN FORKOSH was bound to treat plaintiff ESPIRE ADS LLC's confidential and proprietary business information as property of plaintiff ESPIRE ADS LLC, and thus, was prohibited from disclosure of such information to third-parties or from defendant STEVEN FORKOSH using plaintiff ESPIRE ADS LLC's confidential information on his own account or on account of other such third-parties, firms, and/or entities to harm plaintiff ESPIRE ADS LLC's business, and/or benefit defendant STEVEN FORKOSH using plaintiff ESPIRE ADS LLC's confidential and proprietary business information to solicit plaintiff ESPIRE ADS LLC's clients and prospects.

**D.     Defendant TAPP INFLUENCERS CORP.**

39.     Notwithstanding the JV Agreement's explicit restrictive covenants from, *inter alia*, direct or indirect competition with plaintiff ESPIRE ADS LLC, and/or solicitation of plaintiff ESPIRE ADS LLC's customers, employees, and vendors, on September 25th, 2020, less than one (1) month after executing the JV Agreement, defendant STEVEN FORKOSH, in conjunction with

other individuals, incorporated defendant TAPP INFLUENCERS CORP.

40.     Defendant TAPP INFLUENCERS CORP. is an influencer social network and management company, monetizing influencers by connecting them with consumer brands seeking influencer marketing and promotion through mobile and web applications, wherefore defendant TAPP INFLUENCERS CORP. is a directly competing business with plaintiff ESPIRE ADS LLC.

41.     Thus, upon information and belief, defendant STEVEN FORKOSH was the promoter of defendant TAPP INFLUENCERS CORP., and is a shareholder, director, officer, employee, and/or agent of defendant TAPP INFLUENCERS CORP.

42.     Thus, in breach of the JV Agreement, defendant STEVEN FORKOSH was explicitly prohibited from competing directly with plaintiff ESPIRE ADS LLC, either directly or indirectly, by joining, participating, and/or having any ownership interest therein, including managerial or operational control thereof.

43.     Upon information and belief, defendant JUSTIN EMERT is a shareholder, director, officer, employee, and/or agent of defendant TAPP INFLUENCERS CORP.

44.     Upon information and belief, defendant BRENNAN KASTNER is a shareholder, director, officer, employee, and/or agent of defendant TAPP INFLUENCERS CORP.

45.     Upon information and belief, defendant STEVEN FORKOSH solicited defendant JUSTIN EMERT to join defendant TAPP INFLUENCERS CORP. while both defendant STEVEN FORKOSH and defendant JUSTIN EMERT were working together at plaintiff ESPIRE ADS LLC in direct contravention of the JV Agreement.

46.     Upon information and belief, defendant STEVEN FORKOSH succeeded in soliciting for employment at defendant TAPP INFLUENCERS CORP., and/or otherwise influenced and/or altered the relationship by and between plaintiff ESPIRE ADS LLC and defendant JUSTIN EMERT in direct contravention of the JV Agreement.

47.     As such, upon information and belief, as of the date hereof, defendant JUSTIN EMERT is an owner, director, officer, employee, and/or contractor at defendant TAPP INFLUENCERS CORP.

48.     Upon information and belief, defendant STEVEN FORKOSH solicited defendant BRENNAN KASTNER to join defendant TAPP INFLUENCERS CORP. while both defendant STEVEN FORKOSH and defendant BRENNAN KASTNER were working together at plaintiff ESPIRE ADS LLC in direct contravention of the JV Agreement.

49.     Upon information and belief, defendant STEVEN FORKOSH succeeded in soliciting for employment at defendant TAPP INFLUENCERS CORP., and/or otherwise influenced and/or altered the relationship by and between plaintiff ESPIRE ADS LLC and defendant BRENNAN KASTNER in direct contravention of the JV Agreement.

50.     As such, upon information and belief, as of the date hereof, defendant BRENNAN KASTNER is an owner, director, officer, employee, and/or contractor at defendant TAPP INFLUENCERS CORP.

51.     Thereafter, without authorization or consent of plaintiff ESPIRE ADS LLC and at the direction of defendant TAPP INFLUENCERS CORP. and/or defendant STEVEN FORKOSH for financial benefit, defendant BRENNAN KASTNER, *inter alia*, unlawfully converted, misappropriated, and utilized plaintiff ESPIRE ADS LLC's mobile and web application source code and other such code elements to develop defendant TAPP INFLUENCERS CORP.'s mobile and web application source code.

52.     Indeed, the system administrator for defendant TAPP INFLUENCERS CORP.'s mobile and web applications is "kast" – the programmer constant – is defendant BRENNAN KASTNER, whom, without authorization or consent of plaintiff ESPIRE ADS LLC and at the direction of defendant TAPP INFLUENCERS CORP. and/or defendant STEVEN FORKOSH for

financial benefit, unlawfully converted and misappropriated plaintiff ESPIRE ADS LLC's mobile and web applications source code to write the source code for defendant TAPP INFLUENCERS CORP.'s mobile and web applications.

53.    Likewise, defendant BRENNAN KASTNER's programmer constant "kast" tag network assignment appears in plaintiff ESPIRE ADS LLC's source code as "<script type= "text/javscript"> const kast = {networkSlug: 'espire'}", whereas defendant BRENNAN KASTNER's programmer constant "kast" tag network assignment appears defendant TAPP INFLUENCERS CORP.'s source code as "<script type="text/javscript"> const kast = {networkSlug: 'tappco'}".

54.    As such, defendant BRENNAN KASTNER unlawfully converted and misappropriated plaintiff ESPIRE ADS LLC's trade secrets on behalf of defendant TAPP INFLUENCERS CORP. by copying functions and source code, including, *inter alia*, JavaScript, CSS, HTML, as well as  the "base.html" source code, the "login.html" source code, the "site.js" source code, as well as the "authentication" and "dynamicSpacing" functions.

55.    Resultantly, defendant TAPP INFLUENCERS CORP.'s mobile and web application source code are near verbatim to that of plaintiff ESPIRE ADS LLC's mobile and web application source code, wherefore defendant TAPP INFLUENCERS CORP.'s similarities to the mobile and web application source code of plaintiff ESPIRE ADS LLC are nearly statistically impossible to occur naturally, even if written by the same developers.

56.    Indeed, portions of defendant TAPP INFLUENCERS CORP.'s CSS "dashboard", "login-card", and "dynamicSpacing" are improbably identical to that of plaintiff ESPIRE ADS LLC, save for minor color changes, including character-for-character, word-for-word, and class-for-class identicality in each, with identical indentations, line breaks, and spacing.

57.    Furthermore, except for the "company name" and "dashboard title", so much of

defendant TAPP INFLUENCERS CORP.'s "Dashboard login screen" is pixel-for-pixel identical to that of plaintiff ESPIRE ADS LLC, as are the colors, the lone animation, the field widths, button sizes, and icons without so much as a micrometer in difference.

58.     As such, defendant TAPP INFLUENCERS CORP. and defendant STEVEN FORKOSH, in concert with others, including, *inter alia*, defendant BRENNAN KASTNER and/or defendant JUSTIN EMERT, unlawfully converted and otherwise stole plaintiff ESPIRE ADS LLC's source code powering plaintiff ESPIRE ADS LLC's web and mobile applications and software in generating and operating defendant TAPP INFLUENCERS CORP.'s web and mobile applications, as well as unlawfully converted plaintiff ESPIRE ADS LLC's proprietary and confidential information including, *inter alia*, customer lists and influencer lists.

59.     Upon information and belief, defendant STEVEN FORKOSH, in concert with others, including, *inter alia*, defendant BRENNAN KASTNER and defendant JUSTIN EMERT, on behalf of defendant TAPP INFLUENCER CORP., are using plaintiff ESPIRE ADS LLC's source code and software, as well as plaintiff ESPIRE ADS LLC's proprietary and confidential information including, *inter alia*, customer lists and influencer lists to directly compete with plaintiff ESPIRE ADS LLC.

60.     Upon information and belief, defendant STEVEN FORKOSH, in concert with others, including, *inter alia*, defendant BRENNAN KASTNER and defendant JUSTIN EMERT, on behalf of defendant TAPP INFLUENCER CORP., are using plaintiff ESPIRE ADS LLC's proprietary and confidential information including, *inter alia*, customer lists and influencer lists, in an effort to actively solicit plaintiff ESPIRE ADS LLC's specific customers and influencers to sever their relationship with plaintiff ESPIRE ADS LLC and utilize defendant TAPP INFLUENCERS CORP. through demonstrably false assertions that plaintiff ESPIRE ADS LLC is, *inter alia*, defrauding clients, refusing to pay influencers, and converted Blu's software and

other such intellectual property.

61.     Likewise, upon information and belief, defendant TAPP INFLUENCERS CORP., intentionally and maliciously interfered with plaintiff ESPIRE ADS LLC's deal to sell a thirty percent (30%) equity stake to non-party FLUENT, LLC, plaintiff ESPIRE ADS LLC's largest client.

62.     By and through plaintiff ESPIRE ADS LLC's stolen source code, defendant TAPP INFLUENCERS CORP. maliciously engaged in a course of conduct and/or created derivative software which automatically directly targeted plaintiff ESPIRE ADS LLC's influencers and their social media posts for repeated false platform content violations in an effort to harm the business efforts and goodwill of plaintiff ESPIRE ADS LLC by removing marketing campaigns from social media platforms in an effort to undermine plaintiff ESPIRE ADS LLC's efficacy to clients, to incentivize plaintiff ESPIRE ADS LLC's influencers to switch to defendant TAPP INFLUENCERS CORP.'s platform, and to otherwise fiscally harm plaintiff ESPIRE ADS LLC.

63.     Additionally, upon information and belief, defendant TAPP INFLUENCERS CORP. created and sold a "protection" racket directly to numerous influencers utilizing plaintiff ESPIRE ADS LLC's platform, wherein influencers purchasing defendant TAPP INFLUENCERS CORP.'s "shield" would be immune to defendant TAPP INFLUENCERS CORP.'s malicious course of conduct and/or software, and direct targeting of such influencer would cease; defendant TAPP INFLUENCERS CORP.'s shield was solicited to, *inter alia*, non-parties JASON SAMDENI, ANILISE ARIAS, MICHAEL SISTO, MAX NICOLS, TANVIR RAHMIN, MIGUEL MAYA, BLENDI COLETI, CONNER WILSON, JOSE BANUELOS, JEREMY RIVERA, MICHAEL RANTISI, MENICE CATUK, CHRIS MURRAY, NATHAN ASHFIELD, FAISAL SHAFIQ, @HAUNTINGS, and @PHOTOSHOP.PRANKED.

