## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ESPIRE ADS LLC, et al., | : | Case No. 1:21-cv-10623 |
| | : | |
| Plaintiffs, | : | Consolidated with |
| | : | |
| -against- | : | Case No. 1:21-cv-11068 |
| | : | |
| TAPP INFLUENCERS CORP., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ------------------------------------------------------------- x | | |

### DEFENDANTS TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, AND JUSTIN EMERT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants TAPP Influencers Corp., TAPP Market Influencers LLC, the Blu Market, Inc., the Blu Market LLC, Steven Forkosh, Brennan Kastner, and Justin Emert ("Defendants"), by and through their undersigned attorneys, respectfully submit this Answer, Affirmative Defenses, and Counterclaims to Espire Ads LLC, The Blu Market, Inc., *ex rel*., Lisa Navarro, The Blu Market LLC, *ex rel*., Lisa Navarro, and Lisa Navarro individually (jointly, "Plaintiffs") Second Amended Complaint ("SAC"), dated April 26, 2023.  Defendants hereby answer as follows:

### PRELIMINARY STATEMENT[1]

1.    The allegations in paragraph 1 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants admit that Plaintiffs allege a Defend Trade Secrets Act" of 2016 [18 U.S.C. §§ 1831, *et seq*.] ("DTSA") claim and a "Copyright Act of 1976" [17 U.S.C. §§ 101, *et seq*.] claim for direct and contributory infringement of Espire's

---

[1]    For ease of reference, Defendants are using Plaintiffs' section titles in their Answer, but in no way admit to any of the allegations or characterizations contained therein.

mobile and web application source code.  No response is required for the "Racketeer Influenced & Corrupt Organizations Act" of 1970 [18 U.S.C. §§ 1962, *et seq*.] ("RICO") claim, the "Computer Fraud & Abuse Act" of 1986 [18 U.S.C. §§ 1030, *et seq*.] ("CFAA") claim, the "Sherman Anti-Trust Act" of 1890 [15 U.S.C. §§ 1, *et seq*.] claim, and the New York's "Donnelly Act" of 1899 [New York General Business Law ("GBL") §§ 340-47] claim, as those claims have been dismissed pursuant to Judge Koeltl's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants otherwise deny the allegations contained in paragraph 1 of the SAC.

2.      The allegations in paragraph 2 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 2 of the SAC.

3.      The allegations in paragraph 3 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the SAC.

4.      The allegations in paragraph 4 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 4 of the SAC, except admit that Steven Forkosh is Blu Market's President and Managing Member.

## JURISDICTION & VENUE

5.      The allegations contained in paragraph 5 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the SAC.

6.      The allegations contained in paragraph 6 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 6 of the SAC, except admit that Defendant Forkosh resides in the Southern District of New York and that the Blu and TAPP entities transact business out of New York.

## THE PARTIES

7.      Defendants admit the allegations in paragraph 7 of the SAC.

8.      Defendants admit the allegations in paragraph 8 of the SAC.

9.      Defendants admit the allegations in paragraph 9 of the SAC.

10.      Defendants admit the allegations in paragraph 10 of the SAC.

11.      Defendants admit the allegations in paragraph 11 of the SAC.

12.      Defendants admit the allegations in paragraph 12 of the SAC.

13.      Defendants admit the allegations in paragraph 13 of the SAC.

14.      Defendants deny the allegations in paragraph 14 of the SAC, except admit that Brennan Kastner is a natural person.

15.      Defendants deny the allegations in paragraph 15 of the SAC, except admit that Justin Emert is a natural person.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

A.      **Plaintiff Espire Ads LLC.**

16.      Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the SAC.

17.      Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17 of the SAC.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the SAC.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the SAC.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of the SAC.

21.     The allegations in paragraph 21 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 21 of the SAC and respectfully refer the Court to the July 28, 2017 amended and restated operating agreement.

22.     Defendant deny the allegations contained in paragraph 22 of the SAC.

23.     The allegations in paragraph 23 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 23 of the SAC.

24.     The allegations contained in paragraph 24 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 24 of the SAC.

25.     The allegations contained in paragraph 25 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 25 of the SAC and respectfully refer the Court to the Independent Contractor Agreement dated May 18, 2020 for a full description of its contents.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the SAC.

27.     The allegations contained in paragraph 27 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 27 of the SAC.

**B.     Defendant The BLU MARKET, INC. & Defendant THE BLU MARKET LLC**

28.     Defendants deny the allegations contained in paragraph 28 of the SAC and respectfully refer the Court to Judge Koeltl's February 13, 2023 Memorandum Opinion and Order, which denied Plaintiffs' attempt to pierce the corporate veil, except admit that Defendants THE BLU MARKET, INC. and THE BLU MARKET LLC are influencer social network and management companies.

29.     Defendants admit the allegations in paragraph 29 of the SAC.

30.     The allegations contained in paragraph 30 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 30 of the SAC.

**C.     The Joint Venture Agreement**

31.     Defendants deny the allegations contained in paragraph 31 of the SAC.

32.     Defendants deny the allegations contained in paragraph 32 of the SAC, except admit that in early 2020, defendant Steven Forkosh and Lisa Navarro engaged in negotiations concerning a potential joint venture agreement between plaintiff Espire Ads LLC and defendant Blu Market Inc.

33.     The allegations contained in paragraph 33 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 33 of the SAC.

34.     The allegations in paragraph 34 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 34 of the SAC.

35.     Defendants deny the allegations contained in paragraph 35 of the SAC.

36.     The allegations contained in paragraph 36 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 36 of the SAC.

37.     The allegations contained in paragraph 37 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 37 of the SAC.

38.     The allegations contained in paragraph 38 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of the SAC.

**D.     Defendant TAPP INFLUENCERS CORP.**

39.     Defendants deny the allegations contained in paragraph 39 of the SAC, except admit that, on September 25, 2020, defendant TAPP INFLUENCERS CORP was incorporated.

