UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPIRE ADS LLC, THE BLU MARKET, INC., *ex rel.* LISA NAVARRO, THE BLU MARKET LLC, *ex rel.* LISA NAVARRO, and LISA NAVARRO individually,<br><br>*Plaintiffs*,<br><br>v.<br><br>TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, and JUSTIN EMERT,<br><br>*Defendants*. | Civil Action No.: 21-cv-10623<br>*Consolidated with*<br>Civil Action No.: 21-cv-11068<br>Hon. Jessica G.L. Clarke<br>ECF Case<br><br><br>**ANSWER TO COUNTERCLAIMS** |

Plaintiff ESPIRE ADS LLC, THE BLU MARKET, INC., *ex rel.* LISA NAVARRO, THE BLU MARKET LLC, *ex rel.* LISA NAVARRO, and LISA NAVARRO individually (jointly, "Plaintiffs" or "Espire Parties"), by and through their undersigned counsel, SUTTON SACHS MEYER PLLC, as and for their answer to the affirmative defenses and counterclaims of defendants TAPP INFLUENCERS CORP., TAPP MARKET INFLUENCERS LLC, THE BLU MARKET, INC., THE BLU MARKET LLC, STEVEN FORKOSH, BRENNAN KASTNER, and JUSTIN EMERT (jointly, "Defendants" or "Tapp Parties") dated June 6th, 2023 [ECF Dkt. 87] ("Responsive Pleading"), hereby alleges the following:

**PRELIMINARY STATEMENT**

1. Preliminarily, pursuant to Fed. R. Civ. P. 10(c), Plaintiffs hereby adopt and incorporate by reference each and every denial, allegation, affirmative defense, and exhibit contained in the Espire Parties' verified answer dated May 23rd, 2023 in the consolidated matter bearing S.D.N.Y. Case No. 21-cv-11068 ("Consolidated Matter") under ECF Dkt. 75, inclusive of

1

"Exhibit 1" through "Exhibit 18" annexed thereto, as well as all allegations contained in Plaintiffs' operative second amended verified complaint dated March 23rd, 2023 as the Tapp Parties' counterclaims raised herein are wholly duplicative of the Tapp Parties' Consolidated Matter's allegations and claims raised in their complaint. *See* S.D.N.Y. Case No. 21-cv-11068, at Dkt. 75, 75-1 – 75-18.

## GENERAL DENIALS

2. Plaintiffs hereby deny each and every allegation raised in Defendants' Responsive Pleading, inclusive of each and every affirmative defense raised thereunder, inclusive of Defendants' First Affirmative Defense through Defendants' Twenty-Fourth Affirmative Defense, wherefore this Court must dismiss Defendants' affirmative defenses raised thereunder.

3. Plaintiffs hereby deny each and every allegation contained in "paragraph one (1)" through "paragraph eight (8)", and "paragraph eleven (11)" through "paragraph fifty (50)" of Defendants' counterclaims in Defendants' Responsive Pleading, inclusive of the subsequent "wherefore" paragraph, inclusive of sub-paragraph (A) through sub-paragraph (F) thereof, wherefore this Court must dismiss Defendants' counterclaims raised defenses thereunder.

## FACTUAL ALLEGATIONS COMMON TO ALL DEFENSES

4. Plaintiffs hereby repeat, realleged, and incorporate by reference each and every denial, allegation, affirmative defense, and exhibit contained in both the Espire Parties' verified answer dated May 23rd, 2023 and all preceding paragraphs of Plaintiffs' instant answer to Defendants' counterclaims heretofore as if fully set forth herein.[1]

5. In addition to the allegations raised hereunder, Plaintiffs respectfully repeat,

---

[1] Again, hereinafter, pursuant to Fed. R. Civ. P. 10(c), all exhibit references contained herein shall be construed as exhibit references to the Espire Parties' verified answer dated May 23rd, 2023 in the Consolidated Matter under ECF Dkt. 75 and ECF Dkt. 75-1 through ECF Dkt. 75-18 in S.D.N.Y. Case No. 21-cv-11068.

reallege, and incorporate by reference each and every allegation contained in this matter's operative second amended verified complaint annexed hereto as **"Exhibit 1"**, wherefore each of such claims in the operative second amended verified complaint shall be construed as affirmative defenses hereunder, and whereupon any subsequent amendment or supplementation of the operative pleading, all amended and/or supplemented allegations thereunder are explicitly repeated, realleged, and incorporated by reference herein.[2]

**A.    Allegations Relevant to defendants ESPIRE ADS LLC & LISA NAVARRO.**

6.    In supplement thereto, defendant THE BLU MARKET LLC and defendant THE BLU MARKET INC. were entities in the mobile gaming space, and thus, at all times, are wholly distinct from the business of plaintiff ESPIRE ADS LLC.

