UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESPIRE ADS LLC, et al.,

        Plaintiffs,

-against-

TAPP INFLUENCERS CORP., et al.,

        Defendants.

---

TAPP INFLUENCERS LLC, et al.,

        Plaintiffs,

-against-

ESPIRE ADS LLC, et al.,

        Defendants.

---

Case No. 1:21-cv-10623 (JGLC)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Case No. 1:21-cv-11068 (JGLC)

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. A party may designate materials (including documents and testimony) as "Confidential" if the materials contain trade secrets, proprietary business information, competitively sensitive information, any information of a personal or intimate nature regarding any individual, or any other category of information hereinafter given confidential status by the Court.

2. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.

3. If at any time prior to the trial of this action, a producing person realize that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. stenographers engaged to transcribe depositions conducted in this action; and the Court and its support personnel.   and g. the Court.

5. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 4(d) or 4(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6. In the event that counsel for any party determines to file with the Court any documents subject to the provisions of this Protective Order containing Confidential Discovery Material or to submit to the Court any such document or the information contained therein for any

purpose, the filing party must comply with Section 5 of Judge Clarke's *Individual Rules and Practices* and Section 6 of the *Southern District of New York's Electronic Case Filing Rules & Instructions*. If the Court grants permission to file the confidential information under seal, the proposed sealed document(s) shall be separately and contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order, if the Court previously granted leave to file the document under seal).[1]

7. Any party unable to comply with the requirements for electronic filing under seal on ECF, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion by email, seeking leave of the Court to file in a different manner, as set forth in Section 5(f) of Judge Clarke's *Individual Rules and Practices*.

8. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a meet-and-confer in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, counsel shall promptly file on ECF a single letter-motion, jointly composed, no longer than five pages, explaining the nature of the dispute and, if applicable, requesting an informal conference. Strict adherence to Federal Rule of Civil Procedure 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion.

9. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without

---

[1] For the avoidance of doubt, nothing contained herein shall be construed to abridge any party's rights under Section 5(b) of Judge Clarke's *Individual Rules and Practices*; specifically, the parties agree that in accordance with such rule, they may file redacted versions of the five (5) categories of "sensitive information" and six (6) categories of "information requiring caution" without first seeking Court approval.

the opposing party's contribution and shall attached a copy of the correspondence seeking the opposing party's contribution.

10. To the extent the joint letter requires redactions or must be filed under seal, counsel for the parties shall abide by Sections 5(d) and 5(e) of Judge Clarke's *Individual Rules and Practices*.

11. All Confidential Discovery Material shall be used solely for the prosecution or defense of the claims in this Action, any appeals thereto, and any judicial proceeding seeking the clarification, modification or vacation of any award rendered therein and not for any other purpose, unless otherwise provided by law.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. Counsel for the parties shall use reasonable efforts to prevent the disclosure of Confidential Discovery Material in its possession or under its control, except in accordance with the terms of this Protective Order.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a confirmation that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed.

21. This Protective Order shall not apply to Discovery Material already in the possession of the receiving party or available in the public domain.

22. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| **KASOWITZ BENSON TORRES LLP** | **SUTTON SACHS MEYER PLLC** |
| By: */s/ Sarmad M. Khojasteh* | By: */s/ Zachary G. Meyer (w/ permission)* |
|    Sarmad M. Khojasteh |    Zachary G. Meyer, Esq. |
|    Stephen P. Thomasch |    14 Penn Plaza, Suite 1315 |
|    Yarden N. Hodes |    New York, NY 10122 |
|    1633 Broadway |    Telephone: (212) 480-4357 |
|    New York, New York 10019 | |
|    Telephone: (212) 506-1700 | *Attorneys for the Espire Parties* |
|    skhojasteh@kasowitz.com | |
|    sthomasch@kasowitz.com | |
|    yhodes@kasowitz.com | |

Richard L. Herzfeld
RICHARD L. HERZFELD, P.C.
112 Madison Avenue, 8th Fl.
New York, New York 10016
Telephone: (212) 818-9019
rherzfeld@herzfeldlaw.com

*Attorneys for the TAPP Parties*

**SO ORDERED.**

Dated: New York, New York
       September 19, 2023

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
ESPIRE ADS LLC, et al.,                          :    Case No. 1:21-cv-10623 (JGLC)
:
        Plaintiffs,        :    NON-DISCLOSURE
:    AGREEMENT
  -against-                                     :
:
TAPP INFLUENCERS CORP., et al.,          :
:
        Defendants.       :
:
---------------------------------------------------------------- x
:
TAPP INFLUENCERS LLC, et al.,             :    Case No. 1:21-cv-11068 (JGLC)
:
        Plaintiffs,        :
:
-against-                                              :
:
ESPIRE ADS LLC, et al.,                         :
:
        Defendants.       :
:
---------------------------------------------------------------- x

      I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order entered in this action (the "Protective Order") governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it or destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting

8

myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order.

_____

Dated: