```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ESPIRE ADS LLC et al.,                                         :

                        Plaintiffs,                            :      ORDER

        -v.-                                                   :      21 Civ. 10623 (JGLC) (GWG)

TRAPP INFLUENCERS CORP. et al.,                                :

                        Defendants.                            :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The Court has reviewed the plaintiffs' request to disqualify counsel for defendants (Docket ##117, 125, 129). As to Richard Herzfeld, the application is moot inasmuch as he is not an attorney for any party on this matter.

As to Kasowitz Benson Torres LLP, the claim that there are "distinct legal interests" among the defendants is not supported. That a party offers to settle with an opposing party on the condition that the opposing party sign an affidavit that prejudices his co-defendants does not mean that the opposing parties suddenly have "differing interests" within the meaning of Rule 1.7(a)(1). An individual has an interest in not signing an affidavit that he believes is perjurious no matter what the settlement demand is. A party may also decide not to settle even for a nominal amount regardless of whether the proposed affidavit is perjurious or not. Given that the motives of Brennan Kastner in declining the settlement offer are entirely unknown, the "high standard of proof" required to achieve disqualification, see Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983), has not been met here.

Furthermore, the Court believes that Rule 1.7(a)(1) was not intended to encompass situations where a party seeking disqualification itself creates the claimed adverse interest through a settlement offer of the kind made here. If the Court were to conclude otherwise, any party could force the disqualification of a law firm for multiple parties by offering terms such as those made by the Espire parties to a single defendant. If anything, the offer to settle a case conditioned on providing particular testimony favorable to plaintiffs is itself questionable. The proper method to obtain truthful testimony from an adverse party is through a deposition.

Finally, the Court sees no reason to doubt the statement of defendants' attorneys as to whether any settlement offer was communicated to their client.

Accordingly, all requests for relief are denied. If at any time both sides would like a settlement conference with all parties involved, they should write a joint letter to the Court requesting that such a conference be scheduled.

SO ORDERED.

Dated: March 12, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge