UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ESPIRE ADS LLC et al.,                                           :

        Plaintiffs,                                      :        ORDER

  -v.-                                                           :
                                                      21 Civ. 10623 (JGLC) (GWG)
TAPP INFLUENCERS CORP. et al.,                                   :

        Defendants.                                      :
-----------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court are the parties' recent letters related to Espire's motion to compel discovery. See Letter, filed Mar. 2, 2024 (Docket # 114) ("Pl. Letter"); Letter, filed Mar. 7, 2024 (Docket # 126) ("Def. Letter"); Letter, filed Mar. 11, 2024 (Docket # 130) ("Pl. Reply").

      As explained at the conference on February 20, 2024, the Court faulted Espire for its lack of diligence in discussing search terms with Tapp before Tapp actually ran the terms. See Transcript, filed Mar. 3, 2024 (Docket # 123) ("Tr."), 50:18-51:1. Nonetheless, the Court determined that Espire would be allowed some narrow discovery notwithstanding the late stage of this case.

      The recent letters reflect that Espire is seeking documents as if this was an initial production without regard to the fact that the Court contemplated that this second collection of documents would not match the scope of an initial production. See, e.g., Pl. Reply at 2 ("Contrary to Tapp's contention, the fact that Tapp must comply with their discovery obligations by engaging in six-figure document production is not unduly burdensome."). .

      On the other hand, apart from providing the total number of documents generated by certain search terms, Tapp has provided little explanation of the precise burden it faces in reviewing the hits generated by the search term or even why it is necessary to conduct a review beyond a privilege review.

      In other words, Espire has failed to meaningfully narrow its request and Tapp has failed to articulate the extent of the burden caused by the request. The Court is further hampered by the fact that the parties failed to conduct meet and confer sessions as required by the Court's Individual Practices as to all issues. See Pl. Letter at 2 (noting the "meet and confer was abruptly ended without resolution"). In light of this failing, the parties are directed to resume the meet and confer process immediately and to make an audio recording of all such sessions. The Court expects that throughout the conferences the attorneys shall treat each other with the same respect they would show a valued colleague. The recordings of the conferences shall not be divulged to anyone outside the two law firms involved and, if necessary, the Court. At either party's request, copies of the recordings shall be destroyed/deleted upon conclusion of the

litigation.  In the extremely unlikely event that any attorney behaves uncivilly or with personal disrespect towards opposing counsel during the meet and confer, a party may bring the conduct to the Court's attention.

As further help in guiding the discussions, the Court notes the following:

(1) As to ESI, Tapp shall cooperate in providing reasonable granular detail as to hits for different custodians[1] and different time periods, and information as to hits based on narrowed search terms.

(2) Tapp is not expected to produce hits without reviewing the documents for privilege.  On the other hand, with appropriately crafted search terms and a stipulation that limits use of the production to this case only, on the current record it does not seem that Tapp will be prejudiced if it does not conduct a document-by-document review for responsiveness.

(3) Espire shall be given sufficient information to allow it to choose which terms/custodians to run such that Tapp is only burdened with expending a reasonable number of attorney hours reviewing ESI material.  The Court is aware that it referred to production of documents in the "hundreds, not the thousands" of documents. Tr. 51:16-19.  But on further reflection, the Court believes that the better way to approach the issue is to ensure that the burden in terms of total hours of attorney time is not disproportionate.  In all likelihood, an appropriate conferral process will result in production of far more than the "hundreds" of documents the Court initially stated without unduly burdening Tapp. .

(4) Tapp is expected to locate some categories of documents without needing to produce all hits generated by search terms:  for example, employment handbooks, financial documents, etc.[2]

(5) The focus of the ESI requests should be to produce documents on the development of the source code and the breach of the joint venture agreement.  But if some other critical subject area creates only minor additional burden, it would be permissible.

The Court is hopeful that the above guidance may assist the parties in resolving their disputes.  The only remaining dispute relates to discovery from "github."  See Pl. Reply at 2. Tapp indicates that it uses a different program for storing source code ("gitlab") and that it has produced all information from this program.  See Def. Letter at 2.  Espire has alleged that another program may have been used.  See Pl. Reply at 2.  Espire has leave to serve a concise interrogatory (or slightly more if necessary) directed at resolving this issue. Any such

---

[1] Tapp asserts the Court limited discovery to "ESI already collected by the Tapp Parties." Def. Letter at 2.  While the Court indicated that Tapp was not required to collect information from "phones and things like that," Tr. 54:12-13, it did not limit discovery to only custodians whose ESI had already been collected.

[2]  We are not at this time ruling whether any particular financial documents, such as tax returns, must be produced.  This issue should be part of the parties' discussion.

interrogatories shall be served on Tapp by March 15, 2024.  Tapp shall respond by March 29, 2024.

      If any disputes remain after this process, they may be brought to the Court's attention through a letter compliant with paragraph 2.A of the Court's Individual Practices.

SO ORDERED.

Dated:  March 12, 2024
         New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge