FdefendUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ESPIRE ADS LLC et al.,                                          :

               Plaintiffs,                         :      ORDER

     -v.-                                                       :
                                                                21 Civ. 10623 (JGLC) (GWG)
TAPP INFLUENCERS CORP. et al.,                                  :

               Defendants.                          :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       The Court has reviewed the parties' letters related to their ongoing discovery disputes. See Letter, filed Apr. 5, 2024 (Docket # 133) ("Espire Letter"); Letter, filed Apr. 9, 2024 (Docket # 134) ("Tapp Letter"). Espire's letter is difficult to understand as it fails to describe the issues in dispute in a comprehensible manner and fails to set forth the adversary's position as to each issue being raised as required by paragraph 2.A of the Court's Individual Practices. Furthermore, it appears from Tapp's letter that there has not been full discussion of all issues and that some materials were provided to Espire after its letter was filed.

       Nonetheless, the Court makes the following rulings on issues that the Court is able to discern as ripe for adjudication:

       As to discovery related to "@tappads.com," Tapp asserts that "there is no Tappads domain." Tapp Letter at 4. Accordingly, the relief sought by Espire in regard to discovery from this source is denied inasmuch as Tapp asserts the Tappads domain does not exist. Obviously, Espire is free to test this assertion at a deposition if it wishes.

       As to discovery related to the Blu Market source code, Tapp confirms that it has withdrawn any allegations that Espire misappropriated the Blu Market source code. It does not appear from Espire's letter that it requires discovery as to this issue in light of this withdrawal.[1] Accordingly, Espire's request for relief on this point is denied.

       As to Espire's request for the production of tax returns and other financial documents, Espire provides no intelligible explanation of why it is entitled to such items.

       As for Tapp's allegation of plaintiff's "intentional violation of the Confidentiality Order," see Tapp Letter at 1, Tapp does not identify the attachments in Espire's letter that violate that Order. Tapp is free to seek temporary sealing of particular documents pending the Court's review of any formal motion to seal. However, the Court is unable to adjudicate this issue based on the instant application. Accordingly, Tapp's request for relief is denied.

---

[1] If this is an incorrect reading, Espire is free to discuss this issue anew with opposing counsel.

Both sides' requests for expenses or costs are denied.

The Court recognizes that there are many areas of dispute that are not addressed in this Order. Because the parties' letters were not helpful in identifying exactly what the Court is being called upon to decide, the parties are directed to confer again and to present any remaining disputes in a jointly composed letter. The jointly composed letter shall provide a numbered list of each discrete issue in dispute and, for each issue, provide each side's position as to that issue in detail. Before filing such a letter, each side shall be given an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its position on the dispute. Also, each side must make itself available to consult telephonically with opposing counsel during the composition process. It is critical that each party provide in the final letter its responses to the other side's position as to each issue.

Part of the reason the Court cannot understand some of the issues raised in the instant letters is that the parties assume the Court should discern their positions by poring over attachments to their letters that include prior discussions. In fact, this burden should not be placed on the Court. Thus, the joint application shall <u>not</u> append any attachments. Instead all explanation and argument must be contained in the joint application itself and shall not assume any prior knowledge of the issue being raised. Furthermore, the joint application shall not review the history of any prior discussions or disputes inasmuch as all that normally matters is the parties' current position.

SO ORDERED.

Dated: April 12, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge