UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                          :

ESPIRE ADS LLC et al.,

                          :

            Plaintiffs,                    ORDER

                          :

       -v.-

                          :      21 Civ. 10623 (JGLC) (GWG)

TAPP INFLUENCERS CORP. et al.,        :

           Defendants.         :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

The Court has reviewed the discovery dispute raised in Docket ## 185, 189 and 190.

The referenced sealing order in 25 Civ. 7967 is merely a directive to the Clerk to maintain specific filings in that case in such a manner that the public is not able to view them. It imposes no restrictions on the party that filed the documents. Thus, the fact that defendants here obtained that sealing order for documents they have control over has no effect on their ability to do whatever they wish with those documents.

The cases cited by defendants are irrelevant. One case merely explains that one of the purposes of sealing orders is to prevent outsiders from 'improper[ly]" using information from a sealed document. In re Kolomoisky, 2006 U.S. Dist. LEXIS 58591, at *12 (S.D.N.Y. Aug. 18, 2006). The other case is in a similar vein: a reminder that the party that did not file the documents could not use sealed filed documents for purposes other than the litigation at issue. In re Norex Petroleum, Ltd., 2006 U.S. Dist. LEXIS 93598 (S.D.N.Y. Dec. 21, 2006). These principles have no bearing on defendants' duty to fulfill their discovery obligations with respect to documents already in their control.

In sum, the sealing order in 25 Civ. 7967 does not now prevent and never has prevented defendants from complying with their discovery obligations in this case. Accordingly, the documents identified by plaintiffs in Docket # 185 shall be produced forthwith and no later than December 30, 2025. Obviously, any other documents responsive to the discovery request at issue must also be produced by the same date if they exist. Defendants are free to designate the documents as confidential under the confidentiality order in this case but only if the documents may be appropriately so designated.

Defendants ultimately cannot explain their failure to produce the documents given that the defendants were obviously aware of the responsive documents before the sealing order was obtained. But plaintiffs specify no sanction that they seek other than case-dispositive sanctions tantamount to finding defendants in default. At this point, the record does not justify such an

extreme sanction even if it were clear that the violation was willful.  This ruling is without prejudice to a new application if evidence justifying such a sanction is developed in the future.

       SO ORDERED.

Dated:  December 23, 2025
        New York, New York

 

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge