UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                 :

ESPIRE ADS LLC et al.,

                                 :

           Plaintiffs,                ORDER

                                 :

    -v.-

                                 :       21 Civ. 10623 (JGLC) (GWG)

TAPP INFLUENCERS CORP. et al.,       :

           Defendants.        :
--------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Before the Court are a number of letters from the parties largely relating to a dispute over the production of documents sought by the Espire parties ("Espire"), and secondarily to requests by Espire for sanctions and an extension of the discovery period, as well as a request by Tapp parties ("Tapp") for a "protective order" that will limit "continuing discovery requests."  Docket # 194 at 1; see Docket # 194, 195, 197, 198, 199, 200.

      We will not address, for the moment, any application other than the dispute over the production of documents.  There is a two-fold problem with letter before the Court:: first, the dispute is confusingly presented, and second, it appears that Tapp has now actually produced a number of responsive documents — or would be willing to produce responsive documents, except that they do not have them.

      Accordingly, the parties are ordered to meet and confer forthwith exclusively on the issue of what categories of documents Espire still seeks from Tapp.  At the conclusion of the conferral, Espire should promptly draft its portion of a joint letter that lists, as granularly as possible, each category of documents that is in dispute (numbered sequentially), followed by Espire's position on why the Court should issue an order requiring Tapp to produce that category of documents.  The letter shall omit the history of any prior disputes over these documents.[1]

      Espire should provide its draft of this letter to Tapp, which should then insert, following each explanation by Espire, their position as to each category of documents — that is, any reasons why the Court should not issue an order requiring the production of that category of documents.  If there is more than one reason (for example, untimeliness of the request and relevance), all reasons should be set forth.  Tapp should then return the letter to Espire.  If, after

---

    [1] As a side note, the Court reminds Espire that it is useless to seek an order from the Court to require Tapp to produce a particular category of documents where Tapp does not object to producing responsive documents but claims that it does not have possession of the documents.

receiving Tapp's response, Espire concludes that it no longer wishes to press for a Court order as to a particular category, Epsire should eliminate that category from the letter.

After the joint letter is filed and ruled upon, the Court will address separately the request for sanctions, the request for a discovery extension, and the request for a protective order.  It will also address Espire's demand that any Tapp parties each execute IRS Form 8821.

The parties should arrange for a conferral forthwith.  The letter shall be filed by March 9 absent an extension ordered by the Court or agreed to by the parties (and disclosed to the Court in a letter).

SO ORDERED.

Dated: February 27, 2026
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2