UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                               :

ESPIRE ADS LLC et al.,

                                               :

                 Plaintiffs,                     ORDER

                                               :

       -v.-

                                               :           21 Civ. 10623 (JGLC) (GWG)

TAPP INFLUENCERS CORP. et al.,          :

                Defendants.               :
-------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

        Before the Court is the request of the Tapp-related parties ("Tapp") that the Court: (1) seal the letter at Docket # 195 from the Espire-related parties ("Espire") relating to a discovery dispute because it contains confidential material; (2) find that, in filing the letter, Espire violated the Protective Order governing confidential material in this case (Docket # 100); and (3) award them attorneys' fees for this violation. See Docket # 201.

        Espire responded to this request by letter (Docket # 202), and Tapp asserts that this response also contains confidential material. See Docket # 204. Accordingly, Tapp seeks to seal Docket # 202 and asks the Court to order the Espire parties to show cause why they should not be held in contempt.

        The information at issue appears on pages 4-5 of Docket # 195 and consists of information as to the compensation of Steven Forkosh from nonparty Fluent. Tapp asserts that this information was provided to Espire by Tapp as part of the discovery process and that Tapp designated it as confidential under the Protective Order in this case. See Docket # 201 at 3. The Protective Order bars a party who receives confidential material from filing the information publicly. See Docket # 100, ¶ 6.

        Espire states that this information was not confidential material within the meaning of the Protective Order because it "was publicly disclosed for all the world to see" in nonparty Fluent's 10-Q filing with the SEC. Docket # 202 at 1. While it is true that the Protective Order does not apply to material "available in the public domain," Docket # 100, ¶ 21, Espire has not shown that the information disclosed in Docket # 195 is in the public domain.

        The 10-Q filing cited by Espire, which is now in the record, discloses only that Fluent purchased TAPP, LLC for approximately $6.6 million. See Docket # 202-2 at 5, 20; Docket # 202 at 1 n.1. It does not disclose specific compensation figures to Forkash. Thus, the compensation figures disclosed in Docket # 195 are not cited in the 10-Q.

Instead, these compensation figures are contained in materials that were produced by Tapp to Espire, and which appear at Docket ## 196-9 and #196-10 in unredacted form. Tapp has represented without contradiction that it designated these materials as confidential under the Protective Order. See Docket # 204 at 3. Indeed, it appears that Espire understood these materials to be subject to the Protective Order because Espire filed them with redactions, see Docket ## 195-9, 195-10, even though Espire's letter actually quotes from them.

The violation of the Protective Order reflected in Docket # 195 is not the only violation. Espire cited again to same compensation figures when it opposed Tapp's motion to seal. See Docket # 202 n.1. In their letter, Espire also cited to compensation figures for Brennan Kastner, see id., referring to a production made by Tapp on February 27, 2026 which Tapp apparently designated as confidential, see Docket # 204 at 3.

Espire argues that because the $6.6 million purchase price disclosed in the 10-Q "matches" how much Fluent paid Forkosh, Kastner, and another defendant (Justin Emert), the details of Forkosh and Kastner's compensation are somehow in the public domain. Docket # 202 at 1 n.1. We reject this argument because in fact the figures do not "match." That is, the numbers provided in Docket ## 195 and 202 could not be derived from the cited pages of the 10-Q. Tellingly, Espire's letters do not even cite to the 10-Q as a source for these numbers.

Accordingly, we find that Esire has twice violated the Protective Order. We thus grant the motion to seal (Docket # 201). We note that several days ago, after the Court reviewed the parties' letters, it instructed the Clerk to temporarily seal Docket ## 195 and 202 while we adjudicated Tapp's application. In light of our finding, Docket ## 195 and 202 shall remain sealed. Espire is directed to file appropriately redacted versions of Docket ## 195 and 202 (with exhibits redacted as necessary as well) forthwith.

Tapp seeks attorneys' fees and the issuance of an order to show cause as to contempt. Tapp fails to provide any law showing what statute or rule authorizes an award of attorneys' fees. Tapp also does not show why the extraordinary remedy of contempt is appropriate. To the extent that Tapp believes it has a basis for moving for either of these, the Court's pre-motion conference requirement is waived.

SO ORDERED.

Dated: March 9, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2

3