UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
ESPIRE ADS LLC et al.,
                                                                  :
                    Plaintiffs,                    ORDER
                                                                  :
           -v.-
                                                                  :    21 Civ. 10623 (JGLC) (GWG)

TAPP INFLUENCERS CORP. et al.,                                    :

                    Defendants.                                   :
------------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

        The joint letter filed as Docket # 205 states that "Espire announced, mid-way through the meet and confer, that the call was being recorded."  Docket # 205 at 2.  By "Espire," the Court assumes that what is meant is Espire's counsel, Zachary G. Meyer.

        If it is the case that Mr. Meyer recorded or caused to be recorded any portion of a conversation with opposing counsel without informing opposing counsel that the conversation was being recorded, Mr. Meyer shall file a letter indicating his view as to whether such conduct violates Rule 8.4 of the New York Rules of Professional Conduct, which prohibits "conduct involving dishonesty, fraud, deceit or misrepresentation."  N.Y. R. Prof. Conduct 8.4(c); see New York City Bar Association, Undisclosed Taping of Conversations by Lawyers, Op. 2003-02, 2004 WL 837933 (2004).  If he contends that it does not violate Rule 8.4, he shall indicate why it does not reflect poorly on his status as an officer of the Court.  See, e.g., New York State Bar Association, Ethics Opinion # 328 (1974)  ("To maintain a respected position in society lawyers should act in a manner deserving of respect despite the absence of statutory condemnation of an activity. There is a general aversion to the secret electronic recordation of private conversations . . . . Elemental fairness ordinarily dictates that all participants be aware of the ground rules governing a conversation.") (finding recording of opposing counsel to be unethical) (available at https://nysba.org/ethics-opinion-328).

        Such letter shall be filed on or before March 16, 2026.  The Tapp parties may respond by letter filed on or before March 23, 2026.

        The Court will separately contact the attorneys to provide the web address of a file transfer service where Mr. Meyer can upload the recording for the Court's review, should that prove necessary.  Mr. Meyer shall upload the recording by March 11, 2026.  He shall also provide a copy to Tapp by that date.

        If Mr. Meyer in fact did not record the conversation or cause the recording to be made, he shall so state in a letter to the Court.

SO ORDERED.

Dated: March 9, 2026
       New York, New York

 

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge