**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESPIRE ADS LLC, et al., | Civil Action No.: 1:21-cv-10623 (JGLC-GWG) |
| Plaintiffs, | |
| | *Consolidated With* Case No. 1:21-cv-11068 |
| v. | |
| TAPP INFLUENCERS CORP., et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE TAPP PARTIES'
MOTION FOR CONTEMPT AND FOR ATTORNEYS' FEES**

**TABLE OF CONTENTS**

I.   Introduction ......................................................................................................... 1

II.  Background ......................................................................................................... 2

    A.   The Protective Order ..................................................................................... 2

    B.   Espire's Violations ........................................................................................ 3

III. Standard of Review ........................................................................................... 4

IV.  Espire's Conduct Warrants A Finding of Contempt ......................................... 6

    A.   The Protective Order is Clear & Unambiguous .............................................. 6

    B.   The Proof of Noncompliance is Clear and Convincing ................................... 7

    C.   Espire's Counsel has Not Diligently Attempted to Comply with the Protective Order in a Reasonable Manner ......................................................................................... 7

V.   Espire's Contempt Warrants An Award of Attorneys' Fees .............................. 9

VI.  Conclusion ......................................................................................................... 10

**TABLE OF AUTHORITIES**

**Rules:**

Fed. R. Civ. P. 37(b)(2)(A)(vii) .......................................................... 5

**Cases:**

*Huebner v. Midland Credit Mgmt.*,
  897 F.3d 42, 53 (2d Cir. 2018) ..................................................... 2, 9

*Speedfit LLC v. Woodway USA, Inc.*,
  No. CV 13-1276, 2020 U.S. Dist. LEXIS 60374, at *8 (E.D.N.Y. Mar. 31, 2020) ..... 5

*Matter of Bouchard Transportation Co., Inc.*,
  No. 14-CV-0617, 2018 U.S. Dist. LEXIS 52109, at *1 (S.D.N.Y. Mar. 28, 2018); ..... 5

*Koch v. Greenberg*,
  No. 07-CV-9600, 2011 U.S. Dist. LEXIS 114811, at *8 (S.D.N.Y. Aug. 16, 2011) ..... 5

Fed. R. Civ. P. 37(b)(2)(A)(vii) .......................................................... 5

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*,
  369 F.3d 645, 655 (2d Cir. 2004) ................................................... 5

*Denis v. Cty. of Nassau*,
  No. CV 17-4732, 2019 U.S. Dist. LEXIS 223057, at *19 (E.D.N.Y. Dec. 31, 2019), ... 5

*Dorsett v. Cty. of Nassau*,
  No. CV 10-01258, 2012 U.S. Dist. LEXIS 79990, at *8 (E.D.N.Y. June 7, 2012) ..... 5

*Hunt v. Enzo Biochem, Inc.*,
  No. 06-CV-170, 2011 U.S. Dist. LEXIS 117607, at *7 (S.D.N.Y. Oct. 11, 2011) ..... 5

*World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*,
  694 F.3d 155, 159 (2d Cir. 2012), ................................................. 6

*Agiwal v. Mid Island Mortg. Corp.*,
  555 F.3d 298, 302 (2d Cir. 2009) ................................................. 6

*N.Y. State Nat'l Org. for Women v. Terry*,
  886 F.2d 1339, 1352 (2d Cir. 1989) ............................................. 6

*In re Baldwin-United Corp.*,
  770 F.2d 328, 339 (2d Cir. 1985) ................................................. 6

*King v. Allied Vision, Ltd.*,
  65 F.3d 1051, 1058 (2d Cir. 1995) ............................................. 6

.......................................................................................... 7,8

*CBS Broad. Inc. v. FilmOn.com, Inc.*,
  814 F.3d 91, 99 (2d Cir. 2016)

*McComb v. Jacksonville Paper Co.*,
  336 U.S. 187, 192 (1949) ........ 8

*Guadalupe v. Chase Auto. Fin. Corp.*,
  No. 25-cv-718, U.S. Dist. LEXIS 34170 (E.D.N.Y. Feb. 19, 2026) ........ 9

*Kosowski v. Nassau County*,
  350 F.R.D. 346, 354 (E.D.N.Y. 2025) ........ 9

*Rodriguez v. New Generation Hardware Store Corp.*,
  No. 22-cv-4422, 2024 U.S. Dist. LEXIS 62871, at *1 (S.D.N.Y. Apr. 2, 2024) ........ 9