E.      **Defendants Hack Plaintiff ESPIRE ADS LLC.**

64.     In the Summer of 2021, it was discovered that business-sensitive data and code stored on plaintiff ESPIRE ADS LLC's protected computers and servers were remotely accessed, wherein certain offers and promotional marketing campaigns featured on plaintiff ESPIRE ADS LLC's web and mobile applications were inexplicably modified without the authorization of either plaintiff ESPIRE ADS LLC or plaintiff LISA NAVARRO, which harms plaintiff ESPIRE ADS LLC by straining relationships and undermining goodwill with advertisers – clients of plaintiff ESPIRE ADS LLC – by undermining the efficacy of marketing and promotional campaigns lead by plaintiff ESPIRE ADS LLC.

65.     An internal investigation thereof revealed that in the Summer of 2021, a user from tapp.co with an IP address of 24.154.57.70 and a geolocation of the City and State of New York logged into the administrator area of plaintiff ESPIRE ADS LLC's server multiple times, where it was discovered that in addition to multiple offers and promotional marketing campaigns were modified, web traffic was diverted and redirected away from plaintiff ESPIRE ADS LLC, and URLs were changed by adding random letters and/or numbers which prevents users from accessing the correct and intended pages.

66.     Upon information and belief, defendant STEVEN FORKOSH, in concert with others, including, *inter alia*, defendant BRENNAN KASTNER and defendant JUSTIN EMERT, intentionally, accessed plaintiff ESPIRE ADS LLC's protected computers and servers without authorization and/or exceeding authorized access to obtain information, causing irreparable damage and loss to plaintiff ESPIRE ADS LLC of at least five thousand USD ($5,000.00) during a one-year period.

67.     Upon information and belief, defendant STEVEN FORKOSH, in concert with others, including, *inter alia*, defendant BRENNAN KASTNER and defendant JUSTIN EMERT,

knowingly and with an intent to defraud, accessed plaintiff ESPIRE ADS LLC's protected computers and servers without authorization and/or exceeding authorized access to obtain things of value and/or to further a fraud, causing irreparapble damage and loss to plaintiff ESPIRE ADS LLC of at least five thousand USD ($5,000.00) during a one-year period.

68.     Upon information and belief, defendant STEVEN FORKOSH, in concert with others, including, *inter alia*, defendant BRENNAN KASTNER and defendant JUSTIN EMERT, knowingly and intentionally, accessed plaintiff ESPIRE ADS LLC's protected computers and servers without authorization caused the transmission of a program, information, code, or other command causing irreparable damage and loss to plaintiff ESPIRE ADS LLC of at least five thousand USD ($5,000.00) during a one-year period.

## F.   Defendant STEVEN FORKOSH's Fraudulent Conveyance of Blu's Business Assets.

69.     By virtue of the foregoing, in violation of New York's Debtor & Creditor Law ("DCL") § 273(a). sometime in the Fall of 2020, after incorporating defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH – an insider of both defendant THE BLU MARKET, INC. and defendant THE BLU MARKET LLC (jointly, "Blu") – conveyed, transferred, and/or assigned all of substantially all of Blu's business assets to defendant TAPP INFLUENCERS CORP. wherefore defendant STEVEN FORKOSH retained possession or control of Blu's business assets after the transfer through defendant TAPP INFLUENCERS CORP. (the "Fraudulent Conveyance") in a manner concealed or not disclosed to plaintiff LISA NAVARRO, with actual intent to hinder, delay, and/or defraud plaintiff LISA NAVARRO, thereby depriving plaintiff LISA NAVARRO of the benefits of the JV Agreement.

70.     In violation of DCL § 273(a), in undertaking the Fraudulent Conveyance to defendant TAPP INFLUENCERS CORP., neither Blu nor defendant STEVEN FORKOSH received equivalent value for Blu's business assets, rendering Blu insolvent and/or Blu's assets

unreasonably small, wherefore defendant STEVEN FORKOSH intended to incur, or reasonably should have believed that the Blu defendants would incur debts beyond their ability to pay, specifically including the liability to plaintiff LISA NAVARRO inuring from the Fraudulent Conveyance and breach of the JV Agreement.

71.     Despite plaintiff LISA NAVARRO's status as a fifty-percent (50%) equity partner of Blu, no vote was ever held authorizing the Fraudulent Conveyance of the Blu's business assets to defendant TAPP INFLUENCERS CORP., nor did plaintiff LISA NAVARRO authorize the Fraudulent Conveyance of Blu's business assets thereto.

## COUNT I
### (Trade Secret Misappropriation)
### [18 U.S.C. § 1836(b)]

72.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

73.     Plaintiff ESPIRE ADS LLC's foregoing proprietary and confidential information pertaining to, *inter alia*, source code, marketing plans, client compilations, influencer compilations, programs, software applications, software platforms as well as serving client needs through specified methods, techniques, processes, and procedures, and other such information not generally known to the public from which plaintiff ESPIRE ADS LLC derives independent economic value, constitutes plaintiff ESPIRE ADS LLC's trade secrets within the meaning of 18 U.S.C. § 1839(3).

74.     Plaintiff ESPIRE ADS LLC's trade secrets are used or intended for use in interstate and/or foreign commerce as the primary means of business operations are through wires, including the internet and nationally-scaled social media platforms.

75.     Plaintiff ESPIRE ADS LLC has made every effort to maintain the confidentiality of its trade secrets by, *inter alia*, utilizing myriad confidentiality agreements and non-disclosure

agreements to, *inter alia*, partners, employees, and contractors as an express condition precedent to revealing such trade secrets.

76.     By virtue of the foregoing, each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have willfully acquired plaintiff ESPIRE ADS LLC's trade secrets through improper means, including, *inter alia*, theft, bribery, misrepresentation, breach of a duty to maintain secrecy imposed under a contract, inducement of a breach of breach of a duty to maintain secrecy imposed under a contract, and espionage through electronic or other means, or had reason to know that such trade secrets were acquired through improper means.

77.     By virtue of the foregoing, each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have willfully disclosed and/or utilized ESPIRE ADS LLC's trade secrets without express or implied consent thereto, wherefore such trade secrets were acquired through improper means, including, *inter alia*, theft, bribery, misrepresentation, breach of a duty to maintain secrecy imposed under a contract, inducement of a breach of breach of a duty to maintain secrecy imposed under a contract, and espionage through electronic or other means, or had reason to know that knowledge of such trade secrets was derived through improper means or under circumstances giving rise to a duty to maintain secrecy.

78.     By virtue of the foregoing, none of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, nor defendant BRENNAN KASTNER, jointly or individually, have materially changed their position prior to the instant litigation, notwithstanding their knowledge or reasonable knowledge that the foregoing constituted plaintiff ESPIRE ADS LLC's trade secrets, which were not acquired by accident or mistake.

79.     By virtue of the foregoing, plaintiff ESPIRE ADS LLC's trade secrets were not

acquired through reverse engineering, independent derivation, and/or any other lawful means of acquisition.

80.     Upon information and belief, as a direct and proximate result of the heretofore described wrongful conduct and misappropriation, plaintiff ESPIRE ADS LLC has been deprived of the benefits of their trade secret, wherefrom plaintiff ESPIRE ADS LLC has been substantially and irreparably harmed in an amount not readily capable of determination, whereupon further irreparable injury will be inflicted upon plaintiff ESPIRE ADS LLC in the absence of restraint by this Court.

81.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to an award of all remedies set forth under 18 U.S.C. § 1836(b)(3), including damages comprised of actual loss, injunctive relief enjoining and restraining further trade secret misappropriation, statutory damages, damages for unjust enrichment, royalties, exemplary double damages by statute, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits. costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as all authorized injunctive relief, enjoining and restraining from further trade secret misappropriation.

### COUNT II
### (Unfair Competition against All Defendants)

82.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

83.     By virtue of the foregoing, each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, both jointly and individually, left plaintiff ESPIRE ADS LLC to form a competing company founded upon plaintiff ESPIRE ADS LLC's misappropriated trade secrets, including,

*inter alia*, plaintiff ESPIRE ADS LLC's source code, software applications, software platforms, information, and other such business compilations, including client lists and influencer lists, to gain an advantage thereon, thereby misappropriating in bad faith plaintiff ESPIRE ADS LLC's labor, skill, and expenditures incurred.

84.     Plaintiff ESPIRE ADS LLC's misappropriated trade secrets, including source code, software applications, software platforms, information, and other such business compilations, including client lists and influencer lists is not readily ascertainable outside of plaintiff ESPIRE ADS LLC's business, as plaintiff ESPIRE ADS LLC has made every effort to maintain the confidentiality of such trade secrets.

85.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

## COUNT III
### (Tortious Interference against TAPP INFLUENCERS CORP.)

86.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

87.     By virtue of the foregoing, defendant TAPP INFLUENCERS CORP. had knowledge of plaintiff ESPIRE ADS LLC's existing business relationships and contracts with third-party employees and contractors – including defendant JUSTIN EMERT and defendant BRENNAN KASTNER – as well as clients and influencers, wherefore defendant TAPP INFLUENCERS CORP., without reasonable justification or excuse, induced plaintiff ESPIRE ADS LLC's existing employees, contractors, clients, and influencers to breach contracts.

88.     Moreover, by virtue of the foregoing, and under the unfettered access granted under

the JV Agreement, defendant TAPP INFLUENCERS CORP. had knowledge of the non-competition, non-solicitation, and nondisclosure provisions of plaintiff ESPIRE ADS LLC's contracts with defendant JUSTIN EMERT and defendant BRENNAN KASTNER, and notwithstanding, tortiously induced a breach thereof for the explicit purpose of competition with plaintiff ESPIRE ADS LLC, solicitation of plaintiff ESPIRE ADS LLC's clients and influencers, and disclosure of plaintiff ESPIRE ADS LLC's trade secrets

89.     Furthermore, by virtue of the foregoing, defendant TAPP INFLUENCERS CORP. without reasonable justification, maliciously induced plaintiff ESPIRE ADS LLC's existing third-party influencers to cease using plaintiff ESPIRE ADS LLC's platform and begin using defendant TAPP INFLUENCERS CORP.'s platform by unleashing their malicious course of conduct and/or software derived from plaintiff ESPIRE ADS LLC's proprietary source code directly targeting plaintiff ESPIRE ADS LLC's influencers and social media posts for repeated false platform content violations, and selling "protection" from defendant TAPP INFLUENCERS CORP.'s said malicious conduct and/or software to users of plaintiff ESPIRE ADS LLC for a fee.