40.     Defendants admit the allegations contained in paragraph 40 of the SAC.

41.     Defendants deny the allegations contained in paragraph 41 of the SAC, except admit that defendant Steven Forkosh holds the position of President at defendant TAPP Influencers Corp.

42.     The allegations in paragraph 42 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 42 of the SAC.

43.     Defendants deny the allegations contained in paragraph 43 of the SAC.

44.     Defendant deny the allegations contained in paragraph 44 of the SAC.

45.     Defendants deny the allegations contained in paragraph 45 of the SAC.

46.     The allegations in paragraph 46 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 46 of the SAC.

47.     Defendants deny the allegations contained in paragraph 47 of the SAC.

48.     The allegations in paragraph 48 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 48 of the SAC.

49.     The allegations in paragraph 49 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 49 of the SAC.

50.     Defendants deny the allegations contained in paragraph 50 of the SAC.

51.     The allegations contained in paragraph 51 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 51 of the SAC.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 52 of the SAC, except admit that the system

administrator for defendant TAPP Influencers Corp.'s mobile and web applications was defendant Brennan Kastner.

53.      Defendants deny knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 53 of the SAC.

54.      The allegations contained in paragraph contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 54 of the SAC.

55.      Defendants deny the allegations contained in paragraph 55 of the SAC.

56.      Defendants deny the allegations contained in paragraph 56 of the SAC.

57.      Defendants deny the allegations contained in paragraph 57 of the SAC.

58.      The allegations contained in paragraph 58 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 58 of the SAC.

59.      Defendants deny the allegations contained in paragraph 59 of the SAC.

60.      Defendants deny the allegations contained in paragraph 60 of the SAC.

61.      Defendants deny the allegations contained in paragraph 61 of the SAC.

62.      Defendants deny the allegations contained in paragraph 62 of the SAC.

63.      Defendants deny the allegations contained in paragraph 63 of the SAC.

**E.      Defendants Hack Plaintiff ESPIRE ADS LLC.**

64.      Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 64 of the SAC.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 65 of the SAC, except deny the allegation that a user from Tapp.co logged into the administrator area of plaintiff ESPIRE ADS LLC's server.

66.     The allegations contained in paragraph 66 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 66 of the SAC.

67.     The allegations contained in paragraph 67 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the SAC.

68.     The allegations contained in paragraph 68 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the SAC.

**F.     Defendant STEVEN FORKOSH's Fraudulent Conveyance of Blu's Business Assets.**

69.     The allegations in paragraph 69 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 69 of the SAC.

70.     The allegations in paragraph 70 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 70 of the SAC.

71.     Defendants deny the allegations in paragraph 71 of the SAC.

**G.     Defendant STEVEN FORKOSH's Mid-Litigation Sale of Espire's Assets.**

72.     Defendants deny the allegations contained in paragraph 72 of the SAC.

73.     Defendants deny the allegations contained in paragraph 73 of the SAC.

74.     Defendants admit the allegations contained in paragraph 74 of the SAC.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 75 of the SAC.

76.     The allegations contained in paragraph 76 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 76 of the SAC.

## COUNT I
## (TRADE SECRET MISAPPROPRIATION [18 U.S.C. § 1836(B)])

77.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-76 as if fully set forth herein.

78.     The allegations contained in paragraph 78 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 78 of the SAC.

79.     Defendants deny knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 79 of the SAC.

80.     Defendants deny knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 80 of the SAC.

81.     Defendants deny the allegations contained in paragraph 81 of the SAC.

82.     Defendants deny the allegations contained in paragraph 82 of the SAC.

83.     Defendants deny the allegations contained in paragraph 83 of the SAC.

84.     Defendants deny the allegations contained in paragraph 84 of the SAC.

85.     The allegations contained in paragraph 85 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 85 of the SAC.

86.     The allegations contained in paragraph 86 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 86 of the SAC.

## COUNT II
### (Unfair Competition Against All Defendants)

87.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-86 as if fully set forth herein.

88.     No response is required because Count II of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 88 of the SAC.

89.     No response is required because Count II of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 89 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 89 of the SAC.

90.     No response is required because Count II of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 90 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 90 of the SAC.

## COUNT III
### (Tortious Interference against TAPP INFLUENCERS CORP.)

91.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-90 as if fully set forth herein.

92.     Defendants deny the allegations contained in paragraph 92 of the SAC.

93.     The allegations contained in paragraph 93 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegation contained in paragraph 93 of the SAC.

94.     Defendants deny the allegations contained in paragraph 94 of the SAC.

95.     Defendants deny the allegations contained in paragraph 95 of the SAC.

96.     The allegations contained in paragraph 96 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegation contained in paragraph 96 of the SAC.

**COUNT IV**
**(Injurious Falsehood against TAPP INFLUENCERS CORP.)**

97.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-96 as if fully set forth herein.

98.     No response is required because Count IV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 98 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 98 of the SAC.

99.     No response is required because Count IV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 99 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 99 of the SAC.

**COUNT V**
**(Breach of Contract against STEVEN FORKOSH)**

100.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-99 as if fully set forth herein.

101.    The allegations in paragraph 101 of the SAC contain legal conclusion to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 101 of the SAC and respectfully refer the court to the contents of the alleged JV Agreement.

102.    The allegations in paragraph 102 of the SAC contain legal conclusion to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 102 of the SAC and respectfully refer the court to the contents of the alleged JV Agreement.