7.    Prior to commencing employment, and at all times through employment by defendant STEVEN FORKOSH's Blu Market entities, plaintiff LISA NAVARRO has never executed and/or assented to a confidentiality agreement or provision with respect to her employment at either such entity, wherefore, *a fortiori*, plaintiff LISA NAVAVARRO has never stolen an original version of such non-existent confidentiality agreement.

8.    In mid-2017, plaintiff LISA NAVARRO ceased working at the Blu Market entities. upon their operational failure precipitated by the business incompetence of defendant STEVEN FORKOSH.

9.    Plaintiff ESPIRE ADS LLC runs a proprietary platform powered by its source code which runs a marketplace for influencer users to connect with brands, products, and services, placing request for promotion; stated alternatively, plaintiff ESPIRE ADS LLC is a digital "town square" for influencers and brands meet, match, and conduct promotional business activities.

---

[2] For the avoidance of doubt, each of the following allegations and each of the allegations contained in Plaintiff's operative Second Amended Verified Complaint – and all subsequent iterations thereof – are hereby expressly repeated, realleged, and incorporated into each and every affirmative defense set forth hereunder.

10.     As of July 26th, 2017, by way of plaintiff ESPIRE ADS LLC's "Amended and Restated Operating Agreement" dated July 26th, 2017 ("Espire OA"), the following parties held the following equity percentages in defendant ESPIRE ADS LLC: (a) fifty-one percent (51%) by plaintiff LISA NAVARRO; (b) ten percent (10%) by non-party JOHNATHAN MELENDEZ; (c) sixteen percent (16%) by non-party ERIK RADTKE; (d) seven percent (7%) by non-party JUSTIN EMERT; and (e) sixteen percent (16%) by non-party JOHN RADTKE; a true copy of the Espire OA has been annexed hereto as **"Exhibit 2"**.

11.     By way of Share Purchase Agreement dated January 30th, 2018, plaintiff ESPIRE ADS LLC reacquired ten percent (10%) of their shares from non-party JOHNATHAN MELENDEZ for valuable consideration ("First Melendez SPA"); a true copy of the First Melendez SPA has been annexed hereto as **"Exhibit 3"**.

12.     By way of Share Purchase Agreement dated September 27th, 2019, non-party ERIK RADTKE sold fourteen percent (14%) equity in plaintiff ESPIRE ADS LLC to non-party JOHNATHAN MELENDEZ for valuable consideration ("Radtke SPA"), leaving non-party ERIK RADTKE with two percent (2%) of plaintiff ESPIRE ADS LLC's equity; a true copy of the Radtke SPA has been annexed hereto as **"Exhibit 4"**.

13.     By way of plaintiff ESPIRE ADS LLC's board resolution dated October 11th, 2019, non-party ERIK RADTKE's two percent (2%) equity of defendant ESPIRE ADS LLC was remitted back to the company retroactive to September 27th, 2019 ("Radtke Resolution"); a true copy of the Radtke Resolution has been annexed hereto as **"Exhibit 5"**.

14.     By way of Share Purchase Agreement dated August 1st, 2020, plaintiff ESPIRE ADS LLC reacquired fourteen percent (14%) equity of their own shares from non-party JOHNATHAN MELENDEZ for valuable consideration ("Second Melendez SPA"); a true copy of the Second Melendez SPA has been annexed hereto as **"Exhibit 6"**.

15. By way of Separation and Share Purchase Agreement dated July 23rd, 2021, plaintiff ESPIRE ADS LLC reacquired seven percent (7%) equity of their own shares from defendant USTIN EMERT for valuable consideration ("Emert SPA"); a true copy of the Emert SPA has been annexed hereto as **"Exhibit 7"**.