*Flaherty v Filardi*,
  No. 03- cv-2167, 2009 US Dist. LEXIS 104773, at *17 (S.D.N.Y. Nov 10, 2009) ........ 9

*Vuitton et Fils S.A. v. Carousel Handbags*,
  592 F.2d 126, 130-31 (2d Cir. 1979) ........ 9

*Jay v. Spectrum Brands Holdings, Inc.*,
  No. 13-cv-8137, 2015 U.S. Dist. LEXIS 144361, at *12 (S.D.N.Y. Oct. 20, 2015). ........ 9

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage*,
  564 F.3d 110, 118 (2d Cir. 2009); ........ 9

*Chambers v. NASCO, Inc.*,
  501 U.S. 32, 52-53 (1991) ........ 9

*Millea v. Metro-North R.R. Co.*,
  658 F.3d 154, 166 (2d Cir. 2011) ........ 10

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
  522 F.3d 182, 183 (2d Cir. 2007); ........ 10

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010) ........ 10

*Scelsi v. Habberstad Motorsport Inc.*,
  No. 19-CV-4315, 2021 U.S. Dist. LEXIS 244279 at *2 (E.D.N.Y. Dec. 22, 2021). ........ 10

## I.    Introduction

The TAPP Parties regretfully seek the intervention of the Court to (1) find the Espire Parties in contempt of court, and (2) award attorneys' fees, for repeated intentional violations of the Court's Amended Protective Order (Dkt. 100).

Counsel for the Espire Parties has demonstrated a pattern of disregarding the Protective Order[1] governing these proceedings. The Protective Order – as is standard in similar orders in this district - provides that parties may designate information CONFIDENTIAL, and that information so designated may not be disclosed to the public or unilaterally filed on the public docket.[2] In the event that filing confidential information is necessary, the Protective Order provides a procedure for making redactions and filing under seal. *Protective Order* ¶6.[3] In the event that the parties disagree on the designation of confidentiality of certain information, the Protective Order provides for a procedure for resolving such a dispute. *Protective Order* ¶8. These directives are typical, clear, and mandatory, yet – as discussed below – Espire's Counsel has both repeatedly ignored them and – when the violations were pointed out – refused to voluntarily take corrective action.

Courts in this District and the Second Circuit routinely sanction attorneys responsible for public release of confidential information covered by protective orders, and should do the same

---

[1] Issued Sept. 19, 2023 (Dkt. 96), Amended Sept. 27, 2023 (Dkt. 100).

[2] Amended Stipulated Confidentiality Agreement and Protective Order, Dkt. 100 ("Protective Order"), ¶6.

[3] Indeed, the express purpose for the parties' amendment of the protective order at Dkt. 100 was to clarify the redaction procedure. *See Joint Letter* re: Proposed Amendment, Dkt. 99 ("As currently drafted, Paragraph 6 does not address how the parties should coordinate with one another to apply appropriate redactions to documents designated by an opposing (or third party). The Proposed Amendment addresses Paragraph 6 alone and sets forth the notice requirement for the party seeking to file such documents and the timing by which the designating party must apply the appropriate redactions.")

here. *Huebner v. Midland Credit Mgmt.*, 897 F.3d 42, 53 (2d Cir. 2018) (upholding sanctions issued against attorney who filed a letter containing confidential material on the public docket and failed to follow protective order's framework for resolving confidentiality disputes).

For the reasons set forth below, the TAPP Parties respectfully request that this Court issue an order finding the Espire Parties and/or their counsel, Mr. Zach Meyer, in contempt of the Protective Order for repeated filing of Confidential Information on the public docket, and for his refusal to correct these violations; and to pay TAPP's attorneys' fees arising from the violations.

## II.     Background

### A.  The Protective Order

This Court issued its first Stipulated Protective Order in this case on September 19, 2023, after counsel for the parties negotiated and agreed to its terms. *Dkt. 96*. Shortly after, the parties filed a joint request for an Amended Protective Order which specifically clarified the original Protective Order's procedure to be followed when one party seeks to file documents designated by an opposing party as Confidential. *See, Dkt. 99* (Joint letter explaining the basis for an Amended Protective Order). On September 27, 2023, the Protective Order was amended to require that a party who plans to file a document containing Confidential Information afford the opposing party five business days before filing to redact portions of the document over which confidential treatment is sought. *Dkt*. 100 at ¶ 6 (the "Protective Order").