90.     As such, defendant TAPP INFLUENCERS CORP. acted with the sole purpose of harming plaintiff ESPIRE ADS LLC and/or used dishonest, unfair, or improper means to injure the business relationships of plaintiff ESPIRE ADS LLC by tortiously inducing a breach thereof for the explicit purpose of competition with plaintiff ESPIRE ADS LLC and solicitation of plaintiff ESPIRE ADS LLC's influencers.

91.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

## COUNT IV
### (Injurious Falsehood against TAPP INFLUENCERS CORP.)

92.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

93.     By virtue of the foregoing, defendant TAPP INFLUENCERS CORP., by and through its agents, uttered and/or published false statements to third-parties with malice comprising ill will, scienter, and/or deliberate falsification about plaintiff ESPIRE ADS LLC concerning intellectual property theft, non-payment to influencers, as well as undermining goodwill, in an attempt to induce such third-parties to refrain from dealing with plaintiff ESPIRE ADS LLC.

94.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

## COUNT V
### (Breach of Contract against STEVEN FORKOSH)

95.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

96.     By virtue of the foregoing, the JV Agreement was a valid and binding agreement by and between plaintiff ESPIRE ADS LLC and defendant STEVEN FORKOSH, whereunder defendant STEVEN FORKOSH covenanted to: (A) refrain for a period of no less than one (1) year from direct or indirect business solicitation, direct or indirect ownership of competing businesses, informational disclosure, employee and vendor employment solicitation, and transfer restrictions which expressly survive termination of the JV Agreement; and (B) treat plaintiff ESPIRE ADS

LLC's confidential and proprietary business information as property of plaintiff ESPIRE ADS LLC, and thus, was prohibited from disclosure of such information to third-parties or from defendant STEVEN FORKOSH using plaintiff ESPIRE ADS LLC's confidential information on his own account or on account of other such third-parties, firms, and/or entities to harm plaintiff ESPIRE ADS LLC's business, and/or benefit defendant STEVEN FORKOSH using plaintiff ESPIRE ADS LLC's confidential and proprietary business information to solicit plaintiff ESPIRE ADS LLC's clients and prospects.

97.    Moreover, under the JV Agreement, defendant STEVEN FORKOSH agreed to personally indemnify plaintiff ESPIRE ADS LLC for all costs, fees, liabilities, and expenses, including attorneys' fees for any and all of defendant STEVEN FORKOSH's misrepresentations under the JV Agreement.

98.    By virtue of the foregoing, defendant STEVEN FORKOSH made myriad misrepresentations to plaintiff ESPIRE ADS LLC under the JV Agreement with respect to defendant STEVEN FORKOSH's misrepresentations made under the JV Agreement and its' restrictive covenants insofar as defendant STEVEN FORKOSH was already competing with plaintiff ESPIRE ADS LLC with a malicious course of conduct and/or software well before execution of the JV Agreement.

99.    By virtue of the foregoing, defendant STEVEN FORKOSH breached and/or otherwise failed to perform the JV Agreement notwithstanding plaintiff ESPIRE ADS LLC's performance in-full.

100.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs,

disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

<u>COUNT VI</u>
**(Fraud against STEVEN FORKOSH)**

101.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

102.    By virtue of the foregoing, defendant STEVEN FORKOSH made myriad intentional misrepresentations of fact and/or omissions to plaintiff ESPIRE ADS LLC under the JV Agreement concerning the restrictive covenants therein, which were known to be false by defendant STEVEN FORKOSH with the intention to induce plaintiff ESPIRE ADS LLC into the JV Agreement respect to its' restrictive covenants insofar as defendant STEVEN FORKOSH was already competing with plaintiff ESPIRE ADS LLC *via* defendant TAPP INFLUENCERS CORP. prior to and throughout the entirety of the JV Agreement.

103.    Plaintiff ESPIRE ADS LLC reasonably and justifiably relied upon defendant STEVEN FORKOSH's misrepresentations under the JV Agreement's restrictive covenants concerning non-competition, non-solicitation, and non-disclosure.

104.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT VII
### (Constructive Fraud against STEVEN FORKOSH)

105.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

106.     By virtue of the foregoing, defendant STEVEN FORKOSH made myriad misrepresentations of fact and/or omissions to plaintiff ESPIRE ADS LLC under the JV Agreement concerning the restrictive covenants therein, which were either untrue or recklessly made with respect to defendant STEVEN FORKOSH's restrictive covenants insofar as defendant STEVEN FORKOSH was already competing with plaintiff ESPIRE ADS LLC *via* defendant TAPP INFLUENCERS CORP. prior to and throughout the entirety of the JV Agreement, whereunder, as equal partners in the joint venture, defendant STEVEN FORKOSH owed plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC fiduciary duties and, by virtue of the confidential relationship of trust imposed under the JV Agreement, warranted plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC to repose confidence in defendant STEVEN FORKOSH, and thus, relax the vigilance ordinarily exercised in reliance upon the JV Agreement's non-competition, non-solicitation, and non-disclosure restrictive covenants.

107.     Thus, plaintiff ESPIRE ADS LLC reasonably and justifiably relied upon defendant STEVEN FORKOSH's misrepresentations under the JV Agreement concerning restrictive covenants from competition, solicitation, and disclosure.

108.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses,

and attorneys' fees incurred in connection with this matter.

## COUNT VIII
### (Fraudulent Concealment against STEVEN FORKOSH)

109.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

110.     By virtue of the foregoing, under the JV Agreement, defendant STEVEN FORKOSH owed plaintiff ESPIRE ADS LLC fiduciary obligations and a duty to disclose conflicts of interest, whereupon defendant STEVEN FORKOSH intentionally concealed that he was already competing with plaintiff ESPIRE ADS LLC *via* defendant TAPP INFLUENCERS CORP. prior to and throughout the entirety of the JV Agreement, comprising an intentional material misrepresentation of fact, whereupon plaintiff ESPIRE ADS LLC reasonably and justifiably relied upon defendant STEVEN FORKOSH's misrepresentations thereunder t concerning restrictive covenants from competition, solicitation, and disclosure with plaintiff ESPIRE ADS LLC.

111.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT IX
### (Breach of Implied Covenant of Good Faith & Fair Dealing against STEVEN FORKOSH)

112.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

113.     By virtue of the foregoing, defendant STEVEN FORKOSH has deliberately acted

in a manner not expressly forbidden by the JV Agreement to deprive plaintiff ESPIRE ADS LLC of the benefits of the JV Agreement, to prevent performance under the JV Agreement, and/or to withhold the benefits of the JV Agreement from plaintiff ESPIRE ADS LLC.

114.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT X
**(Breach of Fiduciary Duty against STEVEN FORKOSH)**

115.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

116.    By virtue of the foregoing, while working at plaintiff ESPIRE ADS LLC, defendant STEVEN FORKOSH owed a fiduciary duty to plaintiff ESPIRE ADS LLC, which defendant STEVEN FORKOSH breached by acting in bad faith and adversely toward the interests of plaintiff ESPIRE ADS LLC, and engaging in misconduct by: (A) actively engaging in situations of self-dealing and/or personal conflicts of interest; (B) actively injuring or acting contrary to the interests of plaintiff ESPIRE ADS LLC; (C) actively acting in a manner inconsistent with that of an agent of plaintiff ESPIRE ADS LLC; (D) failing to disclose defendant STEVEN FORKOSH's contrary interests which would naturally influence his conduct in dealing with plaintiff ESPIRE ADS LLC as they relate to defendant TAPP INFLUENCERS CORP.; and (E) obtaining opportunities to make personal profits or advantageous arrangements because of his position with defendant TAPP INFLUENCERS CORP. without passing on these advantages to plaintiff ESPIRE ADS LLC.

117.     Furthermore, by virtue of the foregoing, while working at plaintiff ESPIRE ADS LLC, defendant STEVEN FORKOSH has obtained opportunities to make personal profits or advantageous arrangements because of his position under the JV Agreement with plaintiff ESPIRE ADS LLC without passing on these advantages to plaintiff ESPIRE ADS LLC.

118.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT XI
### (Tortious Interference against STEVEN FORKOSH)

119.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

120.     By virtue of the foregoing, defendant STEVEN FORKOSH had knowledge of plaintiff ESPIRE ADS LLC's existing contracts with employees and contractors – including, *inter alia*, defendant JUSTIN EMERT and defendant BRENNAN KASTNER – as well as clients and influencers, wherefore defendant STEVEN FORKOSH, without reasonable justification or excuse, induced plaintiff ESPIRE ADS LLC's said existing employees, contractors, clients, and influencers to breach said contracts.

121.     By virtue of the foregoing, under the unfettered access granted under the JV Agreement, defendant STEVEN FORKOSH had knowledge of the non-competition, non-solicitation, and nondisclosure provisions of plaintiff ESPIRE ADS LLC's contracts with defendant JUSTIN EMERT and defendant BRENNAN KASTNER, as well as other such

employees, contractors, vendors, clients, and influencers, and notwithstanding, tortiously induced a breach thereof for the explicit purpose of competition with plaintiff ESPIRE ADS LLC, solicitation of plaintiff ESPIRE ADS LLC's clients and influencers, and disclosure of plaintiff ESPIRE ADS LLC's trade secrets.

122.   Moreover, by virtue of the foregoing, defendant STEVEN FORKOSH acted with the sole purpose of harming plaintiff ESPIRE ADS LLC and/or used dishonest, unfair, or improper means to injure the business relationships of plaintiff ESPIRE ADS LLC.

123.   As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT XII
### (Breach of Contract against JUSTIN EMERT)

124.   Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

125.   By virtue of the foregoing, the July 26th, 2017 amended and restated operating agreement is a legally valid and binding contract by and amongst defendant JUSTIN EMERT and plaintiff ESPIRE ADS LLC, binding defendant JUSTIN EMERT to restrictive covenants, including, *inter alia*, non-competition with plaintiff ESPIRE ADS LLC, non-solicitation of plaintiff ESPIRE ADS LLC's clients, influencers, and business prospects, and confidentiality, as to plaintiff ESPIRE ADS LLC's proprietary confidential information and trade secrets.

126.   By virtue of the foregoing, defendant JUSTIN EMERT breached and/or otherwise

failed to perform the July 26th, 2017 amended and restated operating agreement, notwithstanding plaintiff ESPIRE ADS LLC's performance in-full.