103.    Defendants deny the allegations contained in paragraph 103 of the SAC.

104.    The allegations in paragraph 104 of the SAC contain legal conclusion to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 104 of the SAC and respectfully refer the court to the contents of the alleged JV Agreement.

105.    The allegations in paragraph 105 of the SAC contain legal conclusion to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 105 of the SAC.

## COUNT VI
### (Fraud against STEVEN FORKOSH)

106.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-105 as if fully set forth herein.

107.    No response is required because Count VI of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 107 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 107 of the SAC.

108.     No response is required because Count IV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 108 of the SAC.

109.     No response is required because Count IV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 109 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 109 of the SAC.

<u>**COUNT VII**</u>
**(Constructive Fraud against STEVEN FORKOSH)**

110.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-109 as if fully set forth herein.

111.     No response is required because Count VII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 111 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 111 of the SAC.

112.     No response is required because Count VII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 112 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 112 of the SAC.

113.     No response is required because Count VII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 113 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of the SAC.

## COUNT VIII
### (Fraudulent Concealment against STEVEN FORKOSH)

114.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-113 as if fully set forth herein.

115.    No response is required because Count VIII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 115 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of the SAC.

116.    No response is required because Count VIII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 116 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of the SAC.

## COUNT IX
### (Breach of Implied Covenant of Good Faith & Fair Dealing against STEVEN FORKOSH)

117.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-116 as if fully set forth herein.

118.    No response is required because Count IX of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 118 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 118 of the SAC.

119.    No response is required because Count IX of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 119 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 119 of the SAC.

## COUNT X
**(Breach of Fiduciary Duty against STEVEN FORKOSH)**

120.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-119 as if fully set forth herein.

121.    The allegations in paragraph 121 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is owed, Defendants deny the allegations in paragraph 121.

122.    Defendants deny the allegations contained in paragraph 122 of the SAC.

123.    The allegations in paragraph 123 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is owed, Defendants deny the allegations in paragraph 123.

## COUNT XI
**(Tortious Interference against STEVEN FORKOSH)**

124.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-123 as if fully set forth herein.

125.    Defendants deny the allegations contained in paragraph 125 of the SAC.

126.    Defendants deny the allegations contained in paragraph 126 of the SAC.

127.    Defendants deny the allegations contained in paragraph 127 of the SAC.

128.    The allegations in paragraph 128 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is owed, Defendants deny the allegations contained in paragraph 128.

## COUNT XII
**(Breach of Contract against JUSTIN EMERT)**

129.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-128 as if fully set forth herein.

130.    The allegations contained in paragraph 130 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 130 of the SAC.

131.    The allegations contained in paragraph 131 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 131 of the SAC.

132.    The allegations contained in paragraph 132 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 132 of the SAC.

**COUNT XIII**
**(Breach of Implied Covenant of Good Faith & Fair Dealing against Justin Emert)**

133.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-132 as if fully set forth herein.

134.    No response is required because Count XIII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 134 of the SAC.

135.    No response is required because Count XIII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 135 of the SAC otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 135 of the SAC.

**COUNT XIV**
**(Breach of Fiduciary Duty against Justin Emert)**

136.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-135 as if fully set forth herein.

137.    Paragraph 137 of the SAC contains legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 137 of the SAC.

138.    Paragraph 138 of the SAC contains legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 138 of the SAC.

**COUNT XV**
**(Tortious Interference Against JUSTIN EMERT)**

139.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-138 as if fully set forth herein.

140.    No response is required because Count XV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 140 of the SAC.

141.    No response is required because Count XV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 141 of the SAC.

142.    No response is required because Count XV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 142 of the SAC.

143.    No response is required because Count XV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 143 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 143 of the SAC.

## COUNT XVI
## (Breach of Contract against BRENNAN KASTNER)

144.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-143 as if fully set forth herein.

145.    No response is required because Count XVI of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and paragraph 145 otherwise contains legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 145 of the SAC.

146.    No response is required because Count XVI of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 146 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the SAC.

147.    No response is required because Count XVI of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 147 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 147 of the SAC.

148.    No response is required because Count XVI of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 148 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 148 of the SAC.

149.    No response is required because Count XVI of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 149 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 149 of the SAC.

## COUNT XVII
### (Breach of Implied Covenant of Good Faith & Fair Dealing against BRENNAN KASTNER)

150.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-149 as if fully set forth herein.

151.    No response is required because Count XVII of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 151 of the SAC.

152.    No response is required because Count XVII of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 152 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 152 of the SAC.

## COUNT XVIII
### (Breach of Fiduciary Duty against BRENNAN KASTNER)

153.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-152 as if fully set forth herein.

154.    No response is required because Count XVIII of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's

February 13, 2023 Memorandum Opinion and Order, and the allegations in paragraph 154 of the SAC otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 154 of the SAC.

155.    No response is required because Count XVIII of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations in paragraph 155 of the SAC otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 155 of the SAC.

### COUNT XIX
**(Tortious Interference against BRENNAN KASTNER)**

156.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-155 as if fully set forth herein.

157.    No response is required because Count XIX of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 157 of the SAC.

158.    No response is required because Count XIX of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 158 of the SAC.

159.    No response is required Count XIX of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 159 of the SAC.

160.     No response is required because Count XIX of Plaintiffs' SAC has been transferred to the United States District Court for the Central District of California by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 160 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 160 of the SAC.

**COUNT XX**
**(CFAA Violation against TAPP INFLUENCERS CORP.) [18 U.S.C. § 1030(g)])**

161.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-160 as if fully set forth herein.