16. Accordingly, after the First Melendez SPA, the Radtke SPA, the Radtke Resolution, the Second Melendez SPA, and the Emert SPA, the equity in plaintiff ESPIRE ADS LLC was held as follows: (a) fifty-one percent (51%) by plaintiff LISA NAVARRO; (b) sixteen percent (16%) by non-party JOHN RADTKE; and (c) thirty-three percent (33%) by plaintiff ESPIRE ADS LLC.

17. On August 28th, 2020, plaintiff LISA NAVARRO received text messages from defendant STEVEN FORKOSH requesting execution of the joint venture agreement dated August 29th, 2020 prepared by defendant STEVEN FORKOSH with himself, and the defendant Blu Market entities ("JV Agreement") with an effective date of August 28th, 2020; a true copy of said text messages from defendant STEVEN FORKOSH have been annexed hereto as **"Exhibit 8"**. *See* Ex. 8 ("Please sign and return so I can counter sign and start" [*sic*]).

18. On August 29th, 2020, defendant STEVEN FORKOSH and plaintiff LISA NAVARRO mutually executed the JV Agreement will full authorization from all equity holders of plaintiff ESPIRE ADS LLC; a true copy thereof has been annexed hereto as **"Exhibit 9"**.

19. Under the JV Agreement, defendant STEVEN FORKOSH received fifty percent (50%) of the equity in plaintiff ESPIRE ADS LLC in the form of thirty-three percent (33%) of plaintiff ESPIRE ADS LLC's reacquired equity, and an additional seventeen percent (17%) from plaintiff LISA NAVARRO's fifty-one percent (51%) equity interest in plaintiff ESPIRE ADS LLC.

20. Further, under JV Agreement Art. 10(d), defendant STEVEN FORKOSH warranted and represented that, as of the JV Agreement's execution date, plaintiff ESPIRE ADS LLC "has no claims, actions, suits or proceedings pending or threatened against or affecting it, or

any employee or director of it".

21. Under JV Agreement Art. 5, defendant STEVEN FORKOSH and plaintiff LISA NAVARRO jointly agreed that the joint venture would elect to do business under one of plaintiff ESPIRE ADS LLC, defendant THE BLU MARKET LLC, or defendant THE BLU MARKET INC.

22. Thus, under JV Agreement Art. 5, defendant STEVEN FORKOSH and plaintiff LISA NAVARRO jointly agreed that it was in the best interest for the longevity of the joint venture to do business under the plaintiff ESPIRE ADS LLC entity.

23. Indeed, JV Agreement Art. 5 was expressly contemplated by defendant STEVEN FORKOSH's June 25th, 2020 text message to non-party NATHANIEL CO conceding that defendant STEVEN FORKOSH and plaintiff LISA NAVARRO will choose an entity and pursue the joint venture through such entity; a true copy of such texts from defendant STEVEN FORKSOH have been annexed hereto as **"Exhibit 10"**. *See* Ex. 10 ("Either [defendant LISA NAVARRO] is dissolving Espire to do this with us or… cutting us in to Espire… If [defendant LISA NAVARRO] cuts us in immediately it shows she's willing to drop her situation for us" [*sic*]).

24. Immediately after execution of the JV Agreement, and after defendant STEVEN FORKOSH and plaintiff LISA NAVARRO jointly agreed that the joint venture would elect to do business under one of plaintiff ESPIRE ADS LLC, subject to the terms and restrictive covenants imposed under the JV Agreement, defendant STEVEN FORKOSH commenced working at plaintiff ESPIRE ADS LLC in furtherance of the joint venture by receiving login credentials to plaintiff ESPIRE ADS LLC's internal systems which included access to, *inter alia*, all company files, servers, source code, an e-mail address of <steven@espireads.com>, contact information for all employees, agents, clients, brands, influencers, and other such third-party platform users, access to all other confidential and proprietary information described in the operative second amended verified complaint, wherefore defendant STEVEN FORKOSH actively participated in plaintiff

ESPIRE ADS LLC's weekly team meetings; true copies of plaintiff ESPIRE ADS LLC's weekly team meeting invitations to <steven@espireads.com> for September 29th, 2020, October 7th, 2020, and October 14th, 2020 in which defendant STEVEN FORKOSH personally participated have been annexed hereto as **"Exhibit 11"**.