The Protective Order also provides a framework for the resolution of disputed confidentiality designations, requiring that the parties first confer and then jointly write to the court on their unresolved disputes *before* de-designation of any Confidential Information. *Id.* at ¶ 8.

### B.  Espire's Violations

In December 2025 and February 2026, the TAPP Parties produced documents that were designated confidential pursuant to the Protective Order, since they contain sensitive business information belonging to the TAPP Parties (the "Confidential Information" contained in the "Confidential Documents"). On Feb. 23, 2026, the Espire parties filed a letter on the public docket in this case (Dkt. 195) which contained the TAPP Parties' Confidential Information, including amounts of money paid to Mr. Forkosh and to non-party Bruce Wayne Enterprises ("BWE") by Fluent, Inc. The Confidential Information in the Espire Parties' letter was sourced directly from the TAPP Parties' Confidential Documents. *Dkt. 195,* pp. 4-5 (currently under seal, citing Exs. 9 (Dkt. 195-9) and 10 (Dkt. 195-10)[4]).

That same day, counsel for the TAPP Parties reached out to the Espire Parties' counsel via email, informing them that their letter violated the Protective Order and asking that they take appropriate measures to remove it from public view. *See* Declaration of Erik Dykema ("Dykema Decl.") ¶3, Exs. A1, A2. The Espire Parties refused, instead arguing that the information was not confidential. *Id.,* Ex. A2. Counsel for the parties conferred by telephone that afternoon, and the TAPP Parties again requested that Espire's counsel remove the document from public view. *Id.* ¶3, Ex. A3. The Espire Parties refused and ended the call. *Id.*, Ex. A4.

On February 25, 2026, counsel for the TAPP Parties contacted the Espire Parties' counsel via email, asking *again* that the Espire Parties remove the Confidential Information from the public docket. Ex. B1. The Espire Parties refused, again disputing the confidentiality of the

---

[4] The Confidential Information was specifically redacted from the public version of the Complaint in Judge Torres' case.

3

information. Ex. B2. In response, TAPP notified Espire that it would proceed with filing its own motion. *Id.*

Following this exchange, on February 27, 2026, the TAPP Parties filed a letter motion asking this Court to seal the Espire Parties' letter containing the confidential information. *Dkt.* 201. Two business days later, the Espire Parties opposed the TAPP Parties' motion to seal by filing *another* letter that contained additional Confidential Information, previously undisclosed by the first filing. *Dkt.* 202. This time, the Espire Parties' filing included Confidential Information relating to the compensation paid to Mr. Forkosh and Mr. Kastner by Fluent, Inc. which, as the Espire Parties pointed out, was not known to them *until the TAPP Parties produced the Confidential Documents.*[5] The TAPP Parties filed a reply the next day, identifying the additional disclosure of Confidential Information and asking that the Court also seal the Espire Parties' letter dated March 2. *Dkt. 204*.

On March 9, 2026, Judge Gorenstein issued an ORDER finding that Espire "has twice violated the Protective Order" by filing unredacted documents containing Confidential Information on the public docket. *Dkt.* 206. In that ORDER, the Court waived the pre-motion conference requirement. *Id.*

In both cases, counsel for the TAPP Parties (1) filed confidential information on the public docket in violation of the Protective Order ¶6, (2) failed to follow the redaction procedure set forth in the Protective Order ¶6, and (3) failed to follow the disputed designation procedure set forth in the Protective Order ¶8.

### III.    Standard of Review

---

[5] *See Id.* at n. 1 ("Further, as Espire only first learned on February 27, 2026, defendant BRENNAN KASTNER was compensated [redacted] USD…") (emphasis added).

4

Courts routinely hold that protective orders can be enforced through Federal Rule of Civil Procedure 37(b). *Speedfit LLC v. Woodway USA, Inc.*, No. CV 13-1276, 2020 U.S. Dist. LEXIS 60374, at *8 (E.D.N.Y. Mar. 31, 2020); *Matter of Bouchard Transportation Co., Inc.*, No. 14-CV-0617, 2018 U.S. Dist. LEXIS 52109, at *1 (S.D.N.Y. Mar. 28, 2018); *Koch v. Greenberg*, No. 07-CV-9600, 2011 U.S. Dist. LEXIS 114811, at *8 (S.D.N.Y. Aug. 16, 2011) (collecting cases)). Fed. R. Civ. P. 37(b)(2)(A)(vii) provides that the Court may "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2).