127.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT XIII
### (Breach of Implied Covenant of Good Faith & Fair Dealing against JUSTIN EMERT)

128.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

129.     By virtue of the foregoing, defendant JUSTIN EMERT has deliberately acted in a manner not expressly forbidden by the July 26th, 2017 amended and restated operating agreement to deprive plaintiff ESPIRE ADS LLC of the benefits of the July 26th, 2017 amended and restated operating agreement, to prevent performance under the July 26th, 2017 amended and restated operating agreement, and/or to withhold the benefits of the July 26th, 2017 amended and restated operating agreement from plaintiff ESPIRE ADS LLC.

130.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses,

and attorneys' fees incurred in connection with this matter.

## COUNT XIV
### (Breach of Fiduciary Duty against JUSTIN EMERT)

131.   Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

132.   By virtue of the foregoing, while working at plaintiff ESPIRE ADS LLC, defendant JUSTIN EMERT owed a fiduciary duty to plaintiff ESPIRE ADS LLC, which defendant JUSTIN EMERT breached by acting in bad faith and adversely toward the interests of plaintiff ESPIRE ADS LLC, and engaging in misconduct by: (A) actively engaging in situations of self-dealing and/or personal conflicts of interest; (B) actively injuring or acting contrary to the interests of plaintiff ESPIRE ADS LLC; (C) actively acting in a manner inconsistent with that of an agent of plaintiff ESPIRE ADS LLC; (D) failing to disclose defendant JUSTIN EMERT's contrary interests which would naturally influence his conduct in dealing with plaintiff ESPIRE ADS LLC as they relate to defendant TAPP INFLUENCERS CORP.; and (E) obtaining opportunities to make personal profits or advantageous arrangements because of his position with defendant TAPP INFLUENCERS CORP. without passing on these advantages to plaintiff ESPIRE ADS LLC.

133.   As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

<u>COUNT XV</u>
**(Tortious Interference against JUSTIN EMERT)**

134.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

135.    By virtue of the foregoing, defendant JUSTIN EMERT had knowledge of plaintiff ESPIRE ADS LLC's existing contracts with employees and contractors, as well as existing clients and influencers, wherefore defendant JUSTIN EMERT, without reasonable justification or excuse, induced plaintiff ESPIRE ADS LLC's said existing employees, contractors, clients, and influencers to breach said contracts.

136.    By virtue of the foregoing, under the unfettered access granted to defendant JUSTIN EMERT under the July 26th, 2017 amended and restated operating agreement, defendant JUSTIN EMERT had knowledge of the non-competition, non-solicitation, and nondisclosure provisions of plaintiff ESPIRE ADS LLC's contracts with, *inter alia*, employees, contractors, vendors, clients, and influencers, and notwithstanding, tortiously induced a breach thereof for the explicit purpose of competition with plaintiff ESPIRE ADS LLC, solicitation of plaintiff ESPIRE ADS LLC's clients and influencers, and disclosure of plaintiff ESPIRE ADS LLC's trade secrets.

137.    Moreover, by virtue of the foregoing, defendant JUSTIN EMERT acted with the sole purpose of harming plaintiff ESPIRE ADS LLC and/or used dishonest, unfair, or improper means to injure the business relationships of plaintiff ESPIRE ADS LLC.

138.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses,

and attorneys' fees incurred in connection with this matter.

<div align="center">

**COUNT XVI**
**(Breach of Contract against BRENNAN KASTNER)**

</div>

139.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

140.    By virtue of the foregoing, the May 18th, 2020 independent contractor agreement is a legally valid and binding contract by and amongst defendant BRENNAN KASTNER and plaintiff ESPIRE ADS LLC, binding defendant BRENNAN KASTNER to restrictive covenants, including, *inter alia*, non-competition with plaintiff ESPIRE ADS LLC, non-solicitation of plaintiff ESPIRE ADS LLC's clients, influencers, and business prospects, and confidentiality, as to plaintiff ESPIRE ADS LLC's proprietary confidential information and trade secrets.

141.    Moreover, the May 18th, 2020 independent contractor agreement was of a "work-made-for-hire" nature – rendering plaintiff ESPIRE ADS LLC's source code and other such software the exclusive intellectual property of plaintiff ESPIRE ADS LLC – whereupon defendant BRENNAN KASTNER nevertheless breached the May 18th, 2020 independent contractor agreement by converting plaintiff ESPIRE ADS LLC's mobile and web application source code, delivering it to defendant TAPP INFLUENCERS CORP.

142.    By virtue of the foregoing, defendant BRENNAN KASTNER breached and/or otherwise failed to perform the May 18th, 2020 independent contractor agreement, notwithstanding plaintiff ESPIRE ADS LLC's performance in-full.

143.    Moreover, defendant BRENNAN KASTNER agreed to indemnify plaintiff ESPIRE ADS LLC for all actual and direct losses suffered, including lost profits, cost, expenses, and/or attorneys' fees by reason of any lawsuit arising from defendant BRENNAN KASTNER's breach of the May 18th, 2020 independent contractor agreement.

144.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has

been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

**COUNT XVII**
**(Breach of Implied Covenant of Good Faith & Fair Dealing against BRENNAN KASTNER)**

145. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

146. By virtue of the foregoing, defendant BRENNAN KASTNER has deliberately acted in a manner not expressly forbidden by the May 18th, 2020 independent contractor agreement to deprive plaintiff ESPIRE ADS LLC of the benefits of the May 18th, 2020 independent contractor agreement, to prevent performance under the May 18th, 2020 independent contractor agreement, and/or to withhold the benefits of the May 18th, 2020 independent contractor agreement from plaintiff ESPIRE ADS LLC.

147. As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT XVIII
### (Breach of Fiduciary Duty against BRENNAN KASTNER)

148.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

149.    By virtue of the foregoing, while working at plaintiff ESPIRE ADS LLC, defendant BRENNAN KASTNER owed a fiduciary duty to plaintiff ESPIRE ADS LLC, which defendant BRENNAN KASTNER breached by acting in bad faith and adversely toward the interests of plaintiff ESPIRE ADS LLC, and engaging in misconduct by: (A) actively engaging in situations of self-dealing and/or personal conflicts of interest; (B) actively injuring or acting contrary to the interests of plaintiff ESPIRE ADS LLC; (C) actively acting in a manner inconsistent with that of an agent of plaintiff ESPIRE ADS LLC; (D) failing to disclose defendant BRENNAN KASTNER's contrary interests which would naturally influence his conduct in dealing with plaintiff ESPIRE ADS LLC as they relate to defendant TAPP INFLUENCERS CORP.; and (E) obtaining opportunities to make personal profits or advantageous arrangements because of his position with defendant TAPP INFLUENCERS CORP. without passing on these advantages to plaintiff ESPIRE ADS LLC.

150.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

## COUNT XIX
### (Tortious Interference against BRENNAN KASTNER)

151.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

152.    By virtue of the foregoing, defendant BRENNAN KASTNER had knowledge of plaintiff ESPIRE ADS LLC's existing contracts with employees and contractors, as well as existing clients and influencers, wherefore defendant BRENNAN KASTNER, without reasonable justification or excuse, induced plaintiff ESPIRE ADS LLC's said existing employees, contractors, clients, and influencers to breach said contracts.

153.    By virtue of the foregoing, under the unfettered access granted to defendant BRENNAN KASTNER under the May 18th, 2020 independent contractor agreement, defendant BRENNAN KASTNER had knowledge of the non-competition, non-solicitation, and nondisclosure provisions of plaintiff ESPIRE ADS LLC's contracts with, *inter alia*, employees, contractors, vendors, clients, and influencers, and notwithstanding, tortiously induced a breach thereof for the explicit purpose of competition with plaintiff ESPIRE ADS LLC, solicitation of plaintiff ESPIRE ADS LLC's clients and influencers, and disclosure of plaintiff ESPIRE ADS LLC's trade secrets

154.    Moreover, by virtue of the foregoing, defendant BRENNAN KASTNER acted with the sole purpose of harming plaintiff ESPIRE ADS LLC and/or used dishonest, unfair, or improper means to injure the business relationships of plaintiff ESPIRE ADS LLC.

155.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, wherefore it is entitled to damages comprised of actual loss, injunctive relief, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, lost profits, costs, disbursements, attorneys' fees, and pre-judgment interest thereon, as well as an award of

indemnification for all of plaintiff ESPIRE ADS LLC's losses, costs, fees, liabilities, expenses, and attorneys' fees incurred in connection with this matter.

**COUNT XX**
**(CFAA Violation against TAPP INFLUENCERS CORP.)**
**[18 U.S.C. § 1030(g)]**

156.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

157.    By virtue of the foregoing, defendant TAPP INFLUENCERS CORP. violated the CFAA causing damages and loss in a one-year period in gross excess of five thousand USD ($5,000.00) to plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by: (A) intentionally accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization and obtaining information, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(2)(c); (B) knowingly and with the intent to defraud, accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization to further a fraud and/or obtain items of value, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(4); and/or (C) knowingly and intentionally causing the transmission of plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer utilized in interstate commerce without authorization in violation of 18 U.S.C. § 1030(a)(5)(A).

158.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, whereupon plaintiff ESPIRE ADS LLC is entitled to economic damages, injunctive relief, and all other such equitable

relief pursuant to 18 U.S.C. §§ 1030(c), *et seq*. and 18 U.S.C. § 1030(g), as well as an award of all costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

<div align="center">

**COUNT XXI**
**(CFAA Violation against STEVEN FORKOSH)**
**[18 U.S.C. § 1030(g)]**

</div>

159.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

160.    By virtue of the foregoing, defendant STEVEN FORKOSH violated the CFAA causing damages and loss in a one-year period in gross excess of five thousand USD ($5,000.00) to plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by: (A) intentionally accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or by exceeding authorized access and obtaining information, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(2)(c); (B) knowingly and with the intent to defraud, accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or by exceeding authorized access to further a fraud and/or obtain items of value, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(4); and/or (C) knowingly and intentionally causing the transmission of plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer utilized in interstate commerce without authorization in violation of 18 U.S.C. § 1030(a)(5)(A).