162.     No response is required because Count XX of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 162 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 162 of the SAC.

163.     No response is required because Count XX of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 163 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 163 of the SAC.

**COUNT XXI**
**(CFAA Violation against STEVEN FORKOSH [18 U.S.C. § 1030(g)])**

164.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-163 as if fully set forth herein.

165.    No response is required because Count XXI of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 165 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 165 of the SAC.

166.    No response is required because Count XXI of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 166 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 166 of the SAC.

## COUNT XXII
### (CFAA Violation against JUSTIN EMERT) [18 U.S.C. § 1030(g)])

167.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-166 as if fully set forth herein.

168.    No response is required because Count XXII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 168 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 168 of the SAC.

169.    No response is required because Count XXII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 169 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 169 of the SAC.

## COUNT XXIII
### (CFAA Violation against BRENNAN KASTNER) [18 U.S.C. § 1030(g)])

170.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-169 as if fully set forth herein.

171.    No response is required because Count XXIII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 171 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 171 of the SAC.

172.    No response is required because Count XXIII of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 172 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 172 of the SAC.

## COUNT XXIV
### (Conspiracy to Violate CFAA against All Defendants [18 U.S.C. § 1030(b)])

173.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-172 as if fully set forth herein.

174.    No response is required because Count XXIV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 174 of the SAC otherwise contain legal conclusions to which no response is owed. To the extent a response is required, Defendants deny the allegations contained in paragraph 174 of the SAC.

175.    No response is required because Count XXIV of Plaintiffs' SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 175 of the SAC otherwise contain legal conclusions to which no response is owed.   To the extent a response is required, Defendants deny the allegations contained in paragraph 175 of the SAC.

## COUNT XXV
### (Direct Copyright Infringement against TAPP INFLUENCERS CORP. [17 U.S.C. §§ 501, *et seq.*])

176.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-175 as if fully set forth herein.

177.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 177 of the SAC.

178.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 178 of the SAC.

179.    Defendants deny the allegations contained in paragraph 179 of the SAC.

180.    Defendants deny the allegations contained in paragraph 180 of the SAC.

181.    Defendants deny the allegations contained in paragraph 181 of the SAC.

182.    Defendants deny the allegations contained in paragraph 182 of the SAC.

183.    The allegations contained in paragraph 183 contain legal conclusions to which no response is owed.   To the extent a response is required, Defendants deny the allegations contained in paragraph 183 of the SAC.

184.    The allegations contained in paragraph 184 contain legal conclusions to which no response is owed.   To the extent a response is required, Defendants deny the allegations contained in paragraph 184 of the SAC.

## COUNT XXVI
### (Contributory Copyright Infringement)

185.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-184 as if fully set forth herein.

186.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 186 of the SAC.

187.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 187 of the SAC.

188.    Defendants deny the allegations contained in paragraph 188 of the SAC.

189.    Defendants deny the allegations contained in paragraph 189 of the SAC.

190.    Defendants deny the allegations contained in paragraph 190 of the SAC.

191.    The allegations contained in paragraph 191 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 191 of the SAC.

192.    The allegations contained in paragraph 192 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 192 of the SAC.

## COUNT XXVII
### (Restraint of Trade: Sherman Anti-Trust Act Violation)

193.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-192 as if fully set forth herein.

194.    No response is required because Count XXVII of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 194 of the SAC.

195.    No response is required because Count XXVII of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 195 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 195 of the SAC.

196.    No response is required because Count XXVII of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 196 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 196 of the SAC.

## COUNT XXVIII
### (Restraint of Trade: Donnelly Act Violation)

197.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-196 as if fully set forth herein.

198.    No response is required because Count XXVIII of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 198 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 198 of the SAC.

199.    No response is required because Count XXVIII of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 199 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 199 of the SAC.

200.    No response is required because Count XXVIII of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 200 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 200 of the SAC.

## COUNT XXIX
**(Violation of the Racketeer Influenced & Corrupt Organizations Act)**

201.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-200 as if fully set forth herein.

202.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 202 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 202 of the SAC.

203.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 203 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 203 of the SAC.

204.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 204 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 204 of the SAC.

205.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 205 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 205 of the SAC.

206.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 206 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 206 of the SAC.

28

207.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 207 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 207 of the SAC.

208.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 208 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 208 of the SAC.

209.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 209 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 209 of the SAC.

210.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 210 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 210 of the SAC.

211.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 211 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 211 of the SAC.

212.    No response is required because Count XXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in

paragraph 212 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 212 of the SAC.

**COUNT XXX**
**(Permanent Injunction)**

213.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-212 as if fully set forth herein.

214.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 214 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 214 of the SAC.

215.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 215 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 215 of the SAC.

216.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 216 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 216 of the SAC and respectfully refer the court to the "JV Agreement" for an accurate description of its contents.

217.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 217 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 217 of the SAC

and respectfully refer the Court to the July 26, 2017 Amended and Restated Operating Agreement for an accurate description of its contents.

218.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations in paragraph 218 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 218 of the SAC and respectfully refer the Court to the Independent Contractor Agreement dated May 18, 2018 for an accurate description of its contents.

219.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 219 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 219 of the SAC.

220.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 220 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 220 of the SAC.

221.    No response is required because Count XXX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 221 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 221 of the SAC.

### COUNT XXXI
### (Fraudulent Conveyance)

222.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-221 as if fully set forth herein.

223.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 223 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 223 of the SAC.

224.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 224 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 224 of the SAC.

225.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 225 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 225 of the SAC.

226.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 226 of the SAC.

227.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 227 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 227 of the SAC.

228.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 228 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 228 of the SAC.

229.     No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 229 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 229 of the SAC.