25. Further, under JV Agreement Arts. 11(a)-(d), for at least a period of one (1) year and surviving termination of the JV Agreement, defendant STEVEN FORKOSH and plaintiff LISA NAVARRO agreed to restrictive covenants: (i) from holding ownership interests in and/or participating in ownership, management, operation, or control of any business competing with the joint venture including "social media marketing, sales and other influencer-related forms of monetization"; (ii) from soliciting business from any customers of the joint venture; (iii) from using or disclosing confidential information of the joint venture concerning the joint venture's "customers, respective business, business processes and methods, personnel or policies"; and (iv) from "soliciting for employment or other services, or otherwise seek to influence or alter the relationship of the [joint venture] with any of its employees".

26. Further, under JV Agreement Art. 20, defendant STEVEN FORKOSH again agreed to unfettered confidentiality and revenue claw-back covenants for any and all improperly realized revenues upon defendant STEVEN FORKOSH's breach.

27. Notwithstanding defendant STEVEN FORKOSH's restorative covenants under the JV Agreement, and notwithstanding defendant STEVEN FORKOSH performing work at plaintiff ESPIRE ADS LLC in furtherance of the joint venture, on September 25th, 2020, in violation of, *inter alia*, JV Agreement Arts. 11 and 20, defendant STEVEN FORKOSH incorporated plaintiff TAPP INFLUENCERS CORP. – and later organized defendant TAPP MARKET INFLUENCERS LLC – improperly converting all trade secrets and other assets of plaintiff ESPIRE ADS LLC described in the operative second amended verified complaint of plaintiff ESPIRE ADS LLC; a

true copy of the N.Y.S. Department of State Division of Corporations database entry for defendant TAPP INFLUENCERS CORP. and defendant TAPP MARKET INFLUENCERS LLC (jointly, "Tapp") has been annexed hereto as **"Exhibit 12"**. *See* Ex. 1.

28. On October 31st, 2020, in an attempt to inoculate defendant STEVEN FORKOSH from the consequences of his myriad violations of state and federal trade secret law, his myriad breaches of the JV Agreement, and other such tortious violations, defendant STEVEN FORKOSH, through counsel, circulated a document purporting to rescind the JV Agreement, a true copy of which has been annexed hereto as **"Exhibit 13"**.

29. Plaintiff LISA NAVARRO refused to sign such document, wherefore the JV Agreement has never been rescinded or modified by a bilaterally executed writing as required by JV Agreement Arts. 15 and 19.

**B.     Allegations Relevant to Non-Parties NATHANIEL CO, CHARLES PUNAY, CPA VIRAL LLC, d/b/a TAPMOB, and JASPER PANGILNAN.**

30. Unrelatedly, non-party NATHANIEL CO and non-party JASPER PANGILNAN entered into their own joint venture agreement dated July 24th, 2014 with defendant STEVEN FORKOSH ("N&J JV Agreement") regarding intellectual property developed by non-parties NATHANIEL CO and JASPER PANGILNAN; a true copy of the N&J JV Agreement has been annexed hereto as **"Exhibit 14"**.

31. True to leaching form, by way of summons with notice dated May 27th, 2015 bearing in New York County Supreme Court bearing Index No. 651846/2015 ("N&J Matter"), defendant STEVEN FORKOSH commenced litigation seeking judicial benediction of defendant STEVEN FORKOSH's theft of the software developed by non-parties NATHANIEL CO and JASPER PANGILNAN; a true copy of the summons with notice in the N&J Matter has been annexed hereto as **"Exhibit 15"**.

32. Thereafter, non-parties NATHANIEL CO and JASPER PANGILNAN executed a separation agreement with defendant STEVEN FORKOSH dated May 26th, 2015 ("Separation Agreement") annexed hereto as **"Exhibit 16"**, whereunder Separation Agreement Arts. 4 and 6, non-party NATHANIEL CO owed no continuing non-contact, non-competition, and/or non-solicitation obligations beyond six (6) months from the May 26th, 2015 Separation Agreement, whereupon any such allegations for conduct constituting breach of Separation Agreement Arts. 4 and 6 must have transpired on or before November 26th, 2015.