The Second Circuit generally instructs that parties "may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal citation omitted). A finding of willfulness or bad faith is not a prerequisite to a contempt finding under Rule 37. *Denis v. Cty. of Nassau*, No. CV 17-4732, 2019 U.S. Dist. LEXIS 223057, at *19 (E.D.N.Y. Dec. 31, 2019), (citing *Dorsett v. Cty. of Nassau*, No. CV 10-01258, 2012 U.S. Dist. LEXIS 79990, at *8 (E.D.N.Y. June 7, 2012)); *Hunt v. Enzo Biochem, Inc.*, No. 06-CV-170, 2011 U.S. Dist. LEXIS 117607, at *7 (S.D.N.Y. Oct. 11, 2011).

Furthermore, under Rule 37(b)(2)(C), if a party disobeys a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified…" "Rule 37 serves punitive and deterrent functions in addition to being a tool to compel compliance." *Hunt v. Enzo Biochem, Inc.*, 2011 U.S. Dist. LEXIS 117607, at *12. When

5

considering an award of sanctions, Courts evaluate "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012), (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (cleaned up).

IV.    **Espire's Conduct Warrants A Finding of Contempt**

A.  **The Protective Order is Clear & Unambiguous**

A "clear and unambiguous order" is one "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989) (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d Cir. 1985)). In other words, the "order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citations and quotations marks omitted).

As this Court has already concluded, the Protective Order prohibits disclosure of Confidential Information in public filings. *Dkt.* 206. Specifically, it provides that:

> Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

*Dkt.* 100 at ¶ 1. It is important to note that the Protective Order was specifically amended to list the steps that parties must undertake before filing any document containing Confidential Information on the public docket. *Dkt.* 98, 100.

6

Thus, the Protective Order clearly (1) prohibits sharing Confidential Information with the public, (2) provides a redaction procedure for making filings that reference Confidential Information, and (3) where designations are disputed, provides a procedure for resolving such disputes.

### B.  The Proof of Noncompliance is Clear and Convincing

This Court has already concluded that the Espire Parties twice violated the Protective Order by filing Confidential Information on the Public Docket. *See Dkt.* 206 ("Accordingly, we find that Espire has twice violated the Protective Order."). Even if this were not the case, it is readily apparent that the Espire Parties violated the Protective Order since they cited Confidential Documents as the source of Confidential Information contained in their filings, even acknowledging that the Confidential Information was not known to them until it was produced by the TAPP Parties. *Dkt. 195, 202.* Those admissions in connection with the *Motion to Seal* confirm that the Espire Parties' counsel violated the Protective Order. This alone is sufficient to satisfy the proof of noncompliance requirement. *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 99 (2d Cir. 2016) (upholding finding that noncompliance was shown by clear and convincing evidence since party admissions "belie any claim of error").

### C.  Espire's Counsel has Not Diligently Attempted to Comply with the Protective Order in a Reasonable Manner

Third, it is clear that the Espire Parties' Counsel did not make a "diligent attempt" to comply with the Protective Order. After negotiating and agreeing to the terms of the Protective Order, the Espire Parties' counsel wholly disregarded the procedures set forth in it. Counsel for Espire filed the TAPP Parties' Confidential Information on the public docket (Dkt. 195) and then refused to correct the violation after it was identified by counsel for the TAPP Parties (Exs. A1-

7

A4. to Dykema Decl.). Even if this *first* violation of the Protective Order could be considered a "mistake," Espire showed no diligence whatsoever in attempting to correct the mistake.

Then, after counsel for TAPP attempted to fix the problem by filing a Motion to Seal, Espire *opposed* that motion, filing *another* letter containing additional Confidential Information on the public docket. *Dkt*. 202. With respect to this *second* violation of the Protective Order, there can be no question that Espire was aware that TAPP had designated the information confidential, and that Espire had failed to obey the protective order provisions concerning filings (¶6), redaction (¶6), and confidentiality designation disputes (¶8), because the parties' correspondence and motion practice clearly put Espire on notice of those things.