161.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, whereupon plaintiff

ESPIRE ADS LLC is entitled to economic damages, injunctive relief, and all other such equitable

relief pursuant to 18 U.S.C. §§ 1030(c), *et seq*. and 18 U.S.C. § 1030(g), as well as an award of all

costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

<div align="center">

**COUNT XXII**
**(CFAA Violation against JUSTIN EMERT)**
**[18 U.S.C. § 1030(g)]**

</div>

162.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all

paragraphs heretofore as if fully set forth herein.

163.     By virtue of the foregoing, defendant JUSTIN EMERT violated the CFAA causing

damages and loss in a one-year period in gross excess of five thousand USD ($5,000.00) to plaintiff

ESPIRE ADS LLC and plaintiff LISA NAVARRO by: (A) intentionally accessing plaintiff

ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or

by exceeding authorized access and obtaining information, including plaintiff ESPIRE ADS LLC's

trade secrets, source code, software applications, software platforms and other such compilations

from said protected computer in violation of 18 U.S.C. § 1030(a)(2)(c); (B) knowingly and with

the intent to defraud, accessing plaintiff ESPIRE ADS LLC's protected computer utilized in

interstate commerce without authorization or by exceeding authorized access to further a fraud

and/or obtain items of value, including plaintiff ESPIRE ADS LLC's trade secrets, source code,

software applications, software platforms, and other such compilations from said protected

computer in violation of 18 U.S.C. § 1030(a)(4); and/or (C) knowingly and intentionally causing

the transmission of plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications,

software platforms, and other such compilations from said protected computer utilized in interstate

commerce without authorization in violation of 18 U.S.C. § 1030(a)(5)(A).

164.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has

been damaged in an amount to be determined at trial of the instant matter, whereupon plaintiff

ESPIRE ADS LLC is entitled to economic damages, injunctive relief, and all other such equitable relief pursuant to 18 U.S.C. §§ 1030(c), *et seq*. and 18 U.S.C. § 1030(g), as well as an award of all costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

<div align="center">

**COUNT XXIII**
**(CFAA Violation against BRENNAN KASTNER)**
**[18 U.S.C. § 1030(g)]**

</div>

165.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

166.    By virtue of the foregoing, defendant BRENNAN KASTNER violated the CFAA causing damages and loss in a one-year period in gross excess of five thousand USD ($5,000.00) to plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by: (A) intentionally accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or by exceeding authorized access and obtaining information, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(2)(c); (B) knowingly and with the intent to defraud, accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or by exceeding authorized access to further a fraud and/or obtain items of value, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(4); and/or (C) knowingly and intentionally causing the transmission of plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer utilized in interstate commerce without authorization in violation of 18 U.S.C. § 1030(a)(5)(A).

167.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has

been damaged in an amount to be determined at trial of the instant matter, whereupon plaintiff ESPIRE ADS LLC is entitled to economic damages, injunctive relief, and all other such equitable relief pursuant to 18 U.S.C. §§ 1030(c), *et seq*. and 18 U.S.C. § 1030(g), as well as an award of all costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

<u>**COUNT XXIV**</u>
**(Conspiracy to Violate CFAA against All Defendants)**
**[18 U.S.C. § 1030(b)]**

168.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

169.     By virtue of the foregoing, defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER conspired to violate the CFAA and took actual steps in furtherance of such conspiracy, causing damages and loss in a one-year period in gross excess of five thousand USD ($5,000.00) to plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by: (A) intentionally accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or by exceeding authorized access and obtaining information, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(2)(c); (B) knowingly and with the intent to defraud, accessing plaintiff ESPIRE ADS LLC's protected computer utilized in interstate commerce without authorization or by exceeding authorized access to further a fraud and/or obtain items of value, including plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer in violation of 18 U.S.C. § 1030(a)(4); and/or (C) knowingly and intentionally causing the transmission of plaintiff ESPIRE ADS LLC's trade secrets, source code, software applications, software platforms, and other such compilations from said protected computer utilized in interstate

commerce without authorization in violation of 18 U.S.C. § 1030(a)(5)(A).

170.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged in an amount to be determined at trial of the instant matter, whereupon plaintiff ESPIRE ADS LLC is entitled to economic damages, injunctive relief, and all other such equitable relief pursuant to 18 U.S.C. §§ 1030(c), *et seq*. and 18 U.S.C. § 1030(g), as well as an award of all costs, disbursements, attorneys' fees, and pre-judgment interest thereon.

<u>**COUNT XXV**</u>
**(Direct Copyright Infringement against TAPP INFLUENCERS CORP.)**
**[17 U.S.C. §§ 501, *et seq*.]**

171.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

172.    Plaintiff ESPIRE ADS LLC's mobile and web application source code is an original work and copyrightable subject matter under the laws of the United States.

173.    Plaintiff ESPIRE ADS LLC has complied in all respects with 17 U.S.C. §§ 101, *et seq*., as it is the owner of a valid registered copyright in and to plaintiff ESPIRE ADS LLC's mobile and web application source code – as it has secured the exclusive rights and privileges in and to the copyright thereof – by the Register of Copyrights' issuance of valid Certificates of Registration, bearing Copyright Registration Nos. TX0009037536 & TX0009037539.

174.    By virtue of the foregoing, defendant TAPP INFLUENCERS CORP. has infringed and will continue to infringe plaintiff ESPIRE ADS LLC's source code copyright by using plaintiff ESPIRE ADS LLC's source code to continue business operations and using plaintiff ESPIRE ADS LLC's source code to create derivative works without any authorization or other permission from plaintiff ESPIRE ADS LLC.

175.    Furthermore, by virtue of the foregoing, defendant TAPP INFLUENCERS CORP. has infringed and will continue to infringe plaintiff ESPIRE ADS LLC's source code copyright by

using plaintiff ESPIRE ADS LLC's copyrighted source code to create malicious derivative software to directly target plaintiff ESPIRE ADS LLC's influencers and their social media posts for repeated false platform content violations without any authorization or other permission from plaintiff ESPIRE ADS LLC, whereupon "protection" payments from said malicious derivative software were tendered to defendant TAPP INFLUENCERS CORP.

176.    By virtue of the foregoing, defendant TAPP INFLUENCERS CORP.'s infringement of plaintiff ESPIRE ADS LLC's source code copyright has been deliberate, willful, and in utter disregard of plaintiff ESPIRE ADS LLC's rights, wherefore defendant TAPP INFLUENCERS CORP. had no reason to believe that use of plaintiff ESPIRE ADS LLC's copyright was exempt.

177.    Upon information and belief, as a direct and proximate result of its wrongful conduct, defendant TAPP INFLUENCERS CORP. has obtained benefits, including, but not limited to, profits and other such payments to which defendant TAPP INFLUENCERS CORP. was not otherwise entitled.

178.    Thus, as a direct and proximate result of defendant TAPP INFLUENCERS CORP.'s wrongful conduct, plaintiff ESPIRE ADS LLC has been substantially and irreparably harmed in an amount not readily capable of determination; unless restrained and enjoined by this Court, defendant TAPP INFLUENCERS CORP. will cause further irreparable injury, whereupon plaintiff ESPIRE ADS LLC is entitled to injunctive relief enjoining defendant TAPP INFLUENCERS CORP., and all persons acting in concert or participation with it, from engaging in any further infringement of plaintiff ESPIRE ADS LLC's copyrighted source code.

179.    Accordingly, plaintiff ESPIRE ADS LLC is further entitled to recover all damages pursuant to 17 U.S.C. § 504, including actual damages, lost profits, statutory damages, and exemplary damages doubled by statute, injunctive relief pursuant to 17 U.S.C. § 502, as well as an award of all costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT XXVI
### (Contributory Copyright Infringement)
### [17 U.S.C. §§ 501, *et seq.*]

180.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

181.    Plaintiff ESPIRE ADS LLC's mobile and web application source code is an original work and copyrightable subject matter under the laws of the United States.

182.    Plaintiff ESPIRE ADS LLC has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, as it is the owner of a valid registered copyright in and to plaintiff ESPIRE ADS LLC's mobile and web application source code – as it has secured the exclusive rights and privileges in and to the copyrights thereof – by the Register of Copyrights' issuance of a valid Certificate of Registration, bearing Copyright Registration Nos. TX0009037536 & TX0009037539.

183.    By virtue of the foregoing, defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, provided copies or portions of plaintiff ESPIRE ADS LLC's copyrighted source code to third-parties – namely, defendant TAPP INFLUENCERS CORP. – which infringed upon plaintiff ESPIRE ADS LLC's copyrighted sourced code by, *inter alia*, creating unauthorized derivative works with knowledge of such third-parties' infringement, and in fact, intentionally encouraged and induced such infringing use, as well as materially contributed to said third-parties' direct infringement by working in concert with other to create, distribute, and/or maintain software which infringes upon plaintiff ESPIRE ADS LLC's copyrighted source code.

184.    The contributory infringement of plaintiff ESPIRE ADS LLC's copyrighted source code by defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER has been deliberate, willful, and in utter disregard of plaintiff ESPIRE ADS LLC's rights.

185.    Upon information and belief, defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER have obtained benefits, including, but not limited to, profits and other such payments as a direct and proximate result of their wrongful conduct, to which they were not otherwise entitled.

186.    Thus, as a direct and proximate result of the wrongful conduct of defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, plaintiff ESPIRE ADS LLC has been substantially and irreparably harmed in an amount not readily capable of determination; unless restrained and enjoined by this Court, defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER will cause further irreparable injury, whereupon plaintiff ESPIRE ADS LLC is entitled to injunctive relief enjoining defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, from engaging in any further contributory infringement of plaintiff ESPIRE ADS LLC's copyrighted source code.

187.    Accordingly, plaintiff ESPIRE ADS LLC is further entitled to recover all damages pursuant to 17 U.S.C. § 504, including actual damages, lost profits, statutory damages, and exemplary damages doubled by statute, injunctive relief pursuant to 17 U.S.C. § 502, as well as an award of all costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT XXVII
### (Restraint of Trade: Sherman Anti-Trust Act Violation)
### [15 U.S.C. § 1]

188.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

189.    By virtue of the foregoing, in violation of 15 U.S.C. § 1, defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, individually and through other presently unknown agents,

have engaged in and conspired to restrain trade through concerted action affecting interstate commerce by engaging in a malicious course of conduct and/or unleashing software directly targeting plaintiff ESPIRE ADS LLC's influencers and their social media posts, as well as targeting other such influencers not related to plaintiff ESPIRE ADS LLC, for repeated false social media platform content violations, which adversely affects competition in the emerging industry of influencer marketing by reducing the supply of viable influencer marketing agencies, resulting in less influencer marketing agency options for such third-party influencers, thereby resulting in lower influencer wages payable by defendant TAPP INFLUENCERS CORP. by virtue of reduced market competition for such third-party influencers.