230.     No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 230 otherwise contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 230 of the SAC.

### COUNT XXXII
**(Breach of Fiduciary Duty: Blu *ex rel.* LISA NAVARRO against STEVEN FORKOSH)**

231.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-230 as if fully set forth herein.

232.     The allegations contained in paragraph 232 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 232 of the SAC.

233.     The allegations contained in paragraph 233 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 233 of the SAC.

234.     The allegations contained in paragraph 234 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 234 of the SAC.

235.     The allegations contained in paragraph 235 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the

allegation that Lisa Navarro is a fifty-percent equity partner of Blu, except admit that Lisa Navarro did not authorize the sale of Blu's business assets.

236.     The allegations contained in paragraph 236 contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 236 of the SAC.

**COUNT XXXIII**
**(Conversion Blu *ex rel.* LISA NAVARRO against STEVEN FORKOSH)**

237.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-236 as if fully set forth herein.

238.     The allegations contained in paragraph 238 contain legal conclusions to which no response is owed.   To the extent a response is required, Defendants deny the allegations contain in paragraph 238 of the SAC.

239.     The allegations contained in paragraph 239 contain legal conclusions to which no response is owed.   To the extent a response is required, Defendants deny the allegations contained in paragraph 239 of the SAC.

240.     The allegations contained in paragraph 240 contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 240 of the SAC.

241.     The allegations contained in paragraph 241 contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 241 of the SAC.

## COUNT XXXIV
### (Unjust Enrichment: Blu *ex rel*. LISA NAVARRO against STEVEN FORKOSH)

242.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-241 as if fully set forth herein.

243.    Defendants deny the allegations contained in paragraph 243 of the SAC, except admit that Lisa Navarro did not authorize the sale of Blu's business assets to defendant TAPP Influencers Corp.

244.    The allegations contained in paragraph 244 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 244 of the SAC.

245.    The allegations contained in paragraph 245 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 245 of the SAC.

## COUNT XXXV
### (Accounting: Blu *ex rel*. LISA NAVARRO)

246.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-245 as if fully set forth herein.

247.    The allegations contained in paragraph 247 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 247 of the SAC, except admit that Steven Forkosh is a the managing member of Blu Market LLC and the President of Blu Market Inc.

248.    The allegations contained in paragraph 248 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny that Steven Forkosh is in a relation of a mutual and confidential nature to plaintiff Lisa Navarro.

249.     Defendants deny the allegations contained in paragraph 249 of the SAC, except admit that plaintiff Lisa Navarro did not authorize the sale of Blu's business assets.

250.     Defendants deny the allegations contained in paragraph 250 of the SAC.

251.     The allegations contained in paragraph 251 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contain in paragraph 251 of the SAC.

**COUNT XXXVI**
**(Dissolution: THE BLU MARKET LLC *ex rel*. LISA NAVARRO)**

252.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-251 as if fully set forth herein.

253.     The allegations in paragraph 253 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 253 of the SAC.

254.     The allegations contained in paragraph 254 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 254.

**COUNT XXXVII**
**(Dissolution: THE BLU MARKET, INC. *ex rel*. LISA NAVARRO)**

255.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-254 as if fully set forth herein.

256.     The allegations contained in paragraph 256 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations in paragraph 256 of the SAC.

257.     The allegations in paragraph 257 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 257 of the SAC.

## COUNT XXXVIII
### (Reformation of the JV Agreement)

258.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-257 as if fully set forth herein.

259.     The allegations contained in paragraph 259 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 259 of the SAC.

260.     Defendants deny the allegations contained in paragraph 260 of the SAC.

261.     The allegations contained in paragraph 261 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 261.

262.     The allegations contained in paragraph 262 contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 262.

## COUNT XXXIX
### (Piercing Blu's Corporate Veil against STEVEN FORKOSH)

263.     Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-262 as if fully set forth herein.

264.     No response is required because Count XXXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 264 of the SAC.

265.    No response is required because Count XXXIX of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 265 of the SAC.

266.    No response is required because Count XXXI of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations in paragraph 266 otherwise contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 266 of the SAC.

<u>**COUNT XL**</u>
**(Piercing TAPP INFLUENCERS CORP.'s Corporate Veil against TAPP MARKET INFLUENCERS LLC and against STEVEN FORKOSH)**

267.    Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-266 as if fully set forth herein.

268.    No response is required because Count XL of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 268 of the SAC.

269.    No response is required because Count XL of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order.  To the extent a response is required, Defendants deny the allegations contained in paragraph 269 of the SAC.

270.    No response is required because Count XL of the SAC has been dismissed by this Court's February 13, 2023 Memorandum Opinion and Order, and the allegations contained in paragraph 270 of the SAC otherwise contain legal conclusions to which no response is owed.  To

the extent a response is required, Defendants deny the allegations contained in paragraph 270 of the SAC.

**COUNT XLI**
**(Unjust Enrichment against defendant STEVEN FORKOSH)**

271.   Defendants repeat and incorporate by reference Defendants' responses to paragraphs 1-270 as if fully set forth herein.

272.   Defendants deny the allegations contained in paragraph 272 of the SAC.

273.   The allegations contained in paragraph 273 of the SAC contain legal conclusions to which no response is owed.  To the extent a response is required, Defendants deny the allegations contained in paragraph 273 of the SAC.

**PRAYER FOR RELIEF**

Defendants admit that the Plaintiffs seek the remedies stated in this un-numbered paragraph on page 65 of the SAC, but deny that the Plaintiffs are entitled to judgment in their favor or any of the remedies listed in A to D of this un-numbered paragraph, or to any other damages, costs, or relief from Defendants.