33. Non-party NATHANIEL CO has never executed and/or assented to a confidentiality agreement or provision with defendant THE BLU MARKET LLC, defendant TAPP INFLUENCERS CORP., defendant TAPP MARKET INFLUENCERS LLC, defendant THE BLU MARKET INC., and/or defendant STEVEN FORKOSH.

C.     **Allegations relevant to Non-Party KVRMA, LLC.**

34. Unrelatedly, non-party KVRMA LLC has no interest in the intellectual property of plaintiff ESPIRE ADS LLC unlawfully misappropriated by Defendants, as non-party KVRMA, LLC is a separate entity powered by entirely separate source code, necessitated as a direct result of Defendants' conduct described in the operative second amended verified complaint, which compromised plaintiff ESPIRE ADS LLC's source code, remotely accessing plaintiff ESPIRE ADS LLC's servers, and repeatedly subjected plaintiff ESPIRE ADS LLC to cyber-attacks, unfair competition, and derivative software targeting and attacking plaintiff ESPIRE ADS LLC's platform users.

35. Notwithstanding, throughout 2019, non-party KVRMA, LLC purchased from defendant STEVEN FORKOSH certain mobile gaming assets of defendant THE BLU MARKET, INC. and defendant THE BLU MARKET LLC in the amount of seventy-seven thousand two hundred USD ($77,200.00) as evidenced by the Apple app store transfer of ownership; true copies

of the Apple app store transfer and of bank statements evidencing transfers to defendant STEVEN FORKOSH throughout 2019 the amount of seventy-seven thousand two hundred USD ($77,200.00) have been annexed hereto as **"Exhibit 17"**.

**D.    Allegations relevant to non-party KVRMA FOUNDATION.**

36.    Likewise, the IRS granted non-party KVRMA FOUNDATION 501(c)(3) tax-exempt status, notwithstanding that none of Defendants have made contributions to non-party KVRMA FOUNDATION, rendering Defendants devoid of standing to raise such allegations; rather, any mention of non-party KVRMA FOUNDATION's disputed 501(c)(3) status is only alleged to effectuate judicially sanctioned libel; a copy of said IRS designation letter has been supplied to my counsel and annexed hereto as **"Exhibit 18"**.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37.    By virtue of the foregoing, and by virtue of the allegations raised in Plaintiffs' second amended complaint, this Court lacks subject-matter jurisdiction over the purely state substantive law and common law claims alleged by Defendants, wherefore this Court must dismiss Defendants' counterclaims.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.    By virtue of the foregoing, Defendants failed to state claims upon which relief can be granted upon a failure to plead with the particular specificity demanded by, *inter alia*, Fed. R. Civ. P. 9(b) and 9(f), and under common law, wherefore this Court must dismiss Defendants' counterclaims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39.    By virtue of the foregoing, Defendants failed to state claims upon which relief can be granted upon documentary evidence nullifying their counterclaims, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. By virtue of the foregoing, Defendants failed to join indispensable parties, without whom this Court cannot accord complete relief by and amongst the parties, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. By virtue of the foregoing, Defendants' claims are time-barred by the applicable statutes of limitation, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. By virtue of the foregoing, Defendants' claims are barred by the doctrines of *res judicata* and collateral estoppel, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. By virtue of the foregoing, Defendants' claims predicated upon distinct agreements are barred by the statute of frauds upon the non-existence of written contractual agreements upon which Defendants' counterclaims rely, wherefore this Court must dismiss Plaintiffs' second amended complaint.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

44. By virtue of the foregoing, Defendants' claims are barred by the doctrine of laches, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

45. By virtue of the foregoing, Defendants' claims are barred by the doctrine of waiver, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46. By virtue of the foregoing, Plaintiffs' claims are barred by the doctrine of release, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

47. By virtue of the foregoing, Defendants' claims are barred by the doctrines of estoppel, including, *inter alia*, promissory estoppel, equitable estoppel, estoppel by deed, and estoppel *in pais*, wherefore equity dictates that Defendants are barred from equitable remedies and/or recovery in whole or in part for all the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

48. By virtue of the foregoing, Defendants' claims are barred by the doctrine of license, payment, and accord and satisfaction for certain business assets of defendants THE BLU MARKET, INC. and THE BLU MARKET LLC, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

49. By virtue of the foregoing, Defendants' claims are barred by Defendants' fraud for all the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