Counsel's *post-hoc* argument that the Confidential Information was not properly designated under the Protective Order does not absolve them of their obligation to diligently comply with the Protective Order, because the Protective Order itself provides a procedure for resolving confidentiality designation disputes. *See* Protective Order ¶8. But, even if the procedure for resolving disputes over confidential designations had not been ordered by this Court, contempt orders and sanctions are appropriate against parties who, rather than complying with the terms of a court order, "undert[ake] to make [their] own determination" of its requirements. *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 99 (2d Cir. 2016) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)).

The Protective Order unequivocally prohibits public disclosure of information designated "Confidential." This Court has already found that the Espire Parties' counsel violated the Protective Order twice by filing its letters on the public docket. Far from "diligent," Counsel for Espire refused to comply, refused to remedy the situation, and then – after being notified of the violation – compounded the error by again filing confidential information on the public docket,

8

without redaction. For all of these reasons, this Court should issue an order finding that the Espire Parties' counsel acted in contempt.

## V.    Espire's Contempt Warrants An Award of Attorneys' Fees

"After finding Defendants in civil contempt, the question then shifts to what sanctions are appropriate." *Guadalupe v. Chase Auto. Fin. Corp.*, No. 25-cv-718, U.S. Dist. LEXIS 34170 (E.D.N.Y.  Feb. 19, 2026); *Kosowski v. Nassau County*, 350 F.R.D. 346, 354 (E.D.N.Y. 2025); *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-cv-4422, 2024 U.S. Dist. LEXIS 62871, at \*1 (S.D.N.Y. Apr. 2, 2024).

The party damaged by the conduct warranting civil contempt should be made whole for the harm it has suffered. *Flaherty v Filardi*, No. 03- cv-2167, 2009 US Dist. LEXIS 104773, at \*17 (S.D.N.Y. Nov 10, 2009); *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130-31 (2d Cir. 1979). "The 'mildest' sanction specifically enumerated under Rule 37(b) is an order that the party who violated the discovery order at issue, or the attorney advising that party, be required to reimburse the opposing party for expenses caused by the violation." *Jay v. Spectrum Brands Holdings, Inc.*, No. 13-cv-8137, 2015 U.S. Dist. LEXIS 144361, at \*12 (S.D.N.Y. Oct. 20, 2015).

It is well-settled that monetary sanctions are appropriate when attorneys knowingly disclose confidential material. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 118 (2d Cir. 2009); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-53 (1991) (affirming attorney's fees as a sanction for ignoring procedures set out in the court's protective order); *see also Huebner v. Midland Credit Mgmt.*, 897 F.3d 42 (2d Cir. 2018) (affirming monetary sanctions against attorney who violated a protective order twice within eight days by filing letters on the court's open docket quoting from confidential documents).

9

With respect to the reasonableness of the fee, both the Second Circuit and the Supreme Court "have held that the lodestar method — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (remanding district court's award of fees calculated as a percent of damages) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). "The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315, 2021 U.S. Dist. LEXIS 244279 at *2 (E.D.N.Y. Dec. 22, 2021). Contemporaneous time records from the TAPP Parties' Counsel are submitted with this Motion. Ex. C to Dykema Decl. The TAPP Parties have incurred attorneys' fees amounting to $18,365 as a result of the violations of the Protective Order at issue in this motion, representing 34.45 hours of attorney time at rates of $500- $700 per hour, thus far. *See* Dykema Decl. ¶¶ 8-10.

## VI.   Conclusion

Therefore, the TAPP Parties respectfully request that this Court issue an order finding that Mr. Meyer acted in contempt of the Protective Order by filing letters on the public docket which contained and cited to Confidential Information. Additionally, the TAPP Parties request that this Court order the ESPIRE Parties and Mr. Meyer to reimbursing them for their costs and attorneys' fees, as compensation-in-part for the harm caused by their conduct, and separately as a deterrent against future violations of the Protective Order.

Dated: March 17, 2026
      New York, New York

Respectfully Submitted,

By:   /Erik Dykema/
      Erik Dykema, Esq.
      Meredith Lloyd, Esq. (*pro hac vice*)
      Taylor Dykema PLLC
      28 Wootton Road
      Essex Fells, NJ 07021
      (917) 670-9843
      erik@taylordykema.com
      meredith@taylordykema.com

      *Attorneys for the TAPP Parties*

11