190.     As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged and suffered an anti-trust injury in-fact by said anti-competitive conduct preventing third-party influencers from using plaintiff ESPIRE ADS LLC's platform.

191.     As such, plaintiff ESPIRE ADS LLC is entitled to damages against defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, trebled pursuant to 15 U.S.C. § 15(a), pre-judgment interest thereon, statutory damages pursuant to 15 U.S.C. § 1, all injunctive relief authorized under 15 U.S.C. § 26, and an award of all costs and attorneys' fees authorized under 15 U.S.C. § 26.

<u>COUNT XXVIII</u>
**(Restraint of Trade: Donnelly Act Violation)**
**[GBL §§ 340-41, *et seq*.]**

192.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

193.     By virtue of the foregoing, in violation of GBL § 340(1), defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, individually and through other presently unknown agents,

have engaged in and conspired to restrain trade through concerted action affecting intrastate commerce by engaging in a malicious course of conduct and/or unleashing software directly targeting plaintiff ESPIRE ADS LLC's influencers and their social media posts for repeated false social media platform content violations, as well as targeting other such influencers not related to plaintiff ESPIRE ADS LLC, for repeated false social media platform content violations, which adversely affects competition in the emerging industry of influencer marketing by reducing the supply of viable influencer marketing agencies, resulting in less influencer marketing agency options for such third-party influencers, thereby resulting in lower influencer wages payable by defendant TAPP INFLUENCERS CORP. by virtue of reduced market competition for such third-party influencers.

194.    As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC has been damaged and suffered an anti-trust injury in-fact by said anti-competitive conduct preventing third-party influencers from using plaintiff ESPIRE ADS LLC's platform.

195.    As such, plaintiff ESPIRE ADS LLC is entitled to damages against defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, trebled pursuant to GBL § 340(5), pre-judgment interest thereon, statutory penalties pursuant to GBL § 341, and an award of all costs and attorneys' fees, all statutory fines pursuant to GBL § 340(5).

## COUNT XXIX
**(Violation of the Racketeer Influenced & Corrupt Organizations Act)**
**[18 U.S.C. §§ 1962(a)-(d)]**

196.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

197.    By virtue of the foregoing, each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN

KASTNER, jointly and individually (the "RICO Enterprise"), have intentionally engaged in a pattern of racketeering activity as defined under 18 U.S.C. § 1961(1)(C) by, *inter alia*, both conspiring to and perfecting an actual obstruction and restraint of interstate commerce by extortionate means in violation of the Hobbs Act under 18 U.S.C. § 1951 in demanding and receiving payments from plaintiff ESPIRE ADS LLC's influencers with their consent by wrongful use of actual or threatened force and fear under color of official right in directly targeting plaintiff ESPIRE ADS LLC's influencers and their social media posts for repeated false social media platform content violations in furtherance of a plan to coerce and divert such influencers away from plaintiff ESPIRE ADS LLC's platform and towards defendant TAPP INFLUENCERS CORP.'s platform.

198.    Likewise, by virtue of the foregoing, each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have intentionally engaged in a pattern of racketeering activity as defined under 18 U.S.C. § 1961(1)(C) by, *inter alia*, engaging in wire fraud in violation of 18 U.S.C. § 1343 by obtaining plaintiff ESPIRE ADS LLC's intellectual property, trade secrets, funds, influencers, and other such users of their platform through a scheme to defraud using various instrumentalities of interstate commerce – namely, the internet, mobile devices with broadband capabilities, and desktop computers connected to the internet – to continuously cause loss to plaintiff ESPIRE ADS LLC by unlawfully accessing and causing damage to plaintiff ESPIRE ADS LLC's protected computers utilized in interstate commerce.

199.    Likewise, by virtue of the foregoing, each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have intentionally engaged in a pattern of racketeering activity as defined under 18 U.S.C. § 1961(1)(C) by, *inter alia*, committing theft of trade secrets

in violation of 18 U.S.C. 1832, as well as engaging in unfair competition, tortious interference, copyright infringement, and other such anti-competitive conduct.

200.    By virtue of the foregoing, the RICO Enterprise is comprised of an association-in-fact of each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER functioning as a common unit distinct from the pattern of racketeering activity, as in the absence of selling a protection racket and violating federal laws concerning trade secret espionage, computer hacking, and copyright, as well as in the absence of their violation of restrictive covenants with plaintiff ESPIRE ADS LLC, the marketing and promotional activities of defendant TAPP INFLUENCERS CORP. conducted by and through corporate officers, employees, and agents – defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER – are otherwise legitimate business activities.

201.    By virtue of the foregoing, within the last ten (10) years, the RICO Enterprise has engaged in a pattern of racketeering activity of both a closed-ended continuity and an open-ended continuity wherefore the RICO Enterprise threatens to continue the criminal activity extending indefinitely into future years beyond the period when the predicate acts were performed with respect to the RICO Enterprise's continued protection racket sale to plaintiff ESPIRE ADS LLC's influencers.

202.    By virtue of the foregoing, in violation of 18 U.S.C. § 1962(a), each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have generated revenue from the RICO Enterprise, whereupon such revenue was utilized to open and fund the growth and continued operation of defendant TAPP INFLUENCERS CORP., affecting interstate commerce.

203.    By virtue of the foregoing, in violation of 18 U.S.C. § 1962(b), each of defendant

TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have collected unlawful debt for the RICO Enterprise to maintain control of defendant TAPP INFLUENCERS CORP. by and through demanding and receiving digital "mafia-style" protection money from plaintiff ESPIRE ADS LLC's influencers through the RICO Enterprise's malicious course of conduct and/or software directly targeting plaintiff ESPIRE ADS LLC's influencers and their social media posts for repeated false platform content violations, affecting interstate commerce.

204. By virtue of the foregoing, in violation of 18 U.S.C. § 1962(c), each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have operated, conducted, participated in, and/or had some part in directing the RICO Enterprise's affairs, affecting interstate commerce.

205. By virtue of the foregoing, in violation of 18 U.S.C. § 1962(d), each of defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have intentionally conspired and taken overt acts in furtherance of violating 18 U.S.C. §§ 1962(a)-(c) by words or actions manifesting an agreement to commit two predicate acts in furtherance of the common purpose of the RICO Enterprise.

206. As a direct and proximate result of the foregoing, plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO were reasonably and foreseeably damaged and will continue to sustain damages to their business and property by reason of the RICO Enterprise's heretofore-described conduct, including financial harm, economic loss, and loss of goodwill.

207. As such, plaintiff ESPIRE ADS LLC is entitled to recover all damages pursuant to 18 U.S.C. § 1964(c) against the RICO Enterprise – defendant TAPP INFLUENCERS CORP.,

defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER – trebled by statute, as well as pre-judgment interest thereon, and an award of all costs and attorneys' fees.

### COUNT XXX
### (Permanent Injunction)

208.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

209.    By virtue of the foregoing, defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, jointly and individually, have inflicted, and continue to inflict imminent irreparable harm upon plaintiff ESPIRE ADS LLC for which damages are an inadequate remedy as a result of their violations of myriad federal laws, including, *inter alia*, trade secret misappropriation, racketeering, wire fraud, computer hacking, copyright infringement, unfair competition, tortious interference, and breaches of their non-competition, non-solicitation, and non-disclosure restrictive covenants.

210.    By virtue of the foregoing, injunctive relief is specifically authorized under 18 U.S.C. § 1836(b)(3)(A) upon a violation of the "Defend Trade Secrets Act", under 18 U.S.C. § 1964(a) upon a violation of the "Racketeer Influenced & Corrupt Organizations Act", under 18 U.S.C. § 1030(g) upon a violation of the "Computer Fraud & Abuse Act", under 17 U.S.C. § 502 upon a violation of the "Copyright Act", and under 15 U.S.C. § 26 upon a violation of the "Sherman Anti-Trust Act".

211.    Likewise, paragraphs 11(a)-(d) of the JV Agreement contains restrictive covenants precluding defendant STEVEN FORKOSH from, *inter alia*, solicitation of plaintiff ESPIRE ADS LLC's existing business, customers, employees, contractors, as well as disclosure of plaintiff ESPIRE ADS LLC's trade secrets and other such confidential information acquired throughout the pendency of the JV Agreement, as well as competition with plaintiff ESPIRE ADS LLC and/or

possession of any ownership interest in competing businesses to plaintiff ESPIRE ADS LLC, all of which defendant STEVEN FORKOSH has breached.

212.    Likewise, paragraph 10.1, 10.2, and 10.4 of plaintiff ESPIRE ADS LLC's July 26th, 2017 amended and restated operating agreement, contains restrictive covenants precluding defendant JUSTIN EMERT from, *inter alia*, solicitation of plaintiff ESPIRE ADS LLC's existing business, customers, employees, contractors, as well as disclosure of plaintiff ESPIRE ADS LLC's trade secrets and other such confidential information acquired, as well as competition with plaintiff ESPIRE ADS LLC, all of which defendant JUSTIN EMERT has breached.

213.    Likewise, paragraphs 3.4 through 3.5 of the "Independent Contractor Agreement" dated May 18th, 2018 contains restrictive covenants precluding defendant BRENNAN KASTNER from, *inter alia*, solicitation of plaintiff ESPIRE ADS LLC's existing business, customers, employees, contractors, as well as disclosure of plaintiff ESPIRE ADS LLC's trade secrets and other such confidential information acquired, as well as competition with plaintiff ESPIRE ADS LLC, all of which defendant BRENNAN KASTNER has breached. Moreover, under paragraph 3.6 of the "Independent Contractor Agreement" dated May 18th, 2018, defendant BRENNAN KASTNER consented to injunctive relief upon his breach of paragraphs 3.4 through 3.5 thereof.

214.    By virtue of the foregoing, plaintiff ESPIRE ADS LLC has no adequate remedy at law, as money damages will not serve to prospectively prevent the heretofore-plead violations.

215.    By virtue of the foregoing, plaintiff ESPIRE ADS LLC is likely to succeed on the merits of their statutory and common law claims against defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER jointly and individually, wherefore the balance of the equities tips decidedly in favor of the issuance of injunctive relief.