**DEMAND FOR JURY TRIAL**

Defendants demand trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants further plead the following affirmative defenses to the claims alleged in the SAC:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state, in whole or in part, a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims for breach of contract against Steven Forkosh fail because the August 28, 2020 JV Agreement (the "JV Agreement") fails for indefiniteness.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of contract against Steven Forkosh fail because the conditions precedent to closing were not met.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or damages are barred, in whole or in part, by lack of causation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs breached their obligations under the Independent Contractor Agreement dated May 18, 2020.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs breached their obligations under the July 26, 2017 Amended and Restated Operating Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any recovery from Defendants would result in their unjust enrichment and/or a duplicative recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine bad faith.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, should be reduced because of its failure to mitigate.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs breached their obligations under the JV Agreement.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief are barred because they have available an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Certain of Plaintiffs' claims are barred by the applicable statutes of limitations and/or statutes of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by documentary evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not suffered any actual injury or damages as a result of the conduct alleged in the Second Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that Plaintiffs' damages, if any, are too speculative to be recovered and cannot be established to a reasonable certainty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are offset, in whole or in part, pursuant to CPLR § 203(d) and Defendants' Counterclaims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants deny the existence of any duty to Plaintiffs.  If any duty is found to have existed, Defendants deny violating any duty owed to Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for unjust enrichment is barred because Defendants have not accepted or retained any benefit under circumstances where it would be inequitable for Defendants to do so.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of release, accord and satisfaction, res judicata, collateral estoppel, laches, estoppel, and/or law of the case.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or ratification.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for breach of contract as against Defendants fails to state a claim.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserve its right to amend this answer to assert such a defense.

## DEFENDANTS' COUNTERCLAIMS

Pursuant to CPLR 203(d), Counterclaimants the Blu Market, Inc., Blu Market LLC, and Steven Forkosh ("Counterclaimants") hereby assert the following claims against Espire Ads LLC and Lisa Navarro individually as follows:

## PRELIMINARY STATEMENT

1.      As set forth in their Answer and Affirmative Defenses, the Espire Defendants vehemently deny the Espire Plaintiffs' bold accusation that the Espire Defendants misappropriated Espire's trade secrets.

2.      Nevertheless, even if the Court were to sustain the Espire Plaintiffs' contentions--which are entirely meritless--any recovery the Espire Plaintiffs' may be awarded should be offset, pursuant to CPLR 203(d) and the doctrine of unclean hands, due to the Espire Plaintiffs' own initial misappropriation and conversion of Counterclaimants' trade secrets and business assets.

3.      In particular, and as set forth in more detail below, in July of 2017, Counterclaim Defendant Lisa Navarro executed a plan to strip Blu Market of its customers, business opportunities, business models, internal logistical and operational procedures, the formatting, third party layering and networking tools for Blu Market technology, its financial information, contract templates, software wherewithal, confidential personal information for its customers and influencers, its employees and its funds.

4.      Navarro misappropriated Blu Market's trade secrets and business assets to prop up Espire Ads and illegitimately compete with Counterclaimants.

5.      Accordingly, New York law and equity dictate that Navarro and Espire may not recover affirmatively when it was they who committed the initial misappropriation and conversion of Counterclaimants' trade secrets and assets.

## PARTIES

6.      Counterclaimant Blu Market Inc. is a New York corporation with its principal place of business at 400 Broome Street, 11th Floor, New York, New York 10013.

7.      Counterclaimant Blu Market LLC is a Delaware limited liability company listing a registered agent service address of c/o Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.

8.      Counterclaimant Steven Forkosh is an individual residing in New York, New York.

9.      Counterclaim Defendant Espire Ads LLC is a Delaware limited liability company organized on May 11th, 2015, with a principal place of business located at 3610 Central Avenue, Riverside CA 92506 and an appointed registered agent address of 221 N. Broad St., Ste. 3A, New Castle, DE 19709.

10.     Counterclaim Defendant Lisa Navarro is an individual residing in the State of California in the County of Riverside, as well as the managing-member of plaintiff ESPIRE ADS LLC.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of Counterclaimants' state law claims pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Counterclaimants' claims occurred in this District. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Counterclaim Defendants are subject to this Court's personal jurisdiction.

## FACTS

13.     In June 2013, Forkosh formed Blu Market, a social media influencer marketing firm.

14.     Blu market engaged in social media influencer advertising as an intermediary. Customers would engage Blu Market for purposes of advertising their products through social

media.  Blue Market would, in turn, engage an "affiliate" or "influencer" on social media who would promote the product through their social media page(s) to their followers.

15.     Navarro joined Blu Market during 2013 or 2014 as an employee.

16.     At the time that Navarro commenced her employment at Blu Market, she entered into a non-disclosure agreement with Blu Market (the "Non-Disclosure Agreement").  The Non-Disclosure Agreement was a common form contract that was signed by all employees of Blu Market without material changes to its terms.

17.     The Non-Disclosure Agreement provided, among other things, that: (i) each party agrees to hold Confidential Information in confidence and to not use or disclose it to a third party for a period of two (2) years from the date of initial disclosure of Confidential Information" (§ 4), and (ii) "the Receiving Party shall protect the Confidential Information by using the same degree of care, but no less than a reasonable degree of care (including reasonable security measures), to prevent the unauthorized use, dissemination or publication of Confidential Information as the Receiving Party uses to protect its own confidential information of like nature" (*id.*).