50. By virtue of the foregoing, Defendants' claims are barred by Defendants' illegality for all the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

51. By virtue of the foregoing, Defendants' claims are barred by Defendants' own

breach and repudiation of the JV Agreement for all the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

52. By virtue of the foregoing, Defendants' claims are barred by Defendants' unclean hands, wherefore equity dictates that Defendants are barred from equitable remedies and/or recovery in whole or in part for all the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

53. By virtue of the foregoing, Defendants' claims are barred by the equitable doctrine of unjust enrichment, wherefore equity dictates that Defendants are barred from recovery in whole or in part for all the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

54. By virtue of the foregoing, Defendants' claims are barred by the doctrine of *contra proferentem* as defendant STEVEN FORKOSH was the exclusive drafter of the JV Agreement, whereupon any ambiguity under the JV Agreement must be construed against the drafter, defendant STEVEN FORKOSH, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

55. By virtue of the foregoing, Defendants' claims are barred by the doctrines of ratification and part-performance, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

56. By virtue of the foregoing, Defendants' claims are barred by the economic interest doctrine, as Plaintiffs had a concrete pre-existing economic interest, whereupon all conduct alleged was undertaken in furtherance of protection of Plaintiffs' economic interest and done so without employing improper means to effectuate such protection, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

57. By virtue of the foregoing, Defendants' claims are barred by Plaintiffs' status as *bona fide* competitors and by the doctrine of professional persuasion, since persuasion to attract commercial relationships with a competitor's business falls within the legitimate economic self-interest doctrine precluding Defendants' counterclaims, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

58. By virtue of the foregoing, Defendants' claims are barred by the doctrine of constitutionally protected opinion, constitutionally protected truth, truth as an absolute defense to defamation, upon an absolute litigation privilege, and/or upon a qualified litigation privilege against defamation claims relating to ongoing litigation, wherefore this Court must dismiss Defendants' counterclaims.

**AS AND FOR A TWENTY- THIRD AFFIRMATIVE DEFENSE**

59. By virtue of the foregoing, Defendants' claims are barred by the business judgement rule insofar as all Plaintiffs have discharged their fiduciary obligations of loyalty and care in good faith and in the best interests of all entitles with the utmost care, whereunder all actions were undertaken in furtherance of lawful and legitimate corporate purposes thereunder, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

60. By virtue of the foregoing, the legal basis for Defendants' counterclaims are barred by the terms of the JV Agreement wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

61. By virtue of the foregoing, Defendants' claims are barred by Defendants' own breach of the implied covenant of good faith and fair dealing under the JV Agreement, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A TWENTY-SIXTH AFIRMATIVE DEFENSE

62. By virtue of the foregoing, Defendants' claims are subject to a setoff and/or an offset, wherefore all damages inflicted upon Defendants by Plaintiffs far exceed the damages, if any, alleged by Plaintiffs hereunder for all of the reasons set forth hereunder and in the operative second amended verified complaint, incorporated and annexed hereto as **"Exhibit 1"**, wherefore this Court must dismiss Defendants' counterclaims.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

63. By virtue of the foregoing, Defendants' claims are barred by Defendants' own culpable conduct; accordingly, without admitting any liability hereof, Plaintiffs are entitled to indemnity, contribution, and an equitable apportionment of liability, should this Court make a finding of liability against Plaintiffs.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

64. By virtue of the foregoing, Defendants' counterclaims contain insufficient information to permit Plaintiffs to raise all appropriate defenses, wherefore Plaintiffs hereby expressly reserve the right to amend and/or supplement this responsive pleading with additional defenses.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendants, granting judgement dismissing all counterclaims and affirmative defenses asserted against Plaintiffs, together with an award of all costs, disbursements, attorneys' fees, and pre-judgment interest thereon at the highest rate permitted at law, and for such other and further relief as this Court deems just and proper.

Dated:       New York, New York
             August 3rd, 2023

Respectfully submitted,
**SUTTON SACHS MEYER PLLC**
*Attorneys for Defendants*

/s/ Zachary G. Meyer, Esq.
Zachary G. Meyer, Esq.
14 Penn Plaza, Suite 1315
New York, NY 10122
t. (212) 480-4357
e. Zachary@ssm.law

To:   All Counsel of Record (*via* ECF)