216.    By virtue of the foregoing, plaintiff ESPIRE ADS LLC is entitled to an injunction,

permanently restraining and enjoining defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH, defendant JUSTIN EMERT, and defendant BRENNAN KASTNER, and all persons and entities acting in concert with them, from using plaintiff ESPIRE ADS LLC's source code, software applications, software platforms, information, and other such business compilations, including client lists and influencer lists, as well as from continued solicitation, disclosure, competition, and circumvention of their respective restrictive covenants.

## COUNT XXXI
## (Fraudulent Conveyance)
## [DCL §§ 270, *et seq.*]

217.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

218.    Upon information and belief, by virtue of the foregoing, in violation of New York's Debtor & Creditor Law ("DCL") § 273(a). sometime in the Fall of 2020, after incorporating defendant TAPP INFLUENCERS CORP., defendant STEVEN FORKOSH – an insider of both defendant THE BLU MARKET, INC. and defendant THE BLU MARKET LLC (jointly, "Blu") – conveyed, transferred, and/or assigned all of substantially all of Blu's business assets to defendant TAPP INFLUENCERS CORP. wherefore defendant STEVEN FORKOSH retained possession or control of Blu's business assets after the transfer through defendant TAPP INFLUENCERS CORP. (the "Fraudulent Conveyance") in a manner concealed or not disclosed to plaintiff LISA NAVARRO, with actual intent to hinder, delay, and/or defraud plaintiff LISA NAVARRO, thereby depriving plaintiff LISA NAVARRO of the benefits of the JV Agreement.

219.    Upon information and belief, in violation of DCL § 273(a), in undertaking the Fraudulent Conveyance to defendant TAPP INFLUENCERS CORP., neither Blu nor defendant STEVEN FORKOSH received equivalent value for Blu's business assets, rendering Blu insolvent and/or Blu's assets unreasonably small, wherefore defendant STEVEN FORKOSH intended to

incur, or reasonably should have believed that the Blu defendants would incur debts beyond their ability to pay, specifically including the liability to plaintiff LISA NAVARRO inuring from the Fraudulent Conveyance and breach of the JV Agreement.

220.    Thus, defendant TAPP INFLUENCERS CORP. was not a good faith purchaser or transferee for fair value of Blu's business assets, whereas neither Blu nor defendant STEVEN FORKOSH were good faith transferors for fair value of Blu's busines assets.

221.    Upon information and belief, despite plaintiff LISA NAVARRO's status as a fifty-percent (50%) equity partner of Blu, no vote was ever held authorizing the Fraudulent Conveyance of the Blu's business assets to defendant TAPP INFLUENCERS CORP., nor did plaintiff LISA NAVARRO authorize the Fraudulent Conveyance of Blu's business assets thereto.

222.    As a direct and proximate result of the foregoing, including, *inter alia*, defendant STEVEN FORKOSH's various frauds propagated under the JV Agreement, as well defendant STEVEN FORKOSH's trade secret misappropriation and racketeering conduct, plaintiff LISA NAVARRO have been irreparably damaged in an amount not readily capable of calculation whereupon money damages would be an inadequate remedy.

223.    By virtue of the foregoing, plaintiff LISA NAVARRO has no adequate remedy at law, as damages are an insufficient remedy.

224.    Upon information and belief, defendant STEVEN FORKOSH and defendant TAPP INFLUENCERS CORP. has taken and will continue undertaking a materially adverse position to each of the foregoing, thereby resulting in the existence of an actual and justiciable controversy regarding the foregoing.

225.    By virtue of the foregoing, in equity, plaintiff LISA NAVARRO is entitled to a judgment, pursuant to DCL § 276(a)(3)(iii) – vesting this Court with the authority "subject to applicable principles of equity", to grant "any other relief the circumstances may require" –

adjudicating and declaring that fifty-percent (50%) of defendant STEVEN FORKOSH's interest in defendant TAPP INFLUENCERS CORP. is the lawful property of plaintiff LISA NAVARRO, as well as an award, pursuant to DCL § 276-a, of all costs and attorneys' fees incurred.

## COUNT XXXII
### (Breach of Fiduciary Duty: Blu *ex rel*. LISA NAVARRO against STEVEN FORKOSH)

226.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

227.    As a result of defendant STEVEN FORKOSH's capacity as a director, executive officer, and managing member of Blu, defendant STEVEN FORKOSH owes fiduciary obligation to Blu and Blu's remaining equity holders; namely, plaintiff LISA NAVARRO by virtue of her fifty-percent (50%) equity stake in Blu accorded under the JV Agreement.

228.    By virtue of the foregoing, including the Fraudulent Conveyance, defendant STEVEN FORKOSH breached his fiduciary obligation to Blu and Blu's remaining equity holders, as neither Blu nor defendant STEVEN FORKOSH received equivalent value for Blu's business assets, rendering Blu insolvent and/or Blu's remaining assets unreasonably small.

229.    Additionally, in undertaking the Fraudulent Conveyance, defendant STEVEN FORKOSH breached his fiduciary obligations owed to Blu and Blu's remaining equity holders by: (A) actively engaging in situations of self-dealing and/or personal conflicts of interest; (B) actively injuring or acting contrary to the interests of Blu; (C) actively acting in a manner inconsistent with that of an agent of Blu; (D) failing to disclose defendant STEVEN FORKOSH's contrary interests which would naturally influence his conduct in dealing with Blu as they relate to defendant TAPP INFLUENCERS CORP.; and (E) obtaining opportunities to make personal profits or advantageous arrangements because of his position with defendant TAPP INFLUENCERS CORP. without passing on these advantages to Blu.

230.    By virtue of the foregoing, despite plaintiff LISA NAVARRO's status as a fifty-

percent (50%) equity partner of Blu, no vote was ever held authorizing the Fraudulent Conveyance of the Blu's business assets to defendant TAPP INFLUENCERS CORP., nor did plaintiff LISA NAVARRO authorize the Fraudulent Conveyance of Blu's business assets thereto.

231.    As a direct and proximate result of the foregoing, Blu has been damaged by defendant STEVEN FORKOSH in an amount to be determined at trial of the instant matter.

<div align="center">

**COUNT XXXIII**
**(Conversion: Blu *ex rel*. LISA NAVARRO against STEVEN FORKOSH)**

</div>

232.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

233.    As a result of defendant STEVEN FORKOSH's capacity as a director, executive officer, and managing member of Blu, defendant STEVEN FORKOSH owes fiduciary obligation to Blu and Blu's remaining equity holders; namely, plaintiff LISA NAVARRO by virtue of her fifty-percent (50%) equity stake in Blu accorded under the JV Agreement.

234.    By virtue of the foregoing, despite plaintiff LISA NAVARRO's status as a fifty-percent (50%) equity partner of Blu, no vote was ever held authorizing the Fraudulent Conveyance of the Blu's business assets to defendant TAPP INFLUENCERS CORP., nor did plaintiff LISA NAVARRO authorize the Fraudulent Conveyance of Blu's business assets thereto.

235.    By virtue of the foregoing, Blu had an immediate superior right of possession of Blu's business assets – in addition to plaintiff LISA NAVARRO's immediate superior right of possession of fifty-percent (50%) of Blu's business assets – wherefore, despite due demand, to date, defendant STEVEN FORKOSH exercises unauthorized dominion thereover to the exclusion of the rights of Blu and plaintiff LISA NAVARRO.

236.    As a direct and proximate result of the foregoing, Blu has been damaged by defendant STEVEN FORKOSH in an amount to be determined at trial of the instant matter.

## COUNT XXXIV
### (Unjust Enrichment: Blu *ex rel*. LISA NAVARRO against STEVEN FORKOSH)

237.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

238.    By virtue of the foregoing, despite plaintiff LISA NAVARRO's status as a fifty-percent (50%) equity partner of Blu, no vote was ever held authorizing the Fraudulent Conveyance of the Blu's business assets to defendant TAPP INFLUENCERS CORP., nor did plaintiff LISA NAVARRO authorize the Fraudulent Conveyance of Blu's business assets thereto.

239.    By virtue of the foregoing, including the Fraudulent Conveyance, defendant STEVEN FORKOSH has failed to make restitution to Blu for defendant STEVEN FORKOSH's Fraudulent Conveyance of Blu's business assets, wherefore an equitable obligation exists to account for the value of Blu's business assets.

240.    As a direct and proximate result of the foregoing, Blu has been damaged by defendant STEVEN FORKOSH in an amount to be determined at trial of the instant matter.

## COUNT XXXV
### (Accounting: Blu *ex rel*. LISA NAVARRO)

241.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

242.    As a result of defendant STEVEN FORKOSH's capacity as a director, executive officer, and managing member of Blu, defendant STEVEN FORKOSH owes fiduciary obligation to Blu and Blu's remaining equity holders; namely, plaintiff LISA NAVARRO by virtue of her fifty-percent (50%) equity stake in Blu accorded under the JV Agreement.

243.    Thus, defendant STEVEN FORKOSH is in a relation of a mutual and confidential nature to both Blu and plaintiff LISA NAVARRO, wherefore Blu's business assets were entrusted to defendant STEVEN FORKOSH imposing fiduciary obligations thereupon.

244.     By virtue of the foregoing, despite plaintiff LISA NAVARRO's status as a fifty-percent (50%) equity partner of Blu, no vote was ever held authorizing the Fraudulent Conveyance of the Blu's business assets to defendant TAPP INFLUENCERS CORP., nor did plaintiff LISA NAVARRO authorize the Fraudulent Conveyance of Blu's business assets thereto.

245.     By virtue of the Fraudulent Conveyance, defendant STEVEN FORKOSH breached said fiduciary obligations to Blu and Blu's remaining equity holders, as neither Blu nor defendant STEVEN FORKOSH received equivalent value for Blu's business assets, rendering Blu insolvent and/or Blu's remaining assets unreasonably small, rendering Blu's funds missing, unaccounted for, and/or abjectly looted by defendant STEVEN FORKOSH.

246.     By virtue of the foregoing, neither Blu nor plaintiff LISA NAVARRO have an adequate remedy at law as to ascertain the value of Blu's current business assets, whereupon Blu and plaintiff LISA NAVARRO are entitled to an equitable accounting.

## COUNT XXXVI
### (Dissolution: THE BLU MARKET LLC *ex rel*. LISA NAVARRO)
### [Limited Liability Company Law § 702]

247.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

248.     Plaintiff LISA NAVARRO is a fifty-percent (50%) equity partner of defendant THE BLU MARKET LLC under the JV Agreement, which, upon information and belief, by virtue of defendant STEVEN FORKOSH's Fraudulent Conveyance, is insolvent, indebted to creditors, inactive, and it is otherwise impracticable for defendant THE BLU MARKET LLC to carry on business under the JV Agreement.