18.     Section 1 of the Non-Disclosure Agreement further defined "Confidential Information" to mean "the proprietary information exchanged between the parties, which includes, without limitation, information (tangible or intangible) regarding a party's technology, designs, techniques, research, know-how, specifications, product plans, pricing, customer information, user data, current or future strategic information, current or future business plans, policies or practices, employee information, and other business and technical information which is (i) marked 'confidential' or 'proprietary' at the time of disclosure by the disclosing party (the 'Disclosing Party'); or (ii) by its nature or content is reasonably distinguishable as confidential or proprietary to the party receiving the Confidential Information (the 'Receiving Party')."

19.     After joining Blu Market, Navarro's responsibilities increased from initially serving as Forkosh's executive assistant to interfacing with clients and partners.   As her interactions with clients and partners gradually increased, Navarro took on the self-proclaimed title of Blu Market's Chief of Operations.   Ultimately, Navarro was charged with approving invoices and making payments on behalf of the company to employees, influencers, and vendors, which required that she be granted access to Blu Market's financial assets and records, influencer contacts, and clients.   Navarro was also responsible for overseeing social media accounts, monitoring and responding to comments from social media influencers, managing social media engagement events, and managing the general day-to-day affairs of the business.   These responsibilities required that Navarro have access to Blu Market's confidential and proprietary information, including its confidential business development plans, its confidential marketing plans, advertiser lists, affiliate lists, and various tools required to operate its business.   Specifically, Navarro had access to Blu Market's formatting tools, third-party layering tools, and networking tools.   Navarro also had access to Blu Market's confidential technology, internal logistical and operational procedures, business relations, financial information, contract templates, and software.

20.     Navarro also regularly interfaced with Blu Market's clients (*i.e.,* advertisers) and affiliates (*i.e.,* influencers).   For purposes of those interactions, Navarro was also provided with access to confidential information concerning Blu Market's clients and affiliates.

21.     The confidential information to which Navarro had access constitute trade secrets because the disclosure of that information, which was used in Blu Market's regular business operations, would have provided Blu Market's competitors with an advantage over Blu Market if it were disclosed.   As such, Plaintiffs took significant precautions to ensure that this information was not publicly disclosed.   To that end, Plaintiffs employed best-in-class practices and policies

to safeguard its trade secrets and the knowledge of how its trade secrets were developed.  Blu Market's safeguards primarily consisted of internal cybersecurity policies and practices, physical barriers, and legal protections, such as non-disclosure agreements.  Moreover, Plaintiffs only divulged the information to its employees on a need-to-know basis.

22.     As a result of Navarro's position, she had a need to know this information for purposes of her operational responsibilities.  Navarro also had access to Blu Market's bank accounts and credit cards due to her operational responsibility to approve invoices and make payments on behalf of the company to employees, influencers, and vendors.  Navarro was thus in a confidential relationship with Blu Market.

23.     Unbeknownst to Forkosh, Navarro—motivated by knowledge of how lucrative Blu Market's business had become under Forkosh's leadership—embarked upon a fraudulent scheme to hijack Blu Market's business.  In July 2017, after years of planning and preparation, Navarro executed on her scheme to steal Blu Market's business and launch Espire.

24.     Upon information and belief, Navarro recruited Blu Market employees, such as Co, Punay, Justin Emert, Eric Radke, Nick Dimartino, and Alex Vazquez, and induced them to leave Blu Market and to join Espire in exchange for equity in Espire.  Through her scheme, Navarro orchestrated having these employees steal Blu Market's trade secrets, including its business plans, marketing plans, pitch decks, influencer information, and Tunes files for the benefit of Espire. These confidential documents included Blu Market's price structures for clients and payment structures for affiliates.  Navarro herself arranged for the export of a list of approximately 12,000 of Blu Market's influencer contacts so that she could use them for Espire's business.

25.     Navarro and the employees then used their direct access to Blu Market's system to communicate directly with Blu Market's advertisers and influencers and to create systems and

infrastructure for Espire that mimicked those used by Blu Market.  For example, Navarro copied Blu Market's contracts verbatim, and filed copyrights for desktop and mobile applications for Espire that are, upon information and belief, based on code and applications from Blu Market.

26.    Navarro and her conspirators then reached out to Blu Market's clients to advise them of a coming "transition" from Blu Market to Espire, while Navarro and her conspirators were still ostensibly employed by Blu Market.

27.    Navarro also used her access to Blu Market's bank accounts to entice Blu Market's influencers to come with her to Espire.  Specifically, Navarro used Blu Market credit cards to pay these influencers a premium to join Espire, and threatened that if the influencers chose to stay at Blu Market, they would never be paid the money they were owed. In total, Navarro and her conspirators caused approximately $750,000 in credit card debt to Forkosh and Blu Market.

28.    Navarro also used the pilfered funds to promote her interests and Espire's interests, to the direct detriment of Blu Market.  This included a PayPal disbursement of $5,000 to herself.

29.    After Navarro left in July 2017, Forkosh learned that she had illegally stolen hundreds of thousands of dollars, stripped Blu Market of customers, business opportunities, business models, internal logistical and operational procedures, certain technical tools, financial information, contract templates, confidential information concerning Blu Market's customers and affiliates, its employees, and its funds.

30.    Following the departure of Navarro and her conspirators, Blu Market had no funds left to operate or to pay its debt and remaining employees.

31.    To cover her tracks, when leaving Blu Market, Navarro stole Blu Market's physical and electronic files.  Among other stolen items were the original copies of Navarro's Non-Disclosure Agreement and Employment Agreement, and approximately $15,000 in American

Express gift cards that were used in the business.  Not fearing any repercussions, Navarro and her boyfriend left a note in the place of the gift cards stating "looking for something?".