249.     By virtue of the foregoing, defendant THE BLU MARKET LLC should be judicially dissolved pursuant to New York's Limited Liability Company Law § 702, with the remaining assets liquidated and distributed to creditors.

## COUNT XXXVII
## (Dissolution: THE BLU MARKET, INC. *ex rel*. LISA NAVARRO)
## [Busines Corporation Law § 1104-a]

250.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

251.    Plaintiff LISA NAVARRO is a fifty-percent (50%) equity partner of defendant THE BLU MARKET, INC. under the JV Agreement, which, upon information and belief, by virtue of defendant STEVEN FORKOSH's Fraudulent Conveyance and defendant STEVEN FORKOSH's other heretofore-described conduct, is insolvent, indebted to creditors, inactive, and it is otherwise impracticable for defendant THE BLU MARKET, INC. to carry on business under the JV Agreement, as a result of defendant STEVEN FORKOSH's illegal, fraudulent, and oppressive conduct, as well as defendant STEVEN FORKOSH's looting, wasting, and diversion for non-corporate purposes of defendant THE BLU MARKET, INC.'s assets.

252.    By virtue of the foregoing, defendant THE BLU MARKET, INC. should be judicially dissolved pursuant to New York's Business Corporation Law § 1104-a, with the remaining assets liquidated and distributed to creditors.

## COUNT XXXVIII
## (Reformation of the JV Agreement)

253.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

254.    By virtue of the foregoing, plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC were defrauded by defendant STEVEN FORKOSH's material misrepresentations of fact under the JV Agreement insofar as defendant STEVEN FORKOSH was already competing with plaintiff ESPIRE ADS LLC *via* defendant TAPP INFLUENCERS CORP. prior to and throughout the entirety of the JV Agreement, whereunder, as equal partners in the joint venture, defendant STEVEN FORKOSH owed plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC fiduciary

duties and, by virtue of the confidential relationship of trust imposed under the JV Agreement, warranted plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC to repose confidence and justifiable reliance upon defendant STEVEN FORKOSH's misrepresentations under the JV Agreement's restrictive covenants concerning non-competition, non-solicitation, and non-disclosure, which induced plaintiff LISA NAVARRO's and plaintiff ESPIRE ADS LLC's assent into the JV Agreement, damaging plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC.

255.    Additionally, at the time plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC assented to the JV Agreement, plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC were mistaken as to defendant STEVEN FORKOSH's existing competition with plaintiff ESPIRE ADS LLC, as well as defendant STEVEN FORKOSH's existing circumvention and solicitation of plaintiff ESPIRE ADS LLC's existing business, and disclosure of plaintiff ESPIRE ADS LLC's trade secrets and other such proprietary and confidential information.

256.    By virtue of the foregoing, neither plaintiff LISA NAVARRO nor plaintiff ESPIRE ADS LLC have an adequate remedy at law, as damages would be entirely insufficient to compensate for defendant STEVEN FORKOSH's foregoing irreparable harm inflected under the JV Agreement.

257.    By virtue of defendant STEVEN FORKOSH's foregoing violations of federal law and defendant STEVEN FORKOSH's fraudulent misrepresentations under the JV Agreement, equity decidedly dictates that the JV Agreement should be reformed to include plaintiff LISA NAVARRO and plaintiff ESPIRE ADS LLC as a fifty-percent (50%) owner of defendant TAPP INFLUENCERS CORP., and to substitute defendant TAPP INFLUENCERS CORP. for defendant THE BLU MARKET LLC and defendant THE BLU MARKET, INC.

### COUNT XXXIX
**(Piercing Blu's Corporate Veil against STEVEN FORKOSH)**

258.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all

paragraphs heretofore as if fully set forth herein.

259.    By virtue of the foregoing, defendant STEVEN FORKOSH exercised complete domination and control over defendant THE BLU MARKET LLC and defendant THE BLU MARKET, INC., utilizing the corporate vehicle of each jointly to defraud plaintiff LISA NAVARRO through the JV Agreement, resulting in each of defendant THE BLU MARKET LLC and defendant THE BLU MARKET, INC. devoid of assets in anticipation of impending liability thereagainst.

260.    By virtue of the foregoing, plaintiff LISA NAVARRO has been damaged and continues to sustain damages as a direct and proximate result of defendant STEVEN FORKOSH's utilization of defendant THE BLU MARKET LLC and defendant THE BLU MARKET, INC. to perpetuate a fraud against plaintiff LISA NAVARRO through the JV Agreement.

261.    By virtue of the foregoing, equity dictates that this Court disregard the corporate form of defendant THE BLU MARKET LLC and defendant THE BLU MARKET, INC. to hold defendant STEVEN FORKOSH personally liable for any and all damages inflicted upon plaintiff LISA NAVARRO by and through the JV Agreement.

## COUNT XL
### (Piercing TAPP INFLUENCERS CORP.'s Corporate Veil against TAPP MARKET INFLUENCERS LLC and against STEVEN FORKOSH)

262.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

263.    Upon information and belief, defendant TAPP MARKET INFLUENCERS LLC is a mere alter ego of defendant TAPP INFLUENCERS CORP., as defendant TAPP MARKET INFLUENCERS LLC was organized, dominated, and controlled by defendant TAPP INFLUENCERS CORP. to perpetuate the fraud inflicted upon plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by defendant TAPP INFLUENCERS CORP., to insulate defendant

TAPP INFLUENCERS CORP. from the consequences of defendant STEVEN FORKOSH's breach of the JV Agreement, and to insulate defendant TAPP INFLUENCERS CORP. from the consequences of their myriad heretofore described tortious conduct and statutory violations, whereupon plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO have been damaged and continue to sustain damages as a direct and proximate result of the foregoing.

264.    By virtue of the foregoing, defendant STEVEN FORKOSH's utilization of defendant TAPP INFLUENCERS CORP. and defendant TAPP MARKET INFLUENCERS LLC was organized, dominated, and controlled by defendant STEVEN FORKOSH to perpetuate his fraud inflicted upon plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by and through defendant TAPP INFLUENCERS CORP. and defendant TAPP MARKET INFLUENCERS LLC, to insulate defendant STEVEN FORKOSH from the consequences of his breach of the JV Agreement, and to insulate defendant STEVEN FORKOSH from the consequences of his myriad heretofore described tortious conduct and statutory violations, whereupon plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO have been damaged and continue to sustain damages as a direct and proximate result of the foregoing.

265.    By virtue of the foregoing, equity dictates that this Court disregard the corporate form of defendant TAPP INFLUENCERS CORP. and defendant TAPP MARKET INFLUENCERS LLC to hold defendant STEVEN FORKOSH personally liable for any and all damages inflicted upon plaintiff ESPIRE ADS LLC and plaintiff LISA NAVARRO by and through the heretofore described fraud perpetuated thereon.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs ESPIRE ADS LLC, THE BLU MARKET, INC. *ex rel.* LISA NAVARRO, THE BLU MARKET LLC *ex rel.* LISA NAVARRO, and LISA NAVARRO individually respectfully request the entry of judgment against defendants TAPP INFLUENCERS

CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, and JUSTIN EMERT as follows:

A.      Entering judgment in favor of Plaintiffs and against Defendants on all claims at law and/or predicated upon statutory violations for all damages suffered, including actual damages, statutory damages, exemplary damages, compensatory damages, consequential damages, incidental damages, reliance damages, expectation damages, and lost profits as set forth above;

B.      Awarding Plaintiffs all costs, disbursements, attorneys' fees, and pre-judgment interest thereon as authorized by statute, by agreement, and/or by common law;

C.      Granting all requested declaratory and injunctive relief on all equitable causes of action, including a permanent injunction in equity and/or authorized statute, an equitable accounting of defendant THE BLU MARKET, INC. and defendant THE BLU MARKET LLC and judicial dissolution thereof, reforming the JV Agreement substituting defendant TAPP INFLUENCERS CORP. for Blu, adjudicating and declaring that defendant STEVEN FORKOSH engaged in a fraudulent conveyance of Blu's business assets whereupon fifty-percent (50%) of defendant STEVEN FORKOSH's interest in defendant TAPP INFLUENCERS CORP. is the lawful property of plaintiff LISA NAVARRO, piercing defendant TAPP INFLUENCERS CORP.'s corporate veil to hold defendant TAPP MARKET INFLUENCERS LLC personally liable, and piercing all corporate veils holding defendant STEVEN FORKOSH personally liable;

D.      And granting such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs ESPIRE ADS LLC, THE BLU MARKET, INC. *ex rel.* LISA NAVARRO, THE BLU MARKET LLC *ex rel.* LISA NAVARRO, and LISA NAVARRO individually hereby demand a trial by jury on all issues so triable against defendants TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC,

STEVEN FORKOSH, BRENNAN KASTNER, and JUSTIN EMERT.

Dated:       New York, New York
             February 27th, 2021

                                    Yours etc.,
                                    **SUTTON SACHS MEYER PLLC**
                                    *Attorneys for Plaintiff*

                                    Zachary G. Meyer, Esq.
                                    Zachary G. Meyer, Esq.
                                    14 Penn Plaza, Suite 1315
                                    New York, NY 10122
                                    t. (212) 480-4357
                                    e. Zachary@ssm.law

To:    RICHARD HERZFELD, P.C.
       112 Madison Ave., 8th Fl.
       New York, NY 10016
       (212) 818-9019
       RHerzfeld@herzfeldlaw.com
       *Attorneys for All Defendants*

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

ECF Case No. 21-cv-10623 (JKG)

ESPIRE ADS LLC, THE BLU MARKET, INC., *ex rel.* LISA NAVARRO, THE BLU MARKET LLC, *ex rel.* LISA NAVARRO, and LISA NAVARRO individually,

*Plaintiffs*,

v.

TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, & JUSTIN EMERT,

*Defendants.*

**FIRST AMENDED VERIFIED COMPLAINT**

**SUTTON SACHS MEYER PLLC**
*Attorneys for Plaintiffs*
14 Penn Plaza, Ste. 1315
New York, NY 10122
e: Zachary@ssm.law
t: (212) 480-4357

Pursuant to Fed. R. Civ. P. 11, *et seq*., the undersigned, Zachary G. Meyer, Esq. hereby certifies to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that: (1) this document is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*By*: /s/ Zachary G. Meyer, Esq.