32.     Navarro and her boyfriend subsequently threatened Forkosh, informing him that if he ever took any actions against Navarro and challenge Espire's use of Blu Market's business, they would engage in physical violence against his family and would publicly defame him using what Navarro claimed were embarrassing photographs and videos that she had secretly taken of Forkosh for exactly that purpose.

33.     On an Instagram Live broadcast, Navarro later admitted before 2,5000 viewers that she diverted Blu Market's funds and then "bounced."

<u>**RESERVATION OF RIGHTS AS TO COUNTERCLAIMS**</u>

34.     Defendants reserve all of their rights to relief against Plaintiffs, including rights that may not be within the jurisdiction of the Southern District of New York, including equitable and/or injunctive relief.

<u>**AS AND FOR A FIRST COUNTERCLAIM**</u>
**(Trade Secret Misappropriation)**

35.     Counterclaimants repeat and reallege each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36.     The Blu Market, Inc., Blu Market LLC, and Steven Forkosh are the owners of certain valuable trade secrets contained in and relating to their social media influencer advertising business, including trade secrets relating at least to: business plans, marketing plans, pitch decks, influencer information, and Tunes files.  These confidential documents included Blu Market's price structures for clients and payment structures for affiliates.

37.     Counterclaimants' proprietary and confidential information as previously described is information not generally known to the public and constitute trade secrets.

38.     Counterclaimants seek to protect the confidentiality of its trade secrets by securing confidentiality commitments from those with access to the information.

39.     Counterclaimants have not consented, and do not consent, to the use of any of its trade secrets by anyone other than authorized employees as required to perform their duties for Blu Market.

40.     As discussed herein, Counterclaim Defendant Lisa Navarro breached her duty to Counterclaimants to maintain the confidentiality of their trade secrets pursuant to the Non-Disclosure Agreement.   Navarro then misappropriated those trade secrets to Counterclaim Defendant Espire Ads LLC.

41.     Accordingly, in breach of an agreement, confidence, or duty, or as a result of discovery by improper means, Counterclaim Defendants misappropriated Counterclaimants trade secrets.

42.     Counterclaim Defendants are utilizing Counterclaimants trade secrets in order to compete with Counterclaimants.

43.     As a result of the misappropriation of Counterclaimants' trade secrets by Counterclaim Defendants, Counterclaimants have lost their competitive advantage as well as the loss of existing and prospective clients.

44.     Due to the loss of the foregoing, Counterclaimants have suffered significant monetary damages.

45.     By reasons of the misappropriation of Counterclaimants' trade secrets by Counterclaim Defendants, any recovery Counterclaim Defendants may be awarded on their affirmative claims should be offset, pursuant to CPLR 203(d), by the damage Counterclaimants have suffered in the loss of revenues and good will from 2016 through 2020, at an amount

determined at trial but in no event less than fifty million dollars ($50,000,000.00), as well as punitive damages in an amount to be determined at trial.

**AS AND FOR A SECOND COUNTERCLAIM**
**(Conversion)**

46.     Counterclaimants repeat and reallege each and every allegation contained in paragraphs 1 through 45 as if fully set forth herein.

47.     Counterclaimant the Blu Market Inc., the Blu Market LLC, and Steven Forkosh had a possessory right over hundreds of thousands of dollars in credit cards and approximately $15,000.00 in American Express gift cards that were used in the business; confidential and proprietary information, including business development plans, confidential marketing plans, advertiser lists, affiliate lists, and various tools required to operate its business, such as formatting tools, third-party layering tools, and networking tools; and office hardware, such as computers and printers, which were used in the ordinary course of business.

48.     Prior to Counterclaim Defendants' stripping The Blu Market of these aforementioned assets, The Blu Market maintained total and complete control over them.

49.     As described above, Counterclaim Defendants' fraudulent scheme to deprive Counterclaimants of their property, and the continued retention of same, serves as an unlawful conversation of what was, and rightfully still is, The Blu Market's property.

50.     As a consequence of Counterclaim Defendants conversion and retention of the Blu Market's property, any recovery Counterclaim Defendants may be awarded on their affirmative claims should be offset, pursuant to CPLR 203(d), by the damage Counterclaimants have suffered, and continues to incur, at an amount to be determined at trial, but no less than $50,000,000.00.

**WHEREFORE**, having fully answered, Defendants pray for judgment as follows:

A.  That Plaintiffs take nothing by or under their Second Amended Complaint;

B. That judgment be entered for Defendants and against Plaintiffs on each and every

   claim set forth in the Second Amended Complaint;

C. That Defendants recover their costs of suit;

D. That Defendants be awarded reasonable attorneys' fees;

E. That Plaintiffs' damages, if any, are fully or partially offset pursuant to CPLR §

   203(d);[2] and

F. For such other and further relief as the Court deems just and proper.


Dated:  June 6, 2023

**KASOWITZ BENSON TORRES LLP**                **RICHARD L. HERZFELD, P.C.**

By: */s/ Sarmad M. Khojasteh*
Sarmad M. Khojasteh                          Richard L. Herzfeld
Stephen P. Thomasch                          112 Madison Avenue
Yarden N. Hodes                              8th Floor
1633 Broadway                                New York, New York 10016
New York, New York 10019                     Telephone: (212) 818-9019
Telephone: (212) 506-1700                    rherzfeld@herzfeldlaw.com
skhojasteh@kasowitz.com
sthomasch@kasowitz.com
yhodes@kasowitz.com

*Attorneys for Defendants-Counterclaim*
*Plaintiffs*

---

[2]      Counterclaimants bring their CPLR § 203(d) offset claims without prejudice to the remedies sought in their affirmative claims for relief, as set forth in the TAPP Parties Second Amended Complaint, filed on April 28, 2023 (ECF